IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JIMMY D. SAYLOR, & | ) | BANKRUPTCY CASE NUMBER: |
| TAMMY M. SAYLOR, | ) | 02-80576 |
| DEBTORS | ) | CHAPTER 13 CASE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JIMMY D. SAYLOR, | ) | **3:07CV229-WKW** |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | A.P. #: 06-8035 |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## NOTICE OF APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Comes now the Appellant, by and through the undersigned attorney, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure and presents his designation of items to be included in the record on appeal. The designation of items are as follows:

Item #1:     Plaintiff's voluntary petition under Chapter 13.
             Filed on April 29, 2002.
             Identified on the records of the Clerk of Court in the underlying bankruptcy case as Docket Entry No. 1.
             Attached hereto as Exhibit "A".

Item #2:     Plaintiff's Amended Chapter 13 Plan.
             Filed on July 3, 2002.
             Identified on the records of the Clerk of Court in the underlying bankruptcy case as Docket Entry No. 24.
             Attached hereto as Exhibit "B".

Item #3:     The Bankruptcy Court Order confirming the Plaintiff's Chapter 13 Plan.
             Entered of record on September 20, 2002.
             Identified on the records of the Clerk of Court in the underlying bankruptcy case as Docket Entry No. 29.
             Attached hereto as Exhibit "C".

Item #4:     Select Portfolio's First Motion For Relief from stay.
             Filed on September 10, 2004.
             Identified on the records of the Clerk of Court in the underlying bankruptcy case as Docket Entry No. 31.
             Attached hereto as Exhibit "D".


SCANNED
08 31 07

Item #5:      Court Order Conditionally Denying Motion for Relief from Stay as to Select Portfolio Servicing.
              Entered of record on October 14, 2004.
              Identified on the records of the Clerk of Court in the underlying bankruptcy case as Docket
              Entry No. 33.
              Attached hereto as Exhibit "E".

Item #6:      Select Portfolio Proof of Claim No. 3-1.
              Filed on August 2, 2002.
              Attached hereto as Exhibit "F".

Item #7:      Select Portfolio Proof of Claim No. 8-1 filed by Fairbanks, now known as Select Portfolio
              Servicing, Inc.
              Filed on August 1, 2004.
              Attached hereto as Exhibit "G".

Item #8:      Plaintiff's Initial Complaint Against Select Portfolio.
              Filed on July 10, 2006.
              Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
              Docket Entry No. 1.
              Attached hereto as Exhibit "H".

Item #9:      Defendant's Motion to Dismiss.
              Filed on August 10, 2006.
              Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
              Docket Entry No. 7.
              Attached hereto as Exhibit "I".

Item #10.     Defendant's Answer to Complaint.
              Filed on August 30, 2006.
              Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
              Docket Entry No. 10.
              Attached hereto as Exhibit "J".

Item #11:     Defendant's Brief in Support of Motion to Dismiss.
              Filed on August September 27, 2006.
              Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
              Docket Entry No. 11.
              Attached hereto as Exhibit "K".

Item #12:     Plaintiff's Brief in Response to Defendant's Motion to Dismiss.
              Filed on October 19, 2006.
              Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
              Docket Entry No. 12.
              Attached hereto as Exhibit "L".

Item #13:     Plaintiff's Motion to Amend Complaint.
              Filed on October 26, 2006.
              Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
              Docket Entry No. 14.
              Attached hereto as Exhibit "M".

Item #14:    Court Order Granting Motion to Amend Complaint and Granting Additional Time to Brief Motion.
             Entered on record on October 1, 2006.
             Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
             Docket Entry No. 15.
             Attached hereto as Exhibit "N".

Item #15:    Defendant's Response to First Amended Complaint.
             Filed on October 10, 2006.
             Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
             Docket Entry No. 16.
             Attached hereto as Exhibit "O".

Item #16:    Plaintiff's Amended Complaint.
             Filed on November 13, 2006.
             Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
             Docket Entry No. 17.
             Attached hereto as Exhibit "P".

Item #17:    Order Granting Motion to Dismiss Adversary Proceeding.
             Filed on January 12, 2007.
             Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
             Docket Entry No. 19.
             Attached hereto as Exhibit "Q".

Item #18:    Memorandum Decision / Opinion.
             Filed on January 12, 2007.
             Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
             Docket Entry No. 20.
             Attached hereto as Exhibit "R".

Item #19:    Plaintiff's Motion to Alter or Amend Judgment.
             Filed on January 19, 2007.
             Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
             Docket Entry No. 21.
             Attached hereto as Exhibit "S".

Item #20:    Order Denying Motion to Reconsider.
             Filed on February 15, 2007.
             Identified on the records of the Clerk of Court in Adversary Proceeding No. 06-08035 as
             Docket Entry No. 24.
             Attached hereto as Exhibit "T".

Dated this _____ day of March, 2007.

BROCK & STOUT

David G. Poston, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned hereby certify that I have this date served a copy of the foregoing upon Michael E. Bybee, Esq., Attorney for Appellee, 2107 E. Fifth Ave. N., Suite 200, Birmingham, Alabama 35203, mbybee1@bellsouth.net, via United States Mail postage prepaid and fully addressed *or* by electronic mail this **2**nd day of March, 2007.

David G. Poston

*EXHIBIT "A"*

02 80576

| FORM B1 | United States Bankruptcy Court<br>Middle District of Alabama<br>Eastern Division | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter: Last, First, Middle):<br>**SAYLOR, JIMMY D.** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**SAYLOR, TAMMIE M.** |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names) | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names)<br><br>**TAMMIE MCLINN** |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**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** | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**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** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**6911 LEE ROAD 390**<br>**OPELIKA, AL   36804** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**6911 LEE ROAD 390**<br>**OPELIKA, AL   36804** |
| County of Residence or of the<br>Principal Place of Business:   **LEE** | County of Residence or of the<br>Principal Place of Business:   **LEE** |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

## Information Regarding the Debtor (Check the Applicable Boxes)

Venue (Check any applicable box)
[X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately
     preceding the date of this petition or for a longer part of such 180 days than in any other District.
[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| [X] Individual(s)<br>[ ] Corporation<br>[ ] Partnership<br>[ ] Other _____ | [ ] Railroad<br>[ ] Stockbroker<br>[ ] Commodity Broker | [ ] Chapter 7        [ ] Chapter 11      [X] Chapter 13<br>[ ] Chapter 9        [ ] Chapter 12<br>[ ] Sec. 304 - Case ancillary to foreign proceeding |
| **Nature of Debts (Check one box)**<br>[X] Consumer/Non-Business        [ ] Business | | **Filing Fee (Check one box)**<br>[ ] Full Filing Fee attached<br>[X] Filing Fee to be paid in installments (Applicable to individuals only)<br>     Must attach signed application for the court's consideration<br>     certifying that the debtor is unable to pay fee except in installments.<br>     Rule 1006(b). See Official Form No. 3. |
| Chapter 11 Small Business (Check all boxes that apply)<br>[ ] Debtor is a small business as defined in 11 U.S.C. § 101<br>[ ] Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e)(optional) | | |

Statistical/Administrative Information (Estimates only)
[X] Debtor estimates that funds will be available for distribution to unsecured creditors.
[ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will
    be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

FILED
at 4 O'clock & 30 Min.

APR 29 2002

RELIEF ORDERED
CLERK OF COURT
United States Bankruptcy Co
Montgomery, Alabama

pd 40.00

| Estimated Number of Creditors | 1-15<br>[ ] | 16-49<br>[X] | 50-99<br>[ ] | 100-199<br>[ ] | 200-999<br>[ ] | 1000-over<br>[ ] |
|---|---|---|---|---|---|---|

| Estimated Assets | | | | | | |
|---|---|---|---|---|---|---|
| $0 to<br>$50,000<br>[ ] | $50,001 to<br>$100,000<br>[X] | $100,001 to<br>$500,000<br>[ ] | $500,001 to<br>$1 million<br>[ ] | $1,000,001 to<br>$10 million<br>[ ] | $10,000,001 to<br>$50 million<br>[ ] | $50,000,001 to<br>$100 million<br>[ ] | More than<br>$100 million<br>[ ] |

| Estimated Debts | | | | | | |
|---|---|---|---|---|---|---|
| $0 to<br>$50,000<br>[ ] | $50,001 to<br>$100,000<br>[X] | $100,001 to<br>$500,000<br>[ ] | $500,001 to<br>$1 million<br>[ ] | $1,000,001 to<br>$10 million<br>[ ] | $10,000,001 to<br>$50 million<br>[ ] | $50,000,001 to<br>$100 million<br>[ ] | More than<br>$100 million<br>[ ] |

| Voluntary Petition<br>(This page must be completed and filed in every case) | Name of Debtor(s):<br>JIMMY D. SAYLOR<br>TAMMIE M. SAYLOR | FORM B1, Page |
|---|---|---|

| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:<br>**MIDDLE DISTRICT OF ALABAMA** | Case Number:<br>00-03172 | Date Filed:<br>6/19/00 |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of Debtor (Corporate/Partnership) |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7,11,12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>I request relief in accordance with the chapter of title 11, United States Code, specific in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>Telephone Number (if not represented by attorney)<br>4-29-0C<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X **Not Applicable**<br>Signature of Authorized Individual<br><br>**Not Applicable**<br>Print or Type Name of Authorized Individual<br><br>**Not Applicable**<br>Title of Authorized Individual<br><br>_____<br>Date |
| X _____<br>Signature of Attorney for Debtor(s)<br>**DAVID S. CLARK**<br>Printed Name of Attorney for Debtor(s)<br>**BROCK & STOUT**<br>Firm Name<br>**P.O BOX 1586**<br>Address<br>**OPELIKA, AL 36803-1586**<br><br>**(334)749-3800**<br>Telephone Number  4-29-0C<br>Date | **Signature of Non-Attorney Petition Preparer**<br>I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.<br><br>**Not Applicable**<br>Printed Name of Bankruptcy Preparer<br><br>Social Security Number<br><br>Address<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:<br><br>**Not Applicable** |
| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br>[ ] Exhibit A is attached and made a part of this petition. | If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.<br><br>X _____<br>Signature of Bankruptcy Petition Preparer |
| **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br><br>X _____  4-29-0C<br>Signature of Attorney for Debtor(s)        Date | Date<br><br>A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156. |

# UNITED STATES BANKRUPTCY COURT

## Middle District of Alabama
### Eastern Division

In re: JIMMY D. SAYLOR              TAMMIE M. SAYLOR              Case No. _____
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                          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
                                                                 Chapter 13

## APPLICATION TO PAY FILING FEES IN INSTALLMENTS

1.    In accordance with Fed. R. Bankr. P. 1006, I apply for permission to pay the filing fee amounting to **$185.00** in installments.

2.    I certify that I am unable to pay the Filing Fee except in installments.

3.    I further certify that I have not paid any money or transferred any property to an attorney for services in connection with this case and that I will neither make any payment nor transfer any property for services in connection with the case until the filing fee is paid in full.

4.    I propose the following terms for the payment of the Filing Fee.*

       $    40.00    Check one    [X] With the filing of the petition, or
                                  [ ] On or before _____

       $    50.00    on or before  05/26/02

       $    50.00    on or before  6/26/02

       $    45.00    on or before  07/26/02

*      The number of installments proposed shall not exceed four(4), and the final installment shall be payable not later than 120 days after filing the petition. For cause shown, the court extend the time of any installment, provided the last installment is paid not later than 180 days after filing the petition. Fed. R. Bankr. P 1006(b)(2).

5.    I understand that if I fail to pay any installment when due my bankruptcy case may be dismissed and I may not receive a discharge of my debts.

_____  4-29-02          X_____  4-29-02
DAVID S. CLARK, CLA 068     Date             JIMMY D. SAYLOR              Date

_____                    X_____  4-29-02
DAVID S. CLARK                                TAMMIE M. SAYLOR            Date
Name of Attorney

# UNITED STATES BANKRUPTCY COURT

## Middle District of Alabama
### Eastern Division

In re:  JIMMY D. SAYLOR                    TAMMIE N. SAYLOR                    Case No. _____
         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                        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

                                                                             Chapter 13

## ORDER APPROVING PAYMENT OF FILING FEES IN INSTALLMENTS


   IT IS ORDERED that the debtor(s) may pay the filing fee in installments on the terms set forth in the foregoing application.

   IT IS FURTHER ORDERED that until the filing fee is paid in full the debtor shall not pay any money for services in connection with this case, and the debtor shall not relinquish any property as payment for services in connection with this case.

                                        BY THE COURT


Date:  _____                _____
                                        United States Bankruptcy Judge

# United States Bankruptcy Court
## Notice To Individual Consumer Debtor

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

**Chapter 7:  Liquidation ($200.00 filing fee plus $700.00 administrative fee plus $0.00 trustee surcharge)**

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.  Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5.  Under certain circumstances you may keep property that you have purchased subject to a valid security interest. Your attorney can explain the options that are available to you.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($185.00 filing fee plus $1300.00 administrative fee)**

1.  Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3.  Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.  After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

**Chapter 11:  Reorganization ($800.00 filing fee)**

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer ($200.00 filing fee)**

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to a chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family owned farm.

I, the debtor, affirm that I have read this notice.

_____
4-29-0 2
Date

_____
1-29-02
Date

_____
SIMON D. SAYLOR, Debtor

_____
TAMMIE M. SAYLOR, Joint Debtor

_____
Case Number

UNITED STATES BANKRUPTCY COURT

Middle District of Alabama
Eastern Division

In re:  JIMMY D. SAYLOR                TAMMIE M. SAYLOR            Case No. _____
        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                    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
                                                                   Chapter 13

# SUMMARY OF SCHEDULES

|  | NAME OF SCHEDULE | ATTACHED (YES/NO) | NUMBER OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|---|
| A - | Real Property | YES | 1 | $  50,920.00 | | |
| B - | Personal Property | YES | 2 | $   4,575.00 | | |
| C - | Property Claimed As Exempt | YES | 1 | | | |
| D - | Creditors Holding Secured Claims | YES | 1 | | $  63,804.95 | |
| E - | Creditors Holding Unsecured Priority Claims | YES | 2 | | $      53.01 | |
| F - | Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $  33,736.31 | |
| G - | Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - | Codebtors | YES | 1 | | | |
| I - | Current Income of Individual Debtor(s) | YES | 1 | | | $   2,218.33 |
| J - | Current Expenditures of Individual Debtor(s) | YES | 1 | | | $   2,036.72 |
| | Total Number of sheets in ALL Schedules >> | | 15 | | | |
| | Total Assets >> | | | $  55,495.00 | | |
| | Total Liabilities >> | | | | $  97,594.27 | |

AMOUNTS SCHEDULED

In re:  JIMMY D. SAYLOR          TAMMIE M. SAYLOR          Case No. _____
        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              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

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| LOT LOCATED IN HARRIS COUNTY, GEORGIA | Fee Owner | J | 400.00 | 0.0 |
| MOBILE HOME AND LOT LOCATED AT 6911 LEE ROAD 390 OPELIKA, AL | Fee Owner | J | 50,520.00 | 51,690.0 |
| | | TOTAL | 50,920.00 | |

In re:  JIMMY D. SAYLOR          TAMMIE M. SAYLOR          Case No. _____
        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              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

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1.  Cash on hand. | CASH - ESTIMATED NOT TO BE MORE THAN | J | 20.0 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | NONE | | 0.0 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | NONE | | 0.0 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | HOUSEHOLD GOODS | J | 800.0 |
| | VACUUM CLEANER | J | 200.0 |
| | WATER FILTER | J | 800.0 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | BOOKS AND PICTURES | J | 75.0 |
| 6.  Wearing apparel. | CLOTHING | J | 200.0 |
| 7.  Furs and jewelry. | JEWELRY | J | 50.0 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | SPORTS AND HOBBY EQUIPMENT | J | 30.0 |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | NONE | | 0.0 |
| 10. Annuities.  Itemize and name each issuer. | NONE | | 0.0 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | NONE | | 0.0 |
| 12. Stock and interests in incorporated and unincorporated businesses.  Itemize. | NONE | | 0.0 |
| 13. Interests in partnerships or joint ventures.  Itemize. | NONE | | 0.0 |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | NONE | | 0.0 |
| 15. Accounts Receivable. | NONE | | 0.0 |
| 16. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled.  Give particulars. | NONE | | 0.0 |
| 17. Other liquidated debts owing debtor including tax refunds.  Give details. | NONE | | 0.0 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | NONE | | 0.0 |

Schedule B - Page 1

In re: JIMMY D. SAYLOR          TAMMIE M. SAYLOR          Case No. _____
       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              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

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURE CLAIM OR EXEMPTION |
|---|---|---|---|
| 19. Contingent and non-contingent interest in estate of a decedent, death benefit plan, life insurance policy, or trust. | NONE | | 0. |
| 20. Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | NONE | | 0. |
| 21. Patents, copyrights, and other intellectual property. Give estimated value of each. | NONE | | 0. |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | NONE | | 0. |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | NONE | | 0. |
| 24. Boats, motors, and accessories. | NONE | | 0. |
| 25. Aircraft and accessories. | NONE | | 0. |
| 26. Office equipment, furnishings, and supplies. | NONE | | 0. |
| 27. Machinery, fixtures, equipment, and supplies. | NONE | | 0. |
| 28. Inventory. | NONE | | 0. |
| 29. Animals. | NONE | | 0. |
| 30. Crops - growing or harvested. Give particulars. | NONE | | 0. |
| 31. Farming equipment and implements. | NONE | | 0. |
| 32. Farm supplies, chemicals, and feed. | NONE | | 0. |
| 33. Other personal property of any kind not already listed. Itemize. | 1989 CHEVROLET CONVERSION VAN (218,000+ MILES + MILES) | J | 2,400. |
| | TOTAL » | | 4,575. |

Schedule B - Page 2

In re:   JIMMY D. SAYLOR          TAMMIE M. SAYLOR          Case No. _____
         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              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

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

[ ]  11 U.S.C. § 522(b)(1)        Exemptions provided in 11 U.S.C. § 522(d).  Note:  These exemptions are available only in certain states.

[X]  11 U.S.C. § 522(b)(2)        Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's
                                  domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer
                                  portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or
                                  joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| 1989 CHEVROLET CONVERSION VAN (218,000+ MILES + MILES) | Ala. Code    6-10-6 | 0.00 | 2,400.0 |
| BOOKS AND PICTURES | Ala. Code    6-10-6 | 75.00 | 75.0 |
| CASH - ESTIMATED NOT TO BE MORE THAN | Ala. Code    6-10-6 | 20.00 | 20.0 |
| CLOTHING | Ala. Code    6-10-6 | 200.00 | 200.0 |
| HOUSEHOLD GOODS | Ala. Code    6-10-6 | 800.00 | 800.0 |
| JEWELRY | Ala. Code    6-10-6 | 50.00 | 50.0 |
| MOBILE HOME AND LOT LOCATED AT 6911 LEE ROAD 390 OPELIKA, AL | Ala. Code    6-10-2 | 0.00 | 50,520.0 |
| SPORTS AND HOBBY EQUIPMENT | Ala. Code    6-10-6 | 30.00 | 30.0 |
| VACUUM CLEANER | Ala. Code    6-10-6 | 0.00 | 200.0 |
| WATER FILTER | Ala. Code    6-10-6 | 0.00 | 800.0 |

In re:  JIMMY D. SAYLOR                    TAMMIE M. SAYLOR                    Case No. _____
        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                        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

# Schedule D - Creditors Holding Secured Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | CLAIM DATE, NATURE OF LIEN, DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|
| ACCT. NO. 083915<br><br>CASTLE CREDIT CORP.<br>8420 W. BRYN MAWR S-300<br>CHICAGO, IL  60631 | NO | H | Security Agreement<br><br>UNLIQUIDATED<br>WATER FILTER<br><br><br>VALUE $        800.00 | | 6,641.99 | 5,841. |
| ACCT. NO. 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<br><br>FAIRBANK<br>PO BOX 1900<br>HATBORO, PA 19040 | NO | H | Mortgage<br><br>UNLIQUIDATED<br>MOBILE HOME AND LOT LOCATED AT<br>6911 LEE ROAD 390<br>OPELIKA, AL<br><br>VALUE $       50,520.00 | | 51,690.09 | 0. |
| ACCT. NO. 34443621<br><br>NORWEST FINANCIAL<br>P.O. BOX 10443<br>DES MOINES, IA<br>          50306-0443 | NO | H | Security Agreement<br><br>UNLIQUIDATED<br>VACUUM CLEANER (DEBTOR WILL SURRENDER)<br><br>VALUE $        200.00 | | 1,163.51 | 963. |
| ACCT. NO. 409592142<br><br>THE FINANCIAL STORE<br>108 SOUTH 9TH STREET<br>OPELIKA, AL  36801 | NO | H | Security Agreement<br><br>UNLIQUIDATED<br>1989 CHEVROLET CONVERSION VAN (200,000+ MILES)<br><br>VALUE $       2,400.00 | | 4,309.36 | 1,909. |
| | | | Subtotal<br>(Total of this page) | | 63,804.95 | |
| | | | TOTAL | | 63,804.95 | |

In re:  JIMMY D. SAYLOR          TAMMIE M. SAYLOR          Case No. _____
        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              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

# Schedule E - Creditors Holding Unsecured Priority Claims

[ ]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## Types of Priority Claims

[ ]  Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(2).

[ ]  Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

[ ]  Contributions to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]  Certain farmers and fishermen

Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

[ ]  Deposits by individuals

Claims of individuals up to $1950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

[ ]  Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

[X]  Taxes and Other Certain Debts Owed to Governmental Units

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ]  Commitments to Maintain the Capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

[ ]  Other Priority Debts

*Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re: JIMMY D. SAYLOR                TAMMIE M. SAYLOR                Case No. _____
    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                              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

# Schedule E - Creditors Holding Unsecured Priority Claims

TYPE OF PRIORITY:  Taxes and other certain debts owed to governmental units

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM | CONTINGENT UNLIQUIDATED DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| ACCT. NO. **SAYLOR** | NO | | | UNLQ | | |
| **HARRIS COUNTY TAX COMMISIONER P.O. BOX 152 HAMILTON, GA  31811** | | | **1999 & 2000 PROPERTY TAXES** | | 53.01 | 53.0 |

|  | Subtotal (Total of this page) | 53.01 |
|---|---|---|
|  | TOTAL » | 53.01 |

In re:  JIMMY D. SAYLOR          TAMMIE M. SAYLOR           Case No. _____
        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              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

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. 00548272<br><br>ALABAMA IMAGING<br>121 N. 20TH STREET<br>BLDG. 17<br>OPELIKA, AL 36801-5449 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 10.( |
| ACCT. NO. 00759754<br><br>ALABAMA IMAGING<br>121 N. 20TH STREET<br>BLDG. 17<br>OPELIKA, AL 36801-5449<br><br>ALABAMA IMAGING C/O<br>ACCOUNT MANAGEMENT<br>P.O. BOX 230608<br>MONTGOMERY, AL 36123 | NO | W | MEDICAL SERVICES | UNLIQUIDATED | 32.( |
| ACCT. NO. E509939<br><br>ARL / LABSOUTH<br>P.O. BOX 4600<br>MONTGOMERY, AL 36103 | NO | W | MEDICAL SERVICES | UNLIQUIDATED | 39.( |
| ACCT. NO. SAYLOR<br><br>B&B PAWNBROKERS<br>1721 PEPPERELL PKWY.<br>OPELIKA, AL 36801 | NO | H | DEFICIENCY | UNLIQUIDATED | 1,000.( |
| ACCT. NO. DV 02-1<br><br>BRIDGESTONE/FRESTONE<br>C/O JOHN MARK PADGETT<br>PO BOX 248<br>ALEXANDER CITY, AL 35010 | NO | J | 2001<br>DEFICIENCY | UNLIQUIDATED | 3,572.: |
| ACCT. NO. 2023860<br><br>CREDIT BUREAU OF MONT.<br>P.O. BOX 230609<br>MONTGOMERY, AL 36123 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 67.( |
| ACCT. NO. 548272<br><br>EAMC EMERGENCY ROOM<br>P.O. BOX 2858<br>OPELIKA, AL 36803 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 19.( |
| ACCT. NO. 9820602<br><br>EAST ALABAMA MEDICAL<br>2000 PEPPERELL PARKWAY<br>OPELIKA, AL. 36802 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 807.( |

Subtotal          5,548.:
(Total of this page)

In re: JIMMY D. SAYLOR          TAMMIE M. SAYLOR          Case No. _____
        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             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

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. 9907400322<br>EAST ALABAMA MEDICAL<br>2000 PEPPERELL PARKWAY<br>OPELIKA, AL. 36802 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 259.2 |
| ACCT. NO. 9825356<br>EAST ALABAMA MEDICAL<br>2000 PEPPERELL PARKWAY<br>OPELIKA, AL. 36802 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 59.3 |
| ACCT. NO. 9922200220<br>EAST ALABAMA MEDICAL<br>2000 PEPPERELL PARKWAY<br>OPELIKA, AL. 36802 | NO | W | MEDICAL SERVICES | UNLIQUIDATED | 929.8 |
| ACCT. NO. 9910400134<br>EAST ALABAMA MEDICAL<br>2000 PEPPERELL PARKWAY<br>OPELIKA, AL. 36802 | NO | W | MEDICAL SERVICES | UNLIQUIDATED | 2,252.0 |
| ACCT. NO. 218.17<br>EAST ALABAMA MEDICAL<br>2000 PEPPERELL PARKWAY<br>OPELIKA, AL. 36802 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 218.1 |
| ACCT. NO. 636398<br>EAST ALABAMA MEDICAL C/O<br>THE SSI GROUP<br>P.O. BOX 9817<br>MOBILE, AL  36691 | NO | J | MEDICAL SERVICES | UNLIQUIDATED | 3,181.8 |
| ACCT. NO. 467784<br>EAST ALABAMA MEDICAL C/O<br>THE SSI GROUP<br>P.O. BOX 9817<br>MOBILE, AL  36691 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 1,817.7 |
| ACCT. NO. 2633496<br>EAST ALABAMA UROLOGY C/O<br>MORTGAGE CREDIT<br>P.O. BOX 6441<br>DOTHAN, AL  36302-6441 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 69.0 |
| ACCT. NO.<br>FEDERAL ASSURANCE CORP<br>1803 MARKET STREET<br>OPELIKA, AL 36801 | NO | | ACCOUNT DEFICIENCY | UNLIQUIDATED | 6,500.0 |

|  |  |
|---|---|
| Subtotal<br>(Total of this page) | 15,287.2 |

In re: JIMMY D. SAYLOR                TAMMIE M. SAYLOR              Case No. _____
       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                    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

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. S45956<br><br>HOWARD REARDON D.M.D.<br>C/O THE CBC GROUP<br>P.O. BOX 2251<br>OPELIKA, AL  36801 | NO | H | DENTAL SERVICES | UNLIQUIDATED | 252.3 |
| ACCT. NO. 55763<br><br>INTERNAL MEDICINE ASSOC.<br>121 NORTH 20TH STREET<br>OPELIKA, AL  36802 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 136.0 |
| ACCT. NO. SAYLOR<br><br>INTERNAL MEDICINE ASSOC.<br>121 NORTH 20TH STREET<br>OPELIKA, AL  36802 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 271.2 |
| ACCT. NO. 16200<br><br>LA GRANGE C&F<br>844 OLD HUTCHINSON MILL<br>LA GRANGE, GA  30240 | NO | H | CREDIT PURCHASES | UNLIQUIDATED | 3,518.0 |
| ACCT. NO. 28147<br><br>LEE OBSTETRICS<br>121 NORTH 20TH STREET<br>OPELIKA, AL  36802<br><br>LEE OBSTETRICS C/O<br>THE CBC GROUP<br>P.O. BOX 4236<br>COLUMBUS, GA  31904-0236 | NO | W | MEDICAL SERVICES | UNLIQUIDATED | 2,251.0 |
| ACCT. NO. 078822<br><br>LEE PATEOLOGY LABORATORY<br>503 E. THOMASON DRIVE<br>OPELIKA, AL  36801 | NO | W | MEDICAL SERVICES | UNLIQUIDATED | 17.0 |
| ACCT. NO. 598634<br><br>MONTGOMERY CREDIT BUREAU<br>PO BOX 230609<br>MONTGOMERY, AL   36123-0609 | NO | J | MEDICAL BILL | UNLIQUIDATED | 1,296.4 |
| ACCT. NO. 1142579<br><br>PEDIATRIC CLINIC<br>122 NORTH 20TH STREET<br>BLDG. 23<br>OPELIKA, AL  36801 | NO | W | MEDICAL SERVICES | UNLIQUIDATED | 374.0 |

Subtotal     8,116.3
(Total of this page)

Schedule F - Page 2 of 5

In re:  JIMMY D. SAYLOR          TAMMIE M. SAYLOR              Case No. _____
        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              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

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. 0660248200066SK<br><br>SEARS C/O<br>RECOVERY BUREAU<br>P.O. BOX 950<br>SANTA CLARA, CA  91380<br><br>SEARS CARD<br>P.O. BOX 105772<br>ATLANTA, GA  30353-5772 | NO | H | CREDIT CARD | UNLIQUIDATED | 3,106.: |
| ACCT. NO.<br><br>SOUTHERN LINC<br>2090 COLUMBIANA RD. #300<br>VESAVIA HILLS, AL  35216<br><br>SOUTHERN LINC C/O<br>ALEXANDER & HAMILTON<br>2618 EDENBORN AVENUE<br>METAIRIE, LA  70002 | NO | H | FEES | UNLIQUIDATED | 534.4 |
| ACCT. NO. 300166<br><br>SOUTHLAND TIRE<br>4228 MOBILE HIGHWAY<br>MONTGOMERY, AL  36108 | NO | H | CREDIT PURCHASES | UNLIQUIDATED | 477.4 |
| ACCT. NO. 548272EC<br><br>THE HEART CENTER<br>P.O. BOX 2145<br>OPELIKA, AL  36803 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 765.( |
| ACCT. NO. 1004440<br><br>THE ORTHOPEDIC CLINIC<br>P.O. BOX 2125<br>OPELIKA, AL  36803-2125<br><br>THE ORTHOPEDIC CLINIC<br>P.O. BOX 2125<br>OPELIKA, AL  36803-2125 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 219.( |
| ACCT. NO. 46155<br><br>THE ORTHOPEDIC CLINIC<br>C/O METRO SYSTEM<br>P.O. BOX 4551<br>COLUMBUS, GA  31904-0551<br><br>THE ORTHOPEDIC CLINIC<br>P.O. BOX 2125<br>OPELIKA, AL  36803-2125 | NO | H | MEDICAL SERVICES | UNLIQUIDATED | 268.( |

Subtotal
(Total of this page)      5,370.:

In re:  JIMMY D. SAYLOR
        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

TAMMIE M. SAYLOR
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

Case No. _____

# Schedule F - Creditors Holding Unsecured Nonpriority Claims

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE | CO-DEBTOR | HUSBAND WIFE JOINT OR COMMUN. | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCT. NO. 00725763<br>WASHINGTON MUTUAL<br>3786 PEPPERELL PARKWAY<br>OPELIKA, AL 36801 | NO | | SIGNATURE LOAN | UNLIQUIDATED | 750.0 |
| | | | | Subtotal<br>(Total of this page) | 750.0 |
| | | | | TOTAL | 35,072. |

In re:  JIMMY D. SAYLOR                    TAMMIE M. SAYLOR                    Case No. _____
        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                        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

# Schedule G - Executory Contracts and Unexpired Leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| NONE | |

Schedule G - Page 1

In re:  JIMMY D. SAYLOR           TAMMIE M. SAYLOR           Case No. _____
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                  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

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| NONE | |

Schedule H - Page 1

In re: JIMMY D. SAYLOR          TAMMIE M. SAYLOR          Case No. _____
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                     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

# Schedule I - Current Income Of Individual Debtor(s)

| Debtor's Marital Status: MARRIED | | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|---|
| Debtor's Age: 36<br>Spouse's Age: 26 | NAMES<br>CHEYENNE MCLINN<br>ELISHA SAYLOR | | AGE<br>4<br>9 MO. | RELATIONSHIP<br>DAUGHTER<br>SON |
| EMPLOYMENT: | DEBTOR | | SPOUSE | |
| Occupation | TRUCK DRIVER | | HOUSEWIFE / MOTHER | |
| How long employed | 1 MONTH | | | |
| Name and Address of Employer | SAYLOR LOGGING<br>839 LEE ROAD 375<br>VALLEY, AL 36854 | | MOVIE GALLERY<br>1515 2ND AVE.<br>OPELIKA, AL 36801 | |

| Income: (Estimate of average monthly income) | DEBTOR | | SPOUSE | |
|---|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | 2,000.00 | $ | 177.13 |
| Estimated monthly overtime | $ | 0.00 | $ | 0.00 |
| SUBTOTAL | $ | 2,000.00 | $ | 177.13 |
| LESS PAYROLL DEDUCTIONS | | | | |
| a.) Payroll taxes and social security | $ | 408.00 | $ | 60.67 |
| b.) Insurance | $ | 0.00 | $ | 0.00 |
| c.) Union dues | $ | 0.00 | $ | 0.00 |
| d.) Other | | | | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 408.00 | $ | 60.67 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | 1,592.00 | $ | 116.46 |
| Regular income from operation of business, profession or farm (attach detailed statement) | $ | 0.00 | $ | 0.00 |
| Income from real property | $ | 0.00 | $ | 0.00 |
| Interest and dividends | $ | 0.00 | $ | 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | 180.00 |
| Social security or other government assistance (Specify) | $ | 0.00 | $ | 0.00 |
| Pension or retirement income | $ | 0.00 | $ | 0.00 |
| Other monthly income (Specify) | $ | 0.00 | $ | 0.00 |
| TOTAL MONTHLY INCOME | $ | 1,592.00 | $ | 296.46 |

TOTAL COMBINED MONTHLY INCOME    $    1,888.46

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

NONE

In re:    JIMMY D. SAYLOR          TAMMIE N. SAYLOR          Case No. _____
          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              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

# Schedule J - Current Expenditures Of Individual Debtor(s)

[ ] Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 710.72 |
| Are real estate taxes included?    [X] Yes    [ ] No | | |
| Is property insurance included?    [X] Yes    [ ] No | | |
| Utilities:    Electricity and heating fuel | $ | 115.00 |
| Water and sewer | $ | 18.00 |
| Telephone | $ | 65.00 |
| Other:    CABLE | $ | 28.00 |
| GAS | $ | 20.00 |
| Home Maintenance (Repairs and upkeep) | $ | 10.00 |
| Food | $ | 200.00 |
| Clothing | $ | 15.00 |
| Laundry and dry cleaning | $ | 10.00 |
| Medical and dental expenses | $ | 20.00 |
| Transportation (not including car payments) | $ | 85.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments): | | |
| Homeowner's or renter's | $ | 85.00 |
| Life | $ | 0.00 |
| Health | $ | 65.00 |
| Auto | $ | 80.00 |
| Other: | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| Installment payments (In chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 0.00 |
| Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach stmt) | $ | 0.00 |
| Other:    CHILDS TUTION | $ | 180.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 1,706.72 |

(FOR CHAPTER 12 and 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---:|
| A.  Total projected monthly income | $ | 1,888.46 |
| B.  Total projected monthly expenses | $ | 1,706.72 |
| C.  Excess income (A minus B) | $ | 181.74 |
| D.  Total amount to be paid into plan    Monthly | $ | 180.00 |

In re:  JIMMY D. SAYLOR          TAMMIE M. SAYLOR          Case No. _____
        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              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

# Declaration Concerning Debtor's Schedules

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   15 sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.

Date  _4-29-0~_                  Signature _____
                                           JIMMY D. SAYLOR

Date  _4-29-02_                  Signature _____
                                           TAMMIE M. SAYLOR

-----------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY
### ON BEHALF OF A CORPORATION OR PARTNERSHIP

(NOT APPLICABLE)

Penalty for making a false statement or concealing property.  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C § 152 and

UNITED STATES BANKRUPTCY COURT
Middle District of Alabama
Eastern Division

In re:  JIMMY D. SAYLOR                TAMMIE M. SAYLOR            Case No. _____
        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                    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                Chapter 13

# STATEMENT OF FINANCIAL AFFAIRS

## 1. Income from employment or operation of business

None
[ ]

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 35,361.00 | SAYLOR TRUCKING | 2001 |
| 41,227.00 | SAYLOR LOGGING | 2000 |

## 2. Income other than from employment or operation of business

None
[X]

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 3. Payments to creditors

None
[X]

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None
[X]

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
[ ]

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| BRIDGESTONE/FIRESTONE VS. JIMMY SAYLOR DV-02-1 | CIVIL | DISTRICT COURT OF LEE COUNTY | PENDING |

None
[X]

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None
[X]

    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None
[X]

    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
[X]

    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None
[X]

    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**8. Losses**

None
[X]

    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None
[X]

    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

**10. Other transfers**

None
[X]

    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**11. Closed financial accounts**

None
[X]

    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None
[X]

    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None
[X]

    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None
[X]

    List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

None
[X]

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  4-29-02

Signature _____
JIMMY D. SAYLOR

Date  4-29-02

Signature _____
TAMMIE M. SAYLOR

UNITED STATES BANKRUPTCY COURT
Middle District of Alabama
Eastern Division

In re: JIMMY D. SAYLOR          TAMMIE M. SAYLOR          Case No.
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                     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               Chapter 13

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above mentioned debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept                                                    $    1,300.00

    Prior to filing this statement, I have received                                                $        0.00

    Balance Due                                                                                    $    1,300.00

2.  The source of compensation paid to me is:

    [X] Debtor                        [ ] Other(specify)

3.  The source of compensation to be paid to me is:

    [X] Debtor                        [ ] Other(specify)

4.  [X]  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    [ ]  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A cop
         the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a)  Analysis of the debtor's financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a
        petition under Title 11, United States Code;

    b)  Preparation and filing of any petition, schedule, statement of affairs, and other documents required by the court;

    c)  Representation of the debtor(s) at the meeting of creditors, confirmation hearing and any adjourned hearings thereof;

    d)  (Other provisions as needed)

        NONE

6.  By agreement with the debtor(s), the above disclosed fee does not include the following services:

    A) REPRESENTATION OF THE DEBTOR IN ADVERSARY PROCEEDINGS AND OTHER CONTESTED
    BANKRUPTCY MATTERS.

    B) AMENDMENTS.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or agreement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  4-29-02

DAVID S. CLARK, Bar No: CLA 068
BROCK & STOUT
Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
## Middle District of Alabama
### Eastern Division

In re:  JIMMY D. SAYLOR          TAMMIE M. SAYLOR              Case No.
        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              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                  Chapter 13

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of 3 sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated: 4-29-02

Signed: _____          Signed: _____
        DAVID S. CLARK                            JIMMY D. SAYLOR
        Bar no.  CLA 068

                                          Signed: _____
                                                  TAMMIE M. SAYLOR

## MATRIX

JIMMY AND TAMMIE SAYLOR
6911 Lee Rd. 390
Opelika, AL  36804

ALABAMA IMAGING
121 N. 20th Street Bldg. 17
Opelika, AL  36801-5449

ALABAMA IMAGING
C/O Account Management
PO Box 230608
Montgomery, AL  36123

ARL/LABSOUTH
PO Box 4600
Montgomery, AL  36103

B & B PAWNBROKERS
1721 Pepperell Pkwy.
Opelika, AL  36801

BRIDGESTONE/FIRESTONE
C/O John Mark Padgett
PO Box 248
Alexander City, AL  35010

CASTLE CREDTI CORP.
8420 W. Bryn Mawr S-300
Chicago, IL  60631

CREDIT BUREAU OF MONTGOMERY
PO Box 230609
Montgomery, AL  36123

EAMC EMRGENCY ROOM
PO Box 2858
Opelika, AL  36803

EAST ALABAMA MEDICAL CENTER
2000 Pepperell Pkwy.
Opelika, AL  36802

EAST ALABAMA MEDICAL
C/O The SSI Group
PO Box 9817
Mobile, AL 36691

EST ALALBAMA UROLOGY
C/O Mortgage Credit
PO Box 6441
Dothan, AL 36302-6441

FAIRBANK
PO Box 1900
Hatburo, PA 19040

FEDERAL ASSURANCE CORP.
1803 Market Street
Opelika, AL 36801

HARRIS COUNTY TAX COMMINISIONER
PO Box 152
Hamilton, GA 31811

HOWARD REARDON DMD
C/O The CBC Group
PO Box 2251
Opelika, AL 36801

INTERNAL MEDICINE ASSOC.
121 N. 20th Street
Opelika, AL 36802

LAGRANGE C&F
844 Old Hutchinson Mill
Lagrange, GA 30240

LEE OBSTRICS
121 N. 20th Street
Opelika, AL 36802

LEE OBSTRICS
C/O The CBC Group
PO Box 4236
Columbus, GA 31904-0236

LEE PATHOLOGY LABORATORY
503 E. Thomason Dr.
Opelika, AL  36801

NORWEST FINANCIAL
PO Box 10443
Des Moines, IA  50306-0443

PEDIATRIC CLINIC
122 N. 20th Street Bldg. 23
Opelika, AL  36801

SEARS
C/O RECOVERY BUREAU
PO Box 950
Santa Clara, CA  91380

SEARS
PO Box 105772
Atlanta, GA  30353-5772

SOUTHERN LINC
2090 Columbiana Road #300
Vestavia Hills, AL  35216

SOUTHERN LINC
C/O Alexander & Hamilton
2618 Edenborn Ave.
Metairie, LA  70002

SOUTHLAND TIRE
4228 Mobile Hwy.
Montgomery, AL  36108

THE FINANCIAL STORE
108 S. 9th Street
Opelika, AL  36801

THE HEART CENTER
PO Box 2145
Opelika, AL  36803

THE ORTHOPEDIC CLINIC
PO Box 2125
Opelika, AL  36803-2125

THE ORTHOPEDIC CLINIC
C/O Metro System
PO Box  4551
Columbus, GA  31904-0551

WASHINGTON MUTUAL
3786 Pepperell Pkwy.
Opelika, AL  36801

*EXHIBIT "B"*



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

In Re: JIMMY SAYLOR         )    Chapter 13
                           )    Case No: 02-80576
      TAMMIE SAYLOR       )

### AMENDED CHAPTER 13 PLAN OR SUMMARY

1. PAYMENTS TO TRUSTEE: The debtor shall pay **$195.00** to the Chapter 13 trustee each **Month** .
2. DISTRIBUTIONS BY TRUSTEE FROM THE PAYMENTS RECEIVED SHALL BE MADE AS FOLLOWS:

First:    ADMINISTRATIVE CLAIMS under 11 USC§503(b). The debtor's attorney's fee is **$1,300.00.**

Second:    SECURED CLAIMS:

**a. Secured claims being paid through the trustee:**

| Creditor | Amount of Debt | Value of Collateral | Interest Under Plan | Specified Monthly Payment |
|---|---|---|---|---|
| CASTLE CREDIT CORP. | $6,641.99 | $800.00 | 11.0% | $25.00 |
| THE FINANCIAL STORE | $4,309.36 | $2,400.00 | 11.0% | $70.00 |

**Prepetition defaults being cured through the trustee:**

| Creditor | Amount of Arrearage | Annual Interest | Date Post-Petition Payment Will Resume | Specified Monthly Payment |
|---|---|---|---|---|
| FAIRBANK | $2,442.31 | | MAY 1, 2002 | $50.00 |

**c. Secured claims to be paid directly by the debtor or other party to the creditor:**

| Creditor | Amount of Debt | Value of Collateral | Contractual Payment |
|---|---|---|---|
| FAIRBANK | $51,690.09 | $50,520.00 | $710.72 |

**d. Secured claims to be satisfied by the surrender and return of collateral:**

| Creditor | Description of Collateral | Amount of Debt | Value of Collateral |
|---|---|---|---|
| NORWEST FINANCIAL | VACCUM CLEANER | $1,163.51 | $200 00 |

Third:    PRIORITY CLAIMS (USC §507 (a) (2) to (8):

| Creditor | Amount of Debt | Specified Monthly Payments |
|---|---|---|
| HARRIS COUNTY TAX | $53.01 | $5.00 |
| STATE OF ALABAMA | $818.00 | $15.00 |

Fourth:    SPECIALTY CLASSIFIED UNSECURED CLAIMS:

| Creditor | Basis for Classification | Amount of Debt Specially Classified | Specified Monthly Payment |
|---|---|---|---|
| NONE | | | |

## CHAPTER 13 PLAN AND SUMMARY CONTINUED

Fifth:    UNSECURED CLAIMS: including the unsecured portion of secured claims, a pro rata amount equal to \* of the Claim. If unsecured creditors are to receive less than 100% of their claims, the debtor will pay all projected disposable income to the trustee for at least 36 months. \*

### \* Pot plan of $1,000.00

3.    DURATION OF PLAN

The expected duration of this plan is **60** months.

4.    PROVISIONS FOR UNSCHEDULED, POSTPETITION, OR LATE FILED CLAIMS ARE AS FOLLOWS:

Debtor reserves the right to amend schedules to add unscheduled and post-petition claims as same might be determined to exist or arise, respectively.

With regard to any late filed claims, these claims whether submitted by priority claimants such as Internal Revenue Servic or the State of Alabama Department of Revenue, or whether filed by any other general, unsecured or secured creditor, sha be disallowed if an objection is submitted by the Debtor and sustained by the Court.

Debtor reserves the privilege to include any post-petition arrearage in mortgage or other secured debt initially proposed fo direct servicing to a reasonably cure a post-petition default.

5.    PROVISIONS FOR PROPERTY OF THE ESTATE. ( See 11 U.S.C. §1303, §1306, and §1327):

6.    PROVISIONS FOR EXECUTORY CONTRACT AND UNEXPIRED LEASES (See 11 U.S.C. §1322 (b)(7) and §365)

NONE

7    OTHER PROVISIONS:

NONE

David S. Clark, Attorney for Debtor

DATED: _1st_ DAY OF _July_ , 2002.

*EXHIBIT "C"*

U.S. Bankruptcy Court for the **MIDDLE DISTRICT OF ALABAMA**
Box 1248, Montgomery, AL 36102

In Re a *Petition for Relief under Chapter 13 of Title 11, U.S Code*, filed by or against the below-named Debtor on April 29, 2002:

DEBTOR(S):  Jimmy D. Saylor

Tammie M. Saylor

Case No. 02-80576

| | |
|---|---|
| **Jimmy D. Saylor**<br>**Tammie M. Saylor** | **ORDER AND NOTICE**<br>**BY THE COURT** |

### ORDER CONFIRMING CHAPTER 13 PLAN

The debtor's plan was filed on 4/29/2002, and was modified on 07/03/2002. The plan or a summary of the plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The court finds that the plan meets the requirements of 11 U.S.C. § 1325.

**It is ORDERED that:**

The debtor's chapter 13 plan is **confirmed** as provided in the chapter 13 trustee's summary of confirmed chapter 13 plan.

Dated: September 18, 2002

William R. Sawyer
United States Bankruptcy Judge

C·
Debtor
Attorney for Debtor
Trustee
All Creditors
Bankruptcy Administrator
U.S. Attorney

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 1127-3          User: cosborne          Page 1 of 1           Date Rcvd: Sep 18, 2002
Case: 02-80576                Form ID: VAN-297         Total Served: 43
```

The following entities were served by first class mail on Sep 20, 2002

```
D        Jimmy D. Saylor,    6911 LEE ROAD 390,    OPELIKA, AL  36804
J        Tammie M Saylor,    6911 LEE ROAD 390,    OPELIKA, AL  36804
T        Curtis C Reding,    P. O Box 173,    Montgomery, AL  36101
JA       David S. Clark,    PO BOX 1586,    OPELIKA, AL  36803
502276   SOUTHERN LINC,    C/O ALEXANDER & HAMILTON,    2618 EDENBORN AVE.,    METAIRIE, LA  70002
502277   SOUTHERN LINC,    2090 COLUMBIANA ROAD #300,    VESTAVIA HILLS, AL  35216
502278   +SEARS,    PO BOX 105772,    ATLANTA, GA 30348-5772
502279   SEARS,    C/O RECOVERY BUREAU,    PO BOX 950,    SANTA CLARITA, CA  91380
502280   PEDIATRIC CLINIC,    122 N  20TH STREET BLDG  23,    OPELIKA, AL  36801
502281   LEE PATHOLOGY LABORATORY,    503 E  THOMASON DR.,    OPELIKA, AL  36801
502282   SOUTHLAND TIRE,    4228 MOBILE HWY ,    MONTGOMERY, AL  36108
502283   NORWEST FINANCIAL,    PO BOX 10443,    DES MOINES, IA  50306-0443
502284   THE FINANCIAL STORE,    108 S. 9TH STREET,    OPELIKA, AL  36801
502285   THE HEART CENTER,    PO BOX 2145,    OPELIKA, AL  36803
502286   THE ORTHOPEDIC CLINIC,    PO BOX 2125,    OPELIKA, AL  36803-2125
502287   THE ORTHOPEDIC CLINIC,    C/O METRO SYSTEM,    PO BOX  4551,    COLUMBUS, GA  31904-0551
502288   WASHINGTON MUTUAL,    3786 PEPPERELL PKWY.,    OPELIKA, AL  36801
502289   +U. S. ATTORNEY,    ATTN:  PAT CONOVER,    PO BOX 197,    MONTGOMERY, AL  36101-0197
502290   LEE OBSTRICS,    C/O THE CBC GROUP,    PO BOX 4236,    COLUMBUS, GA  31904-0236
502291   OFFICE OF THE BANKRUPTCY ADMINISTRA,    ONE CHURCH STREET,    5TH FLOOR,    MONTGOMERY, AL  36104
502292   HARRIS COUNTY TAX COMMINISIONER,    PO BOX 152,    HAMILTON, GA  31811
502293   INTERNAL REVENUE SERVICE,    SPECIAL PROCEDURES BRANCH, STOP 31,    600 S MAESTRI PLACE,
             NEW ORLEANS, LA  70130
502294   CASTLE CREDTI CORP ,    8420 W. BRYN MAWR S-300,    CHICAGO, IL  60631
502295   +ALABAMA IMAGING,    121 N. 20TH STREET BLDG. 17,    OPELIKA, AL  36801-5457
502296   ALABAMA IMAGING,    C/O ACCOUNT MANAGEMENT,    PO BOX 230608,    MONTGOMERY, AL  36123
502297   ARL/LABSOUTH,    PO BOX 4600,    MONTGOMERY, AL  36103
502299   +BRIDGESTONE/FIRESTONE,    C/O JOHN MARK PADGETT,    PO BOX 248,    ALEXANDER CITY, AL 35011-0248
502300   +LEE OBSTRICS,    121 N. 20TH STREET,    OPELIKA, AL 36801-5449
502301   CREDIT BUREAU OF MONTGOMERY,    PO BOX 230609,    MONTGOMERY, AL  36123
502302   EAMC EMERGENCY ROOM,    PO BOX 2858,    OPELIKA, AL  36803
502303   LAGRANGE CAF,    844 OLD HUTCHINSON MILL,    LA GRANGE, GA  30240
502304   EAST ALABAMA MEDICAL,    C/O THE SSI GROUP,    PO BOX 9817,    MOBILE, AL  36691
502305   EST ALABAMA UROLOGY,    C/O MORTGAGE CREDIT,    PO BOX 6441,    DOTHAN, AL  36302-6441
502306   FAIRBANK, ,    PO BOX 1900,    HATBORO, PA  19040
502307   FEDERAL ASSURANCE CORP.,    1803 MARKET STREET,    OPELIKA, AL  36801
502308   +HOWARD REARDON DMD,    C/O THE CBC GROUP,    PO BOX 2251,    OPELIKA, AL  36803-2251
502309   +EAST ALABAMA MEDICAL CENTER,    2000 PEPPERELL PKWY.,    OPELIKA, AL  36801-5422
502310   B & B PAWNBROKERS,    1721 PEPPERELL PKWY.,    OPELIKA, AL  36801
510289   Max Recovery Inc  Successor to Sears,    P.O. Box 10228,    Newark, NJ  07193-0228
517180   +Landmark America Inc.,    P.O. Box 201347,    Arlington, TX  76006-1347
521625   Eastern Mortgage service, Inc.,    c/o Fairbanks Capital Corp.,    P.O.Box 65250,
             Salt Lake City, Utah  84165-0250
532469   Max Recovery, successor to,    Sears,    BECKET AND LEE LLP, ATTORNEYS/AGENT,    P O  Box 10228,
             Newark, NJ  07193-0228
535817   East Alabama Medical Center,    Zarzaur & Schwartz P C,    P O Box 11366,    Birmingham AL 35202
```

The following entities were served by electronic transmission                    TOTAL: 0
NONE

```
         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
502298*  INTERNAL REVENUE SERVICE,    SPECIAL PROCEDURES BRANCH, STOP 31,    600 S MAESTRI PLACE,
             NEW ORLEANS, LA  70130
                                                                                  TOTALS: 0, * 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Specetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: Sep 20, 2002                    Signature: *Joseph Specetjens*

*EXHIBIT "D"*

# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re: JIMMY D. SAYLOR and )
     TAMMIE M. SAYLOR a/k/a )       **CHAPTER 13**
     TAMMIE McLINN, )       **CASE NO. 02-80576-WRS**
                      )
                      )
        Debtor(s). )

---

X     **Movant is willing to consider an adequate protection agreement.**
The motion will be served with a form for a proposed order agreeable to the moving party, leaving blank, where appropriate, amounts to be arrived at by way of negotiation or determined upon further factual development.

☐     **Movant is not willing to consider an adequate protection agreement.**
Pursuant to LBR 4001-1, the moving party seeks relief from the automatic stay. Unless a response is filed and served upon the moving party within 20 days from the date of service of this motion, the motion may be granted by the court without further notice

---

## MOTION FOR RELIEF FROM STAY

     Comes now Select Portfolio Servicing, Inc. ("Select Servicing"), as servicing agent for IMC Mortgage Company a/k/a Industry Mortgage Company, L.P. d/b/a IMCC Financial and d/b/a IMCC Financial, Inc., and d/b/a American Mortgage Reduction ("IMCC") and moves this Court, pursuant to 11 U.S.C. Section 362(d), for an order lifting the automatic stay on certain property which is subject to an interest held by IMCC, and shows unto the Court the following:

     1. IMCC is a secured creditor of the above-named Debtor(s) being the holder and owner of a certain note in the original principal amount of $52,200.00, executed by the Debtor(s) and payable to the order of Eastern Mortgage Services, Inc., and is secured by a mortgage on certain real estate located in Lee County, Alabama, as evidenced by the attached instruments.

     2. Select Servicing avers that Debtor(s) has/have been in default in the payment of the post-petition installments due IMCC, as assignee of said note and mortgage, pursuant to the terms of said note since May, 2004 and thereafter.

     WHEREFORE, Select Servicing respectfully requests that the Court issue an order stating that the automatic stay is lifted pursuant to 11 U.S.C. Section 362(d), and said property be released to IMCC so as to permit IMCC to liquidate its security and to apply the proceeds to said indebtedness secured thereby, and to such other relief to which it may be entitled.

By: _____
     SCOTT J. HUMPHREY, ESQ
     Attorney for Select Portfolio Servicing, Inc. as
     servicing agent for IMC Mortgage Company a/k/a Industry Mortgage
     Company, L.P. d/b/a IMCC Financial and d/b/a IMCC Financial,
     Inc., and d/b/a American Mortgage Reduction
     3829 Lorna Road, Suite 312
     Hoover, Alabama 35244
     (205) 988-8888

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by United States mail, postage prepaid and properly addressed, on this ___ day of September, 2004, to-wit:

Davis S. Clark, Esq.
Brock & Stout & Clark
P.O. Box 1586
Opelika, AL 36801

Curtis C. Redding
Chapter 13 Trustee
P. O. Box 173
Montgomery, AL 36101

Jimmy D. Saylor
Tammie M. Saylor
6911 Lee Road 390
Opelika, AL 36804

SCOTT J. HUMPHREY

*EXHIBIT "E"*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

IN RE:  **JIMMY D. SAYLOR and**          )
        **TAMMIE M. SAYLOR a/k/a**   )
        **TAMMIE MCLINN,**             )        **CHAPTER 13**
                       )        **CASE NO.  02-80576-WRS**
              **Debtor(s).**         )

## ORDER

This matter came on for hearing upon the motion of Select Portfolio Servicing, Inc. ("Select Servicing"), as servicing agent for IMC Mortgage Company a/k/a Industry Mortgage Company, L. P. d/b/a IMCC Financial and d/b/a IMCC Financial, Inc. and d/b/a American Mortgage Reduction (collectively "IMCC"), seeking relief from the automatic stay imposed by 11 U.S.C. Section 362(d) as it relates to the enforcement of the lien of IMCC against property of the Debtor(s) located at 6911 LEE ROAD 390, OPELIKA, ALABAMA 36804.

Whereas the Court being informed of the agreement of the parties, it is therefore ORDERED, ADJUDGED and DECREED that the motion of Select Servicing/IMCC is CONDITIONALLY DENIED, conditioned upon the following:

1      The Debtor(s) post-petition arrearage due Select Servicing/IMCC in the amount of $ 2,818.44, which represents the payments due for May, 2004, through and including the September 2004 payment, plus attorney's fees/costs and Court costs in the amount of $600.00, is to be included by the Debtor(s) in the Debtor(s) plan. The Debtor(s) plan shall be amended to include the aforementioned post-petition arrearage, fees and costs due Select Servicing/IMCC, with the Debtor(s) payments to the Chapter 13 Trustee being increased to $298.00 per month, and the Chapter 13 Trustee's payments to Select Servicing/IMCC being increased to $173.00 per month. Select Servicing/IMCC is directed to file a claim with the Chapter 13 Trustee for said arrearage, fees and costs.

2.     The Debtor(s) shall resume his/her/their regular monthly payments due Select Servicing/IMCC, as said payments fall due each month, beginning with the October, 2004 payment, and continuing each successive month thereafter until the Debtor(s) mortgage obligation with Select Servicing/IMCC or its assigns has been satisfied.

3.     In the event that any regular monthly payment is not received by Select Servicing/IMCC by the date

it falls due pursuant to the terms of the Debtor(s) loan agreement with Select Servicing/IMCC, beginning with the

October, 2004 payment, then Select Servicing/IMCC shall give notice to the Debtor(s) and the Debtor(s) attorney

of the delinquency and if the delinquency is not cured within ten (10) days of the date of said notice, then the

automatic stay shall immediately lift, allowing Select Servicing/IMCC to proceed against or otherwise liquidate the

property described hereinabove.

This the 14th day of October, 2004.

/s/ William R. Sawyer
U.S. BANKRUPTCY JUDGE

Consented to by:

**/s/David S. Clark, Esq.**
DAVID S. CLARK, ESQ.
Attorney for Debtor(s)
P. O. Box 1586
Opelika, AL 36801
(334) 269-4440

**/s/Curtis C. Reding**
CURTIS C. REDING
Chapter 13 Trustee
P. O. Box 173
Montgomery, AL 36101
(334) 262-8371

This Order was prepared by:

**/s/Scott J. Humphrey, Esq.**
SCOTT J. HUMPHREY, ESQ.
Attorney for Select Portfolio Servicing, Inc., as servicing agent for IMC Mortgage
Company a/k/a Industry Mortgage Company, L. P. d/b/a IMCC Financial and
d/b/a IMCC Financial, Inc. and d/b/a American Mortgage Reduction
3829 Lorna Road, Suite 312
Hoover, Alabama 35244
(205) 988-8888

*EXHIBIT "F"*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

IN RE: **JIMMY D. SAYLOR** and     )    **CHAPTER 13**
       **TAMMIE M. SAYLOR,**     )

                         )

       **Debtor(s).**     )    **CASE NO. 02-80576**

**FILED**

AUG 0 2 2002

BANKRUPTCY COURT
MONTGOMERY, ALABAMA

### PRE-PETITION ARREARAGE PROOF OF CLAIM

    1.  Scott J. Humphrey, whose office address is 3829 Lorna Road, Suite 312, Hoover, Alabama 35244, states that he is the attorney for the Claimant, and is duly authorized to make this proof of claim.

    2.  This claim is based upon a promissory note.

    3.  No judgment has been rendered upon this claim.

    4.  This debt is secured by a mortgage on certain real estate located in Lee County, Alabama, the evidence of which is attached hereto.

    5.  This claim is filed as a secured debt up to the value of the security herein described, and as an unsecured debt as to any deficiency between the amount due on the claim and the value of the security.

    6.  The amounts of all payments on this claim have been credited and deducted for the purpose of making this claim.

    7.  This claim is not subject to any set off or counterclaim.

    8.  The Debtor(s) is/are indebted to the Claimant as follows:

| | |
|---|---|
| Pre-petition arrearage (through and including April, 2002) | $ 2,325.22 |
| Pre-petition collection fees/costs | 500.00 |
| Attorney's fees/costs (Proof of Claim) | 400.00 |
| **TOTAL AMOUNT DUE** | **$ 3,225.22** |

**Eastern Mortgage Services, Inc.**
**c/o Fairbanks Capital Corp.**
Post Office Box 65250
Salt Lake City, Utah 84165-0250

By:_____
    Scott J. Humphrey
    Attorney for Claimant

**PLEASE FORWARD ALL PAYMENTS DIRECTLY TO CLAIMANT**
**(Fairbanks Account No. 3006962033)**

*EXHIBIT "G"*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:   JIMMY D. SAYLOR and                 )
         TAMMIE M. SAYLOR a/k/a              )        CHAPTER 13
         TAMMIE MCLINN,                      )        CASE NO. 02-80576-WRS
                                             )
                  Debtor(s).                 )

POST-PETITION ARREARAGE PROOF OF CLAIM

1. Scott J. Humphrey, whose office address is 3829 Lorna Road, Suite 312, Hoover, Alabama 35244, states that he is the attorney for the Claimant, and is duly authorized to make this proof of claim.

2. This claim is based upon a promissory note.

3. No judgment has been rendered upon this claim.

4. This debt is secured by a mortgage on certain real estate located in Lee County, Alabama, the evidence of which is attached hereto.

5. This claim is filed as a secured debt up to the value of the security herein described, and as an unsecured debt as to any deficiency between the amount due on the claim and the value of the security.

6. The amounts of all payments on this claim have been credited and deducted for the purpose of making this claim.

7. This claim is not subject to any set off or counterclaim.

8. The Debtor(s) is/are indebted to the Claimant as follows:

Post-petition arrearage (May, 2004 through and including
   September, 2004/per Court's Order dated October 14, 2004)          $ 2,818.44
Post-petition attorney's fees/cost (per Court's Order dated
   October 14, 2004)                                                     600.00
                                                                      _____
          **TOTAL AMOUNT DUE**                                        $ 3,418.44

**IMC Mortgage Company a/k/a Industry Mortgage Company,
L.P. d/b/a IMCC Financial and d/b/a IMCC Financial, Inc.,
and d/b/a American Mortgage Reduction**
c/o Select Portfolio Servicing, Inc.
Post Office Box 65450
Salt Lake City, Utah 84165

By:_____
    Scott J. Humphrey
    Attorney for Claimant

**PLEASE FORWARD ALL PAYMENTS DIRECTLY TO CLAIMANT**
**(Select Portfolio Servicing, Inc. Account No. 3006962033)**

*EXHIBIT "H"*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: |
| | ) | |
| JIMMY D. SAYLOR,  & | ) | 02-80576 |
| TAMMIE M. SAYLOR, | ) | |
| DEBTORS. | ) | CHAPTER 13 CASE |

**************************************************************************

| | | |
|---|---|---|
| JIMMY D. SAYLOR, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | A.P. NO.: 06- |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### I. INTRODUCTION

1. This is a Complaint for actual and punitive damages filed by the Plaintiff / Debtor pursuant to 11 U.S.C. §§105, 362, 501, 502, 503 & 506 and Rules 2016, 7001 and 9011 of the Federal Rules of Bankruptcy Procedure and the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692 et seq.

2. This Complaint is also filed to enforce the confirmation order previously entered in the Plaintiff's Chapter 13 bankruptcy case and to enforce and implement other bankruptcy code provisions and rules related thereto.

### II. JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Honorable Court pursuant to 28 U.S.C. § 1334.  This proceeding arises in and is related to the above-styled Chapter 13 bankruptcy case and concerns property of the Debtor in said bankruptcy case.  The Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 157(b)(2) & 1334.

4. This Court also has jurisdiction to hear the FDCPA violations pursuant to 15 U.S.C. § 1692. Therefore, Federal subject matter jurisdiction is properly founded on 28 U.S.C. § 1331.

5. This matter is primarily a core proceeding, and therefore the bankruptcy court has jurisdiction to enter a final order.  In the event this case is determined to be a non-core proceeding, the Plaintiff consents to entry of a final order by this Honorable Court.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**Page 1 of 5**

### III. PARTIES

7.    The Plaintiff in this case is a Debtor under Chapter 13, Title 11, United States Code.  Said Chapter 13 bankruptcy case bears case number 02-80576.  The Plaintiff in this instant action is hereinafter referred to as the Plaintiff or the Debtor.

8.    The Defendant, Select Portfolio Servicing, Inc.(hereinafter, "Select Servicing") is a Utah corporation engaged in the business of real estate mortgage servicing.  Select Servicing  is the loan servicer for the mortgage loan which is the subject of this action.

### IV. FACTUAL ALLEGATIONS

9.    On April 29, 2002, the Plaintiff filed his voluntary Chapter 13 bankruptcy case.

11.   The Section 341 First Meeting of Creditors was held in Dothan, Alabama on July 2, 2002.

12.   On September 18, 2002, this Honorable Court confirmed the Plaintiff's Chapter 13 plan.

13.   The Plaintiff's chapter 13 plan, as confirmed, included a debt to Defendant, scheduled by the Debtor, in the approximate amount of $51,690.09.  The Defendant's debt was scheduled as a claim secured by a first deed of trust on the residential real estate of the Plaintiffs located at 6911 Lee Road 390, Opelika, Alabama 36804.  The Plaintiff's chapter 13 plan also proposed to cure the pre-petition arrears, through February 2002, to  in the amount of $2,442.31.  The Plaintiff further proposed to resume direct payments in May 2002.

14.   Defendant, Select Servicing, filed a sworn proof of claim for the arrearage on the mortgage loan in the amount of $3,225.22.  This claim is identified on the records of the Clerk of Court as claim number 3.

15.   On or about September 10, 2004, Select Servicing, filed a motion for relief from stay alleging the Plaintiff, as Debtor, was in default on his post-petition mortgage payments.  The motion for relief from stay was ultimately resolved by way of a consent order that provided for curing the post-petition arrears through the Debtor's chapter 13 plan and paying Select Servicing's legal fees and expenses.

16.   The consent order was entered by the Court on October 14, 2004, and approved legal fees and expenses in the total amount of $600.00 to be paid to Select Servicing, through the Debtor's chapter 13 plan.  This amended claim is identified on the records of the Clerk of Court as claim number 8, and was filed by Select Servicing, on November 1, 2004. The trustee has disbursed $2,658.51 as of May 23,2006, toward the arrearage claim.

17.   Subsequent to settling the motion for relief from stay, the Plaintiff's bankruptcy attorney served a "qualified written request", under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) (hereinafter, RESPA), to the Defendant on May 18, 2006.

18.   The Plaintiff's bankruptcy attorney received a RESPA response from Isha Rush, Customer Advocate, Select Servicing, on or about May 24, 2006.  The response included a payment history and fees due inquiry.

19.    The RESPA response indicated that Defendant added at least as much as $400.00 for pre-petition collection fees and costs as well as $400.00 for attorney fees / Proof of Claim fees. Furthermore, the Defendant disclosed the following fees that were also assessed post petition:

| DATE | DESCRIPTION | FEE |
|---|---|---|
| June 7, 2002 | Inspection fee | $11.35 |
| July 12, 2002 | Inspection fee | $11.35 |
| September 23, 2002 | Undisclosed bankruptcy legal cost | $456.00 |
| January 21, 2004 | Broker Price opinion | $85.00 |
| September 10, 2004 | Undisclosed bankruptcy attorney fees | $550.00 |
| November 2, 2004 | Broker Price opinion | $85.00 |
| May 5, 2005 | Broker Price opinion | $85.00 |
| November 14, 2005 | Broker Price opinion | $85.00 |
| May 18, 2006 | Unknown corporate advance | $722.35 |
| | TOTAL = | $2,091.35 |

20.    All of said fees were assessed post-petition. The Plaintiff asserts that none of the fees have been approved by the bankruptcy court and are otherwise unreasonable and excessive.

21.    The Debtor asserts that Select Servicing has improperly assessed his mortgage loan improper, unauthorized and illegal fees and charges; has improperly posted his post-petition mortgage payments; and has furthermore failed to properly credit the Debtor's account with post-petition disbursements from the office of the chapter 13 trustee.

22.    The Plaintiff has been damaged by the Defendant's actions in that he has been and continues to be forced to expend his time and expenses to enforce his rights and has incurred substantial and significant legal fees and expenses in connection therewith. The Plaintiff has also been in fear of losing his home.

**COUNT I**

**VIOLATION OF THE AUTOMATIC STAY**

23.    The Plaintiff adopts and incorporate paragraphs 1 through 22 as if fully set out herein.

24.    The Defendant's actions in imposing improper, unauthorized and unapproved fees and charges to the Plaintiff's mortgage loan account constitutes a gross violation of the automatic stay as set forth in 11 U.S.C. §362(a)(3).

25.    The imposition of the unapproved fees constitutes unlawful and illegal bankruptcy fees in violation of the automatic stay and inconsistent with the bankruptcy code.

**Page 3 of 5**

26.  By violating 11 U.S.C. §362, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

## COUNT II

## FAIR DEBT COLLECTION PRACTICES ACT (F.D.C.P.A.)

27.  The Plaintiff adopts and incorporates paragraphs 1 through 26 as if fully set out herein.

28.  The Defendant violated the F.D.C.P.A.  The Defendant's violations include, but are not limited to, engaging in any conduct for natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  15 U.S.C. §1692d.

29.  By violating the F.D.C.P.A., the Defendant is liable to the Plaintiff for actual damages, statutory damages of $1,000.00 and attorney fees.

## COUNT III

## VIOLATION OF 11 U.S.C. §§105 & 506

30.  The Plaintiff adopts and incorporates paragraphs 1 through 29 as if fully set out herein.

31.  The Defendant's actions by charging post-petition legal fees and expenses as alleged herein without prior notice or court approval constitutes willful, intentional, gross and flagrant violations of the provisions of 11 U.S.C. §§105 & 506.  The charges further violate F.R.B.P. 2016 which provides, in pertinent part, that: "an entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amount request."

32.  As a result of the above violations, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

## COUNT IV

## IMPROPER AND UNAUTHORIZED FEES

33.  The Plaintiff adopts and incorporates paragraphs 1 through 32 as if fully set out herein.

34.  The Plaintiff asserts, upon information and belief, that the actions alleged herein are acts in violation of 11 U.S.C. §506, that the fees charged by the Defendant was not part of the underlying agreement by and between the Plaintiff and the Defendant, and that the fees and costs are otherwise unreasonable and excessive.

35.  As a result of the above violation, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

WHEREFORE, the Plaintiff has set forth his claims for relief against the Defendant respectfully prays of the court as follows:

A.    That the Plaintiff have and recover against the Defendant a sum to be determined by the court in the form of actual damages;

B.    That the Plaintiff have and recover against the Defendant a sum to be determined by the court in the form of statutory damages;

C.    That the Plaintiff have and recover against the Defendant a sum to be determined by the court in the form of punitive damages;

D.    That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E.    That this court order the Defendant to pay additional actual damages and statutory damages in a sum to be determined by the court for violating the F.D.C.P.A. pursuant to 15 U.S.C. §1692k;

F.    That the Plaintiff have such other and further relief as the court may deem just and proper.

Respectfully submitted this **10**th  day of **July**, 2006.

                                        BROCK & STOUT


                                        */s/ David G. Poston*
                                        David G. Poston, Esq.
                                        Michael D. Brock, Esq.
                                        Gary W. Stout, Esq.
                                        Post Office Drawer 311167
                                        Enterprise, Alabama 36330
                                        334-671-5555
                                        334-671-2689 Facsimile
                                        Email christal02@centurytel.net

*EXHIBIT "I"*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JIMMY D. SAYLOR and        )      **CHAPTER** 13
TAMMIE M. SAYLOR        )
     DEBTOR(S).           )
                           )      **CASE NO.** 05-07255-BGC-13
                           )
                           )      **ADVERSARY PROCEEDING NO.**
                           )      06-08035
                           )

### MOTION TO DISMISS

COMES NOW, Michael E. Bybee, counsel for Creditor, Fairbanks Capital Corp. n/k/a Select Portfolio Servicing, Inc., as servicing agent for Eastern Mortgage Services, Inc.,( herein after referred to as "SPS") and requests this Honorable Court to dismiss the above-styled case due to Debtor's failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Michael E. Bybee
**MICHAEL E. BYBEE**
ATTORNEY FOR CREDITOR
2107 Fifth Avenue North, Suite 200
Birmingham, Alabama  35203-3387
(205) 252-1622

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **Motion to Dismiss** has been served upon the following via the United States Mail, properly addressed and postage prepaid:

Trustee
Curtis C. Reding
P.O. Box 173
Montgomery, AL 36101

Attorney for Debtor
David G. Poston, Esq.
P.O. Drawer 311167
Enterprise, AL 36330

DATED this the   10th   day of  August, 2006.

/s/ Michael E. Bybee
MICHAEL E. BYBEE

*EXHIBIT "J"*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | BANKRUPTCY CASE NO. |
| | * | |
| JIMMY D. SAYLOR and | * | 02-80576 |
| TAMMIE M. SAYLOR | * | |
| Debtors. | * | CHAPTER 13 CASE |
| | * | |
| | * | |
| JIMMY D. SAYLOR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | A.P. No. 06-08035 |
| | * | |
| SELECT PORTFOLIO SERVICING, INC., | * | |
| | * | |
| Defendant. | * | |

## ANSWER

COMES NOW, Fairbanks Capital Corp. n/k/a Select Portfolio Servicing, Inc., as servicing agent for Eastern Mortgage Services, Inc., (herein after referred to as "SPS"), by and through counsel in the above-styled case and files the following Answer and hereby states unto this Honorable Court as follows:

### I. INTRODUCTION

1.      No response is required, therefore the defendant(s) deny the allegation in paragraph one.

2.      No response is required, therefore the defendant(s) deny the allegations in paragraph two.

### II. JURISDICTION AND VENUE

3.      Defendant(s) are without sufficient information to neither admit or deny paragraph three, therefore, deny the allegations.

4.      Defendant(s) are without sufficient information to neither admit or deny paragraph four, therefore, deny the allegations.

1

5.      Defendant(s) are without sufficient information as to the first sentence to neither admit or deny, therefore, deny the allegations. No response is required of the second sentence of paragraph five, therefore deny.

6.      Defendant(s) admit the allegation as described in paragraph six.

### III. PARTIES

7.      Defendant(s) admit the allegation as described in the first and second sentence of paragraph seven.  No response is required, as to the last sentence of paragraph seven.

8.      Defendant(s) admit the allegation as described in paragraph eight.

### IV. FACTUAL ALLEGATIONS

9.      The record speaks for itself as to the allegation as described in paragraph nine.

11.     The record speaks for itself as to the allegation as described in paragraph eleven.

12.     The record speaks for itself as to the allegation as described in paragraph twelve.

13.     Defendant(s) are without sufficient information to neither admit or deny paragraph thirteen, therefore, deny the allegations.

14.     The record speaks for itself as to the allegation as described in paragraph fourteen.

15.     The record speaks for itself as to the allegation as described in paragraph fifteen.

16.     Defendant(s) are without sufficient information to neither admit or deny paragraph sixteen, therefore, deny the allegations

17.     Defendant(s) are without sufficient information to neither admit or deny paragraph seventeen, therefore, deny the allegations.

18.     Defendant(s) are without sufficient information to neither admit or deny paragraph eighteen, therefore, deny the allegations.

19.     Defendant(s) are without sufficient information to neither admit or deny paragraph nineteen, therefore, deny the allegations.

20.     Defendant(s) are without sufficient information to neither admit or deny paragraph twenty therefore, deny the allegations.

21.        Defendant(s) deny the allegation as described in paragraph twenty-one.

22.        Defendant(s) deny the allegation as described in paragraph twenty-two.

<u>COUNT I</u>

VIOLATION OF THE AUTOMATIC STAY

23.        The Defendant(s) adopts its answers 1 through 22 as if fully set out herein.

24.        Defendant(s) deny the allegations in paragraph twenty-four.

25.        Defendant(s) deny the allegations in paragraph twenty-five.

26.        Defendant(s) deny the allegations in paragraph twenty-six.

COUNT II

FAIR DEBT COLLECTION PRACTICES ACT (F.D.C.P.A.)

27.        The Defendant(s) adopts and incorporates its responses 1 through 26 as if fully set out herein.

28.        Defendant(s) deny the allegations in paragraph twenty-eight.

29.        Defendant(s) deny the allegations in paragraph twenty-nine.

COUNT III

VIOLATION OF 11 U.S.C. §§ 105 & 506

30.        The Defendant(s) adopts and incorporates its responses 1 through 29 as if fully set out herein.

31.        The Defendant(s) deny the allegations in paragraph thirty-one.

32.        The Defendant(s) deny the allegations in paragraph thirty-two.

COUNT IV

IMPROPER AND UNAUTHORIZED FEES

33.        The Defendant(s) adopts and incorporates its responses 1 through 32 as if fully set

3

out herein.

34.        The Defendant(s) deny the allegations in paragraph thirty-four.

35.        The Defendant(s) deny the allegations in paragraph thirty-five.

## FIRST AFFIRMATIVE DEFENSE

Defendant pleads that any award of punitive damages to the plaintiff in this case will be violative of the Fifth Amendment as well as the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

## SECOND AFFIRMATIVE DEFENSE

Defendant pleads that an award of punitive damages to plaintiff in this case will be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

## THIRD AFFIRMATIVE DEFENSE

Defendant pleads that an award of punitive damages to plaintiff in this case will be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interest.

## FOURTH AFFIRMATIVE DEFENSE

Defendant pleads that any award of punitive damages to plaintiff in this case will be violative of the procedural safeguards provided to the defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## FIFTH AFFIRMATIVE DEFENSE

Defendant pleads it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this defendant punitive damages, which are penal in nature, yet compel defendant to disclose potentially incriminating documents and evidence.

## SIXTH AFFIRMATIVE DEFENSE

4

Defendant pleads it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this defendant, which are penal in nature, by requiring burden of proof on plaintiff which is less than "beyond a reasonable doubt", burden of proof required in criminal cases.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads that any award of punitive damages to the plaintiff in the case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

The defendant pleads the defense of estoppel.

## TENTH AFFIRMATIVE DEFENSE

The defendant, without admitting any wrongdoing on the defendant's part, pleads the defense of contributory negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendant pleads the defense of partial satisfaction

## TWELFTH  AFFIRMATIVE DEFENSE

The defendant pleads in defense of "clean hands" doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

The defendant pleads the defense of res judicata.

## FOURTEENTH AFFIRMATIVE DEFENSE

The defendant pleads the defense of settlement.

## FIFTEENTH AFFIRMATIVE DEFENSE

5

The defendant pleads the defense of collateral estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

The defendant pleads the defense of consent.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant pleads the defense of the statute of frauds.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The defendant pleads the defense of acquiescence.

### NINETEENTH AFFIRMATIVE DEFENSE

The defendant pleads the defense of failure of consideration.

### TWENTIETH AFFIRMATIVE DEFENSE

The defendant pleads the defense of laches.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The defendant pleads the defense of res judicticata

The defendant pleads any other matter which constitutes an avoidance or affirmative defense. Defendant reserves the right to supplement its answer, as further defenses are revealed through discovery and prosecution of this case.

WHEREFORE, the premises considered, the defendant, SPS, respectfully requests that all requests of Plaintiff's prayer for relief be denied, the defendant be awarded attorneys fees for defense of this Complaint, and that such other and further relief be afforded the Defendant, SPS.

/s/ Michael E. Bybee
MICHAEL E. BYBEE
Attorney for the Defendant(s)
2107 Fifth Avenue N, Suite 200
Birmingham, Al 35203-3387
(205) 252-1622 Telephone
(205) 252-2888 Fax
6539-N-2245

6

## CERTIFICATE OF SERVICE

I hereby certify that on the __30th__ day of __August__, 2006, I have served a copy of the above and foregoing on all parties in interest via united States Mail and/or electronic notification by the court:

**ATTORNEY FOR PLAINTIFF/DEBTOR**
David G. Poston
P.O. Drawer 6504
Dothan, AL 36302-6504

**TRUSTEE**
Curtis C. Reding
P.O. Box 173
Montgomery, AL 36101


 /s/ Michael E. Bybee
          Michael E. Bybee

7

*EXHIBIT "K"*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | BANKRUPTCY CASE NO. |
| | * | |
| JIMMY D. SAYLOR and | * | 02-80576 |
| TAMMIE M. SAYLOR | * | |
| Debtors. | * | CHAPTER 13 CASE |
| | * | |
| | * | |
| JIMMY D. SAYLOR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | A.P. No. 06-08035 |
| | * | |
| SELECT PORTFOLIO SERVICING, INC., | * | |
| | * | |
| Defendant. | * | |

**BRIEF**

COMES NOW, Defendant, Select Portfolio Servicing, Inc.,("SPS") and offers this brief in support its motion to dismiss.  Defendant, SPS states as follows:

In review of a motion to dismiss the court "...is required to view the complaint in the light most favorable to the plaintiff." Murphy v. Federal Deposit Insurance Corporation 208 F. 3d 959, 962 (11th Cir. 2000).  Also, the court must accept, at least for motion to dismiss purposes, the allegations of the complaint as true.

Despite the high requirements set by the standard of review, the instant case does not pass muster.  SPS urges this court to review the Plaintiff's "factual allegations" (although SPS denies the material allegations as set out) and determine what claim can be asserted even if, arguendo said allegations are considered for the moment to be true.

In count one, Plaintiff alleges a violation of automatic stay.  The offense; a response to written inquiry by Defendant's counsel demanding information under R.E.S.P.A.  The "facts"

1

allege no other act except this. Literally Plaintiff alleges that because the charges listed in the response letter were (not wrong) unreasonable, that the content violates the provisions of §362. Assuming the Plaintiff's allegation as the whether the content was correct or not to be true, the letter itself does not or cannot constitute "an act" with the meaning of §362, particularly in response to the Defendant's demand under R.E.S.P.A. (for which movant could have been liable had it not responded). Movant is unfairly prejudiced by the two-pronged dilemma of responding, either having to defend Count I of this complaint or defend the presumably alternate R.E.S.P.A violation complaint. It is important to note that the Debtor chooses to ignore the claims process of the Bankruptcy Code, choosing instead to "bootstrap" an automatic stay violation. Keep in mind the letter sent to counsel was a response to Debtor's demand and expressly disclaimed any attempt to collect what Debtor is in Bankruptcy.

No other "act" is cited by Plaintiff's "factual allegations". The Federal Rules require only a "....short and plain statement of the claim". Nonetheless, in making said statement it must correlate to the claim. In the instant case, the statement claims offer nothing upon which to have relief. Moreover, Telfair is on point clearly determining the issue not to be violative of §362. Telfair v. 1st Union Mortgage Corp. 216 F.3d 1333 (11th Cir. 2000).

A review of the F.D.C.P.A. claim in the Plaintiff's complaint shows no claim for which relief can be granted. Again, in review the facts alleged, no F.D.C.P.A. claim arises. F.D.C.P.A looks to the conduct of the collector not the underlying debt.(emphasis added) Transamerica Financial Services v. Sykes. W 98-2586 (7th Circ.), McCartny v. Citibank 870. F.2d 45 (5th Circ. 1992). The complaints only allegation is that the amounts listed in the response letter constitute a violation of F.D.C.P.A., yet the Court in the Telfair decision clearly sets out that what may be state court claim but is not Bankruptcy court claim. Telfair v. 1st Union Mortgage Corp.

2

216 F.3d 1333 (4th Circ. 2000). Moreover, there was no "demand" necessary to trigger

F.D.C.P.A claim, only a response to Plaintiff's demand letter.

Additionally, Judge Williams in Shortsleeves v. Centurytel 2006.W.L. 257 1950

(BKRTCY. M.D.A.L.A.) also points out the parameters of a F.D.C.P.A claim as well as to the

Bankruptcy Court's jurisdiction pursuant to such claims.

The allegations of count three fail simply because sections 105 and 506 of the

Bankruptcy Code cited do not avail relief requested by the Plaintiff. Further Telfair applies as

well. Telfair v. 1st Union Mortgage Corp. (supra).

Finally, the allegations of Count four are exactly what Telfair (supra) determines to be

non-bankruptcy . Telfair points out , that at best, the allegations are beyond the provision of the

Bankruptcy court, and may have claim in the state court forum.

As the Debtor has been discharged, he is free to pursue said state court claim, if it exists,

but not this lawsuit at it is filed in Bankruptcy Court.

WHEREFORE, Movant respectfully moves this court to dismiss this complaint and

allow such other remedies as are appropriate.

Respectfully Submitted,

/s/ Michael E. Bybee
MICHAEL E. BYBEE
Attorney for the Defendant(s)
2107 Fifth Avenue N, Suite 200
Birmingham, Al 35203-3387
(205) 252-1622 Telephone

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the __27th__ day of __ September __, 2006, I have served a copy of the above and foregoing on all parties in interest via united States Mail and/or electronic notification by the court:

**ATTORNEY FOR PLAINTIFF/DEBTOR**
David G. Poston
P.O. Drawer 6504
Dothan, AL 36302-6504

**TRUSTEE**
Curtis C. Reding
P.O. Box 173
Montgomery, AL 36101

 /s/ Michael E. Bybee
Michael E. Bybee

4

*EXHIBIT "L"*

```
FILED
OCT 1 9 2006
U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: |
| | ) | |
| JIMMY D. SAYLOR, & | ) | 02-80576 |
| TAMMIE M. SAYLOR, | ) | |
| | ) | |
| DEBTORS. | ) | CHAPTER 13 CASE |

**********************************************************************

| | | |
|---|---|---|
| JIMMY D. SAYLOR, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | A.P. NO.: |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

COMES NOW the Plaintiff, JIMMY D. SAYLOR, by and through the undersigned attorney, in response to the Defendant's Motion to Dismiss.

The Plaintiff, JIMMY D. SAYLOR, (hereinafter "SAYLOR") filed the instant adversary proceeding on July 10, 2006. Saylor's complaint alleges that the Defendant, SELECT PORTFOLIO SERVICING, INC., (hereinafter "SELECT PORTFOLIO") as mortgage servicer attempted to collect undisclosed pre-petition and post-petition attorney fees, legal costs, and other miscellaneous debt in violation of the bankruptcy automatic stay 11 U.S.C. § 362 et sec. The Complaint also alleges that the Defendant violated other provisions of Title 11 by charging to the Plaintiff's home mortgage balance undisclosed post-petition legal fees and expenses in excess of legal fees allowed by this court's order dated October 14, 2004. As to the allegations regarding the Defendant's violation of

**Page 1 of 16**

the Fair Debt Collections Practices Act, Saylors will amend his complaint to remove that count pertaining to the FDCPA. In addition to removing the FDCPA count, the Plaintiff will amend his complaint to remove the allegations pertaining to violations of 11 U.S.C. § 506.

## II. UNDISPUTED FACTS

1.    Jimmy Saylor, as Debtor, filed a Chapter 13 bankruptcy case on April 29, 2002.

2.    In accordance with the requirements of Chapter 13, Saylor filed a Chapter 13 Plan and proposed to cure certain pre-petition mortgage arrears to the Defendant through the Chapter 13 Trustee.

3.    The Defendant filed its sworn Proof of Claim regarding the mortgage arrearage on August 2, 2002. The itemized claim, identified on the record as Claim Number 3, stated a total pre-petition arrearage in the amount of $3,225.32.

4.    Claim Number 3 itemized the total pre-petition amount as follows:

    a)   $2,325.32 – Past due mortgage payments including late charges;
    b)   $500 – Pre-petition collection fees/costs;
    c)   $400 – Proof of Claim costs.

5.    During the pendency of Saylor's Chapter 13 Bankruptcy case, the Plaintiff fell behind on his mortgage payments and the Defendant filed a Motion for Relief from Stay on September 10, 2004.

6.    To resolve the post-petition arrearage claim, Saylor's bankruptcy attorney reached an agreement with the Defendant, in the form of an agreement to modify the Plaintiff's chapter 13 plan which this Court ratified by Order entered on October 14, 2004.

7.    The agreed Order, between SAYLOR and the Defendant, modified Saylor's Plan and provided for curing the post-petition arrearage through the Chapter 13 Plan and payment of $600 in attorney fees and court costs also to be paid through the Chapter 13 Plan.

**Page 2 of 16**

8.   The Defendant filed its amended claim November 1, 2004, and is identified on the records
     of the Clerk of Court as Claim Number 8.

9.   In its post-petition Proof of Claim, the Defendant disclosed $600 in attorney fees and
     court costs which was approved by this Honorable Court in the Order entered on October
     14, 2004.

10.  On May 18, 2006, pursuant to the Real Estate Settlement and Procedures Act, Saylor's
     bankruptcy attorney submitted a Qualified Written Request (hereinafter "QWR") to review
     the loan transaction history.

11.  The Defendant responded to the QWR with a five (5) page transaction history detailing all of
     the mortgage loan activity.  A copy of the transaction history is attached hereto as "Exhibit
     A."

12.  The mortgage loan transaction history details legal fees and legal costs assessed to the
     Plaintiff's mortgage balance throughout the duration of Saylor's Chapter 13 bankruptcy
     case.

13.  The transaction history, identified as "Exhibit A", provided evidence that the Defendant
     charged Saylor's $500 foreclosure attorney fees on July 9, 2002; $200 bankruptcy
     attorney fees on July 31, 2002; and, $200 bankruptcy legal costs on July 31, 2002.  All of
     these legal fees and costs were disclosed in the Defendant's Proof of Claim identified on
     the record as Claim Number 3.

14.  The transaction history, identified as "Exhibit A", provided further evidence that the
     Defendant charged Saylor's mortgage account $456 in bankruptcy legal costs on
     September 23, 2002.  The $456 bankruptcy legal cost was not disclosed in Proof of Claim
     Number 3 and was previously unknown to the Plaintiff until the Defendant provided the
     "Exhibit A" transaction history.

**Page 3 of 16**

15.    In further response to the QWR, the Defendant submitted an itemized "PAYOFF STATEMENT" detailing the amount necessary for the Plaintiff to "payoff" his mortgage loan. The "PAYOFF STATEMENT" provides that the "payoff statement expires and is void after 06-23-06." Page 2, paragraph 3, payoff statement, attached hereto as Exhibit "B."

16.    The "PAYOFF STATEMENT" also provides that "additional legal fees or costs associated with the servicing of your loan may accrue daily ... ." Id at paragraph 5.

17.    The "PAYOFF STATEMENT" even further provides that "[a] copy of the payoff statement must accompany your payoff check." Id at page 3, paragraph 8.

18.    In the agreed Order entered on October 14, 2004, this Honorable Court allowed an additional attorney fee and court costs in the total amount of $600 for the fees and costs associated with the Defendant filing a Motion for Relief from Stay.

20.    In the transaction history, identified as "Exhibit A", the Defendant provided evidence that the Defendant charged the Plaintiff $550 on September 10, 2004, for bankruptcy attorney fees; $400 on September 10, 2004, for bankruptcy legal costs; and, $200 on November 2, 2004, for bankruptcy attorney fees.

21.    Of the $1,150 in bankruptcy attorney fees and costs charged to the Plaintiff's mortgage loan, post-confirmation, and in connection with the Motion for Relief from Stay, only $600 was disclosed and allowed by this Honorable Court.

22.    In addition to the excess legal fees and costs, not disclosed and not approved by this Honorable Court, the Defendant charged the Plaintiff an undisclosed property inspection fee on June 7, 2002, in the amount of $11.35; an undisclosed property inspection fee in the amount of $11.35 on July 12, 2002; a broker price opinion in the amount of $85.00 on January 21, 2004; a broker price opinion in the amount of $85.00 on November 2, 2004; a broker price opinion in the amount of $85.00 on May 5, 2005; and, a broker price

**Page 4 of 16**

opinion in the amount of $85.00 on November 14, 2005. In addition, the Defendant charged $722.35 to the Plaintiff's mortgage loan balance on May 18, 2006, for a cost-labeled corporate advance.

23.    In summary, the transaction history, identified as "Exhibit A", reveals total fees charged to Saylor's mortgage loan in the amount of $3,591.05. Of this amount, only $1,500.00 was disclosed and $2,091.05 were undisclosed.

24.    Of the undisclosed fees, $1,006.00 represents attorney fees and costs that were not disclosed or approved.

25.    On July 10, 2006, Saylor, by and through the undersigned attorney, initiated this adversary proceeding against the Defendant, for violating 11 U.S.C. §§ 105, 362, 506, and Federal Rule of Bankruptcy Procedure 2016. In addition, the Plaintiff also alleges violations of the Fair Debt Collection Practices Act.

26.    On August 10, 2006, the Defendant filed a Motion to Dismiss pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6) alleging that the Plaintiff failed to state sufficient grounds in his Complaint upon which relief could be granted.

27.    On September 27, 2006, the Defendant filed a brief in support of its motion to dismiss.

28.    The Plaintiff presents the instant brief in opposition to the Defendant's Motion to Dismiss.

### III. LEGAL ISSUES

1.    Is the holding in Telfair v. First Union Mortg. Corp., 216 F.3d 1333 (11th Cir. 2000) of such a specific nature as to allow this Court to dismiss the instant case for failure to state a claim upon which relief may be granted? No. The Telfair decision was very fact specific. There is no evidence before this Honorable Court to allow it an opportunity to decide whether undisclosed legal fees should have been included in the Defendant's proof of claim, paid by the trustee, and therefore property of the bankruptcy estate.

**Page 5 of 16**

2.   Is there sufficient evidence before this Honorable Court to determine whether the legal

services, for which the fees where charged, were rendered before or after confirmation?

No.  There is no evidence before this Honorable Court to allow it an opportunity to

determine when, or if, legal services were rendered prior to confirmation.

3.   Can a mortgage servicer (the defendant) add undisclosed pre-confirmation legal fees to the

mortgagor's (the Plaintiff) principal loan balance during the course of a chapter 13 plan

repayment without violating the mandates of 11 U.S.C. § 362?  No.  The Telfair decision

only concerned charges not effecting the estate and occurring post-confirmation.

4.   Can the Court award damages and attorney fees pursuant to its inherent and statutory

contempt powers, as defined by 11 U.S.C. § 105, against the defendant for charging

undisclosed legal fee in excess of an amount previously allowed by Court Order?  Yes.  This

Honorable Court "may issue any ... judgment that is necessary or appropriate to carry out

the provisions of [Title 11]." 11 U.S.C. § 105.

5.   Does the submission of a "payoff statement" in response to a Qualified Written Request

constitute an act to collect a debt in accordance with 11 U.S.C. § 362(a).  Yes.  The payoff

statement constitutes an amount that the Defendant claims is due and owing.  Specifically,

a "PAYOFF STATEMENT" "must accompany [a] payoff check."

### IV.  ARGUMENT & ANALYSIS

1.   The Defendant filed its Motion To Dismiss pursuant to Federal Rule of Bankruptcy Procedure

7012(b)(6).  Rule 7012 makes Rule 12(b)(6), of the Federal Rules of Civil Procedure,

applicable in all bankruptcy adversary proceedings.

2.   This Honorable Court should only grant a Motion To Dismiss when the movant demonstrates

"beyond doubt that the Plaintiff can prove no set of facts in support of his claim which

**Page 6 of 16**

would entitle him to relief." <u>Harper v. Blockbuster Entm't Corp.</u>, 139 F.3d 1385, 1387 (11th Cir. 1998) (citations omitted).

3.    This Honorable Court must "accept as truth all well-pleaded factual allegations and...view them in a light most favorable to the nonmoving party." <u>Looney v. Hyundai Motor Mfg. Ala., LLC</u>, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004) (citations omitted).

4.    The Defendant alleges that the mere response to a Qualified Written Request cannot constitute an "act" to collect a debt in violation of 11 U.S.C. § 362(a).  That is, the Defendant merely responded to a legal obligation and should not be liable for providing its response.

5.    The Defendant's argument falls short.  The Defendant argues that it actually assessed undisclosed fees to the loan, did not intend to reveal them to anyone, but since it had a legal obligation to comply with the RESPA request it should not be penalized now for having to tell the truth.  The Defendant is not entitled to a <u>Miranda</u> warning.  The Defendant's argument suggests that the Plaintiff coerced a confession.  The Plaintiff did not force the Defendant to pick which law to violate.

6.    The payoff statement contains "Advance Balances" equal to the amount of post-petition fees, both disclosed and undisclosed.  Because a "payoff statement must accompany [a] payoff check, the payoff statement alone is sufficient evidence of the Defendant's attempt to collect a debt.

7.    In viewing the allegations in a light most favorable to the Plaintiff, this Honorable Court could conclude, without further evidence, that the "PAYOFF STATEMENT" is an attempt to collect a debt.  After all, the Plaintiff must include a "payoff statement" with his payoff check.  <u>See</u> Exhibit "B", page 3, paragraph 8.

**Page 7 of 16**

8.   In its brief in support of the Motion To Dismiss, Defendant cites to the Eleventh Circuit decision of _Telfair_ as standing for the proposition that it may charge undisclosed post confirmation fees without violating the provisions of 11 U.S.C. § 362(a)(3) or (4). _Telfair v. First Union Mortg. Corp._, 216 F.3d 1333 (11th Cir. 2000).

9.   Contrary to Defendant's assertion, _Telfair_ does not create a _carte blanc_ rule of law permitting the Defendant mortgage servicer to charge undisclosed fees, to the mortgagor's principal balance, absent court inquiry as to the potential effect of the undisclosed fees on the Debtor's bankruptcy estate.  Instead, _Telfair_ creates a rule of law to reconcile 11 U.S.C. §§ 1306 and 1327 to determine the definition of estate property in chapter 13 post confirmation.

10.  Because the Defendant's 12(b)(6) Motion To Dismiss does not provide evidence as to the impact or effect of the undisclosed fees, this Honorable Court cannot glean, from the undisputed facts, whether the undisclosed fees impact the bankruptcy estate.

11.  In discussing the rationale as set forth in _Telfair_, Judge Margaret Mahoney pointed out that pre confirmation fees are necessarily included in a secured creditor's proof of claim "in a chapter 13 bankruptcy case,...." _Harris v. First Union Mortg. Corp._ (In re Harris), 2002 Bankr. LEXIS 771, 17 (Bankr. D. Ala. 2002).

12.  Judge Mahoney made further reference to the fact that pre confirmation legal fees are a necessary part of a mortgage servicer's secured claim.  _Harris v. First Union Mortg. Corp_ at 17.  Furthermore, "the proof of claim fee must be disclosed so that the Debtor knows the fee is part of the secured claim.  Second, the fee should be included in the arrearage claim portion of the debt so that the Debtor can pay the fee through his or her plan as allowed by 11 U.S.C. § 1322(b)(5)." _Id_.

**Page 8 of 16**

13.    In the instant case, the Plaintiff asserts that a pre-petition pre-confirmation legal fee was included in the Defendant's proof of claim. Further, the Plaintiff asserts that an undisclosed pre-petition pre-confirmation fee was charged to the Plaintiff's mortgage balance. See Plaintiff's Complaint at ¶ 19.

14.    The Plaintiff's Chapter 13 plan was confirmed on September 18, 2002. Although the Defendant charged $456.00 of undisclosed bankruptcy legal costs on September 23, 2002, there is no evidence available to indicate the nature of such costs, and whether it was incurred pre or post-confirmation. For this reason alone, the Defendant's Motion To Dismiss must fail. Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (citations omitted), Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004) (citations omitted).

15.    It is beyond comprehension that the Telfair Court holding permits mortgage servicers to indiscriminately charge undisclosed fees, at a time of its choosing, to manipulate the provisions of the bankruptcy code to determine whether property is property of the bankruptcy estate. In viewing the facts in a light most favorable to the Plaintiff, the Court may conclude that the Defendant's failure to disclose additional legal fees is a manipulation of estate property. Alternatively, the Court may conclude that the undisclosed legal fees should have been included in the Defendant's proof of claim, and should have been paid in arrears through the Chapter 13 Trustee with estate property.

16.    The Court in Telfair held that a mortgage servicer might charge post confirmation fees and later collect those fees after a Chapter 13 Debtor's discharge. Telfair v. First Union Mortg. Corp., 216 F.3d 1333 (11th Cir. 2000). The Court's holding, however, applied only to post confirmation fees. As discussed supra, there is no viable evidence for this Court to

**Page 9 of 16**

ascertain the exact nature of the $456.00 bankruptcy legal charge assessed to the Plaintiff's account on September 23, 2002. Because the fee was assessed in such close proximity to the confirmation date, to wit: September 18, 2002, it stands to reason that the service, for the fee, accrued prior to confirmation. If so, 11 U.S.C. § 1306 mandates that all of the Debtor's property pre-confirmation remains property of the bankruptcy estate. An attempt to later collect those fees runs afoul of 11 U.S.C. §§ 362(a)(3) & (4). That is, if the alleged legal service, and subsequent fee, concerned pre-confirmation activity, the Defendant violated the § 362(a) when it attempted to collect those fees.

17. It is undisputed that the Plaintiff, as Debtor, fell behind on his mortgage payments. On September 10, 2004, some two years after filing for Chapter 13 bankruptcy relief, the Defendant filed a Motion For Relief From Automatic Stay. Implicit in the Defendant's request for relief from the automatic stay is that the Plaintiff was in default on his mortgage payments. To resolve the post petition, post confirmation default the Debtor's had to cure the delinquency and put his mortgage in such position that it was current when he completed the chapter 13. The mortgage default was cured by plan modification whereby the Plaintiff's bankruptcy counsel and the Defendant's bankruptcy counsel entered into a consent agreement. The Consent Order was entered by this Honorable Court on October 14, 2004.

18. The October 14, 2004, Consent Order, modified the Debtor's plan to provide that "([the] Debtor's) post petition arrearage due Select Servicing..., plus attorney fees / costs and court costs in the amount of $600.00, is to be included by the Debtor(s) plan. The Debtor(s) plan shall be amended to include the aforementioned post petition arrearage, fees and costs due Select Servicing...." This Honorable Court confirmed the modified plan on October 14, 2004. _See_ docket entry number 33, Debtor's Chapter 13 docket report.

**Page 10 of 16**

19. 11 U.S.C. § 1329 allows the Debtor to modify his plan after confirmation. Specifically, 11 U.S.C. § 1329(b)(2) provides that "[the] plan as modified becomes the plan...."

20. In the instant case, the Defendant had two (2) opportunities to file a proof of claim pertaining to mortgage arrears. In the first instance, the Defendant filed a "pre petition arrearage proof of claim" on August 2, 2002, and affirmed that the "Debtor(s) is / are indebted to the claimant [in the amount of] pre-petition collection fees / costs $500.00 [and] attorney's fees / costs (proof of claim) $400.00. The proof of claim makes no reference to other bankruptcy legal fees or costs associated with the pre petition arrears. Furthermore, the Defendant did not modify its proof of claim to include any additional pre-petition arrears.

21. In accordance with the modified plan, the Defendant filed a sworn proof of claim, identified as claim number 8 on the records of the Clerk of Court, and affirmed that "the amounts of all payments on this claim have been credited and deducted for the purpose of making this claim." Furthermore, the Defendant stated that the Debtor was "indebted to the claimant as follows...post petition attorney's fees / costs (per Court's Order dated October 14, 2004) $600.00."

22. In both instances, the Defendant asserted that it was entitled to certain legal fees and costs. That is, legal fees and costs were disclosed and included in the proof of claims. In reliance on the amount necessary to cure the arrears, and in accordance with 11 U.S.C. § 1322(b)(3), the Plaintiff / Debtor proposed to cure the alleged default.

23. To cure the default, including the alleged legal fees, the Debtor proposed payments through the Chapter 13 Trustee.

**Page 11 of 16**

24.    In accordance with the <u>Telfair</u> decision, the Debtor originally proposed to pay plan

payments, with estate property, to cure the original arrearage. After he (the Plaintiff /

Debtor) fell in arrears on his post petition payments, the Debtor increased his Chapter 13

plan payments, with estate property, to cure the post petition arrears. In viewing the

evidence in a light most favorable to the Plaintiff, this Court may conclude that undisclosed

legal fees should have been included with both proof of claims, and should have therefore

been paid for with estate property. <u>Telfair</u> does not stand for the proposition that the

Defendant my withhold an arrearage amount to manipulate estate property.

25.    The Defendant's argument that it should be allowed the option of charging whatever

professional legal fees it sees fit, only to hide under the shadow of <u>Telfair</u> so long as the

legal fees were allegedly added post confirmation, not disclosed and collected post

discharge.

26.    If allowed, the Defendant's rationale makes certain provisions of Chapter 13 obsolete and

nonfunctional.

27.    As Judge Mahoney pointed out, a creditor "cannot decide for the Debtor what arrearage or

costs the Debtor may pay in his or her plan and what arrearage he may not pay in his plan

by picking and choosing which...costs to disclose." <u>Harris v. First Union Mortg. Corp.</u> (<u>In re</u>

<u>Harris</u>), 2002 Bankr. LEXIS 771, 19 (Bankr. D. Ala. 2002).

28.    11 U.S.C. § 1332(b)(5) "is a provision of the bankruptcy code which gives the Debtor

options for plan formulation, not the creditor. If the Debtor does not know all of his debts,

he cannot exercise his options most effectively for himself. A creditor should not be able to

dictate to a Debtor which option he selects by its non disclosure." <u>Harris v. First Union</u>

<u>Mortg. Corp</u> at 19.

**Page 12 of 16**

29. The Plaintiff's complaint also seeks to invoke this Honorable Court's inherent and statutory contempt powers as defined by 11 U.S.C. § 105.

30. Again, it is undisputed that the Defendant, in its response to the Plaintiff's QWR, made known certain undisclosed legal fees and costs in excess of those amounts claimed in its pre-petition proof of claim and post-petition proof of claim.

31. In its pre-petition proof of claim, the Defendant affirmed to this Honorable Court that the Plaintiff was indebted to the Defendant in a specific amount regarding legal fees and costs. In fact, the Plaintiff was apparently indebted in an amount greater than that amount affirmed by the Defendant in its proof of claim.

32. After falling behind on his post-petition mortgage payments, the Defendant once again affirmed that the Plaintiff was indebted to the Defendant in a specific amount of post-petition attorney fees and costs. This Honorable Court ratified the attorney fees and costs on October 14, 2004.

33. In an apparent disregard for this Court's October 14, 2004, Order, the Defendant charged an additional $550.00 in bankruptcy attorney fees.

34. The Plaintiff's complaint clearly requests this Honorable Court to invoke its inherent and statutory contempt powers to enforce the amount the Defendant claimed was owed for pre-petition legal fees and to enforce the amount the Defendant claimed was owed for post-petition legal fees.

35. Apparently, the Defendant believes that <u>Telfair</u> allows it to disclose certain legal fees to this Court, allow the Court to enter an order approving such legal fees, and then charge an amount in excess of the Court order. Specifically, the Defendant's response to the Plaintiff's qualified written request indicates that $1,006.00 in undisclosed attorney fees and costs were charged to the Plaintiff's mortgage balance.

**Page 13 of 16**

36. The Eleventh Circuit, in addressing the bankruptcy court's contempt powers, provided that "[the] language of § 105 encompasses any type of order, whether injunctive, compensative, or punitive, as long as it is "necessary or appropriate to carry out the provisions of the bankruptcy code." Hardy v. United States (In re Hardy), 97 F.3d 1384, 1389 (11th Cir. 1996).

37. "Therefore, the focus of the Court's inquiry in civil contempt proceedings is...whether in fact their conduct complied with the order at issue." Howard Johnson Co. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990).

38. Viewed in a light most favorable to the Plaintiff, this Court must assume as true the Plaintiff's assertion that the Defendant violated this Court's prior order allowing a specific amount of attorney fees.

39. The Defendant also suggests that this Court is not the proper forum and suggests that only the Alabama State Court is equipped to hear this action. For the reasons, previously stated, there is sufficient evidence from the Defendant to suggest that it charged undisclosed fees to manipulate property of the bankruptcy estate, in violation of this Court's prior Court Order. Both allegations implicate 11 U.S.C. §§ 105 and 362.

## V. CONCLUSION

Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute prima facie evidence of the validity of the and amount of the claim." In two (2) instances, the Defendant filed proof of claims disclosing certain legal fees. In reliance on the amounts contained in the proof of claim, and in accordance with 11 U.S.C. § 1322(b)(3), the Plaintiff as Debtor formulated his Chapter 13 plan to provide for the curing of certain mortgage defaults. The Chapter 13 plan

**Page 14 of 16**

provision, dealing with his mortgage defaults, necessitated the Debtor committing certain proceeds to fund his Chapter 13 plan. The committed proceeds constituted estate property.

In accordance with the estate transformation approach, as outlined by the Eleventh Circuit, the default was cured through payment of bankruptcy estate property. Unbeknownst to the Plaintiff, and this Honorable Court, the Defendant apparently added additional legal fees to the Plaintiff's mortgage balance. The Eleventh Circuit, in formulating the estate transformation approach, did not hold as a rule of law that mortgage servicers may pick and choose the legal fees that would be disclosed and those that would not be disclosed. In fact, such rule of law perverts the bankruptcy code, thereby rendering certain code sections inoperable.

Although the Defendant has no obligation to file a proof of claim, it decided to pursue treatment under the plan for its secured arrearage claim as evidenced by its filing two proof of claims. Withholding and not disclosing the additional legal fees affected property of the bankruptcy estate. Furthermore, there is no evidence as to when these legal services were performed. In fact, the Court must accept as true that some or all of these legal services were performed pre-petition. If so, the Defendant is attempting to collect a pre-confirmation indebtedness which, by definition, encompasses property of the bankruptcy estate.

This Court also has jurisdiction pursuant to its inherent and statutory contempt powers to enter an appropriate judgment against the Defendant for charging an amount apparently in excess of an amount previously allowed by Court order dated October 14, 2004. For this reason alone, the Defendant's Motion To Dismiss must fail in that the Plaintiff clearly asserted violation of 11 U.S.C. § 105. The Plaintiff requests this Honorable Court deny the Defendant's Motion To Dismiss.

Respectfully submitted this _____ day of _____ 2006.

**Page 15 of 16**

BROCK & STOUT

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal02@centurytel.net

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Michael E. Bybee, Attorney for the Defendant, via electronic mail this **19**th day of October, 2006.

David G. Poston

**Page 16 of 16**

Statement Date: 05/24/2006
Payment Due Date: 02/28/2006
Grace Period: 15 Days
Last Escrow Adj: 04/30/2000
Phone: 888-818-0032

KLT
SAYLOR
3006962033

| Payment Due Date | Transaction Date | Effective Date | Amount Received | Interest Rate | Principal & Interest | Principal Portion | Interest Portion | Additional Principal | Principal Balance | Late Charges | Late Charge Balance | Corporate Advance Activity | Corporate Advance Balance | Escrow/Advance Activity | Escrow/Advance Balance | Optional Items | Other Fees | Other Fees Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Beginning Balance | | | | | | $.00 | $.00 | | $0.00 |
| 10/28/1997 | 11/7/1997 | 11/7/1997 | $569.29 | 12.800% | $569.29 | $13.03 | $556.26 | | $52,149.24 | | $.00 | | $.00 | | $.00 | $.00 | | $0.00 |
| 11/28/1997 | 11/28/1997 | 11/28/1997 | $569.29 | 12.800% | $569.29 | $13.17 | $556.12 | | $52,136.04 | | $.00 | | $.00 | | $.00 | $.00 | | $0.00 |
| 12/28/1997 | 1/6/1998 | 1/6/1998 | $569.29 | 12.800% | $569.29 | $13.31 | $555.98 | | $52,109.73 | | $.00 | | $.00 | | $.00 | $.00 | | $0.00 |
| 1/28/1998 | 2/10/1998 | 2/10/1998 | $569.29 | 12.800% | $569.29 | $13.45 | $555.84 | | $52,096.28 | | $.00 | | $.00 | | $.00 | $.00 | | $0.00 |
| 2/28/1998 | 3/9/1998 | 3/9/1998 | $569.29 | 12.800% | $569.29 | $13.59 | $555.69 | | $52,082.69 | | $.00 | | $.00 | | $.00 | $.00 | | $0.00 |
| 3/28/1998 | 4/7/1998 | 4/7/1998 | $569.29 | 12.800% | $569.29 | $13.74 | $555.55 | | $52,068.94 | | $.00 | | $.00 | | $.00 | $.00 | | $0.00 |
| 4/28/1998 | 4/30/1998 | 4/30/1998 | $569.29 | 12.800% | $569.29 | $13.89 | $555.40 | | $52,055.05 | | $.00 | | $.00 | | $.00 | $.00 | | $0.00 |
| 5/28/1998 | 6/19/1998 | 6/19/1998 | | | | | | | $52,055.05 | $28.46 | $28.46 | | $.00 | | $.00 | $.00 | | $0.00 |
| 5/28/1998 | 6/25/1998 | 6/25/1998 | $598.75 | 12.800% | $569.29 | $14.04 | $555.25 | | $52,041.01 | $28.46 | $.00 | | $.00 | | $.00 | $.00 | | $0.00 |
| | 7/31/1998 | 7/31/1998 | | | | | | | $52,041.01 | $28.46 | $28.46 | | $.00 | | $.00 | $.00 | | $0.00 |
| 6/28/1998 | 7/6/1998 | 7/6/1998 | $597.75 | 12.800% | $569.29 | $14.20 | $555.09 | | $52,026.81 | | $.00 | | $.00 | | $.00 | $.00 | | $0.00 |
| 7/28/1998 | 7/31/1998 | 7/31/1998 | $569.29 | 12.800% | $569.29 | $14.35 | $554.94 | | $52,012.46 | ($28.46) | $.00 | | $.00 | ($.01) | $.00 | $.00 | | $0.00 |
| 8/28/1998 | 9/11/1998 | 9/11/1998 | $569.29 | 12.800% | $569.29 | $14.50 | $554.79 | | $51,996.96 | | $.00 | | $.00 | | $.00 | $.00 | | $0.00 |
| 9/28/1998 | 10/16/1998 | 10/16/1998 | $569.29 | 12.800% | $569.29 | $14.66 | $554.63 | | $51,982.30 | $28.46 | $28.46 | | $.00 | | ($.01) | $.00 | | $0.00 |
| 9/28/1998 | 10/28/1998 | 10/28/1998 | $572.29 | 12.800% | $569.29 | $14.81 | $554.48 | | $51,967.49 | $56.92 | $56.92 | | $.00 | | $.00 | $3.00 | $3.00 | $0.00 |
| 10/28/1998 | 11/30/1998 | 11/30/1998 | $609.75 | 12.800% | $569.29 | $14.97 | $554.32 | | $51,952.52 | $85.38 | $85.38 | | $.00 | ($.01) | $.00 | | | $0.00 |
| 11/28/1998 | 12/31/1998 | 12/31/1998 | $600.76 | 21.800% | $569.29 | $15.13 | $554.16 | | $51,937.39 | $113.84 | $113.84 | | $.00 | | $.00 | $3.00 | $3.00 | $0.00 |
| | 2/8/1999 | 2/8/1999 | $600.00 | | | | | | $51,937.39 | $85.38 | $85.38 | | $.00 | | $.00 | | | $0.00 |
| 12/28/1998 | 2/15/1999 | 2/15/1999 | $580.00 | 12.800% | $569.29 | $15.29 | $554.00 | | $51,922.10 | $113.84 | $113.84 | | $.00 | | $.00 | $3.00 | $3.00 | $0.00 |
| 1/28/1999 | 2/22/1999 | 2/22/1999 | $303.00 | 12.800% | $569.29 | | | | $51,922.10 | $56.92 | $56.92 | ($50.00) | $50.00 | | $.00 | | | $0.00 |
| 1/28/1999 | 2/27/1999 | 2/27/1999 | $303.00 | 12.800% | $569.29 | $15.45 | $553.84 | | $51,906.65 | ($56.40) | $28.46 | | $50.00 | | $.00 | $3.00 | $3.00 | $0.00 |
| 2/28/1999 | 3/17/1999 | 3/17/1999 | $303.00 | 12.800% | $569.29 | $15.62 | | | $51,906.65 | | $.00 | | $50.00 | | $.00 | | | $0.00 |
| 2/28/1999 | 3/22/1999 | 3/22/1999 | $303.00 | 12.800% | $569.29 | $15.62 | $553.67 | | $51,891.03 | ($10.70) | $.00 | | $70.00 | ($.01) | $.00 | $3.00 | $3.00 | $0.00 |
| 3/28/1999 | 4/21/1999 | 4/21/1999 | $303.00 | 12.800% | $569.29 | | | | $51,891.03 | $78.66 | $78.66 | | $70.00 | | $.00 | | | $0.00 |
| 3/28/1999 | 4/21/1999 | 4/21/1999 | $373.30 | 12.800% | $569.29 | | | | $51,891.03 | $78.66 | $78.66 | | $70.00 | ($.01) | $.00 | $3.00 | $3.00 | $0.00 |
| 4/28/1999 | 4/30/1999 | 4/30/1999 | | | | | | | $51,891.03 | $107.12 | $107.12 | | $70.00 | $657.00 | $656.95 | | | $0.00 |
| 4/28/1999 | 5/18/1999 | 5/18/1999 | | | | | | | $51,891.03 | $107.12 | $107.12 | | $50.00 | | $656.95 | | | $0.00 |
| 4/28/1999 | 5/21/1999 | 5/21/1999 | $569.30 | 12.800% | $569.30 | $15.79 | $553.50 | | $51,875.24 | $135.58 | $135.58 | | $50.00 | | $656.94 | | | $3.00 |
| 4/28/1999 | 5/28/1999 | 5/28/1999 | | | | | | | $51,875.24 | $164.04 | $164.04 | | $50.00 | | $656.94 | | ($3.00) | $3.00 |
| | 6/14/1999 | 6/14/1999 | | | | | | | $51,875.24 | $164.04 | $164.04 | $50.00 | | | $656.93 | | | $3.00 |
| | 7/31/1999 | 7/31/1999 | $1,138.60 | | | | | | $51,859.45 | $164.04 | $164.04 | | $50.00 | | $656.93 | | | $3.00 |
| 5/28/1999 | 7/31/1999 | 7/31/1999 | $572.30 | 12.800% | $569.29 | $15.95 | $553.34 | | $51,843.17 | $192.50 | $192.50 | | $50.00 | | $656.92 | $3.00 | $3.00 | $3.00 |
| 6/28/1999 | 8/20/1999 | 8/20/1999 | $572.30 | 12.800% | $569.29 | $16.12 | $553.17 | | $51,826.82 | $192.50 | $192.50 | | $50.00 | | $656.92 | | | $3.00 |
| 7/28/1999 | 9/9/1999 | 9/9/1999 | $572.30 | 12.800% | $569.29 | $16.30 | $552.99 | | $51,810.40 | $220.96 | $220.96 | | $50.00 | | $656.91 | $3.00 | $3.00 | $3.00 |
| 8/28/1999 | 10/31/1999 | 10/31/1999 | | | | | | | $51,810.40 | $249.42 | $249.42 | | $50.00 | | $656.91 | | | $3.00 |
| 8/28/1999 | 10/31/1999 | 10/31/1999 | $713.72 | 12.800% | $569.29 | $16.47 | $552.82 | | $51,793.93 | $249.42 | $249.42 | | $50.00 | ($141.43) | $515.47 | | ($1.60) | $1.60 |
| 9/28/1999 | 11/24/1999 | 11/24/1999 | $571.65 | 12.800% | $569.29 | $16.65 | $552.64 | | $51,777.28 | $249.42 | $249.42 | | $50.00 | ($1.32) | $514.10 | $3.00 | $3.00 | $1.60 |
| 10/28/1999 | 11/29/1999 | 11/29/1999 | $571.65 | 12.800% | $569.29 | $16.82 | $552.47 | | $51,760.46 | $277.88 | $277.88 | | $50.00 | $1.60 | $515.73 | | | $1.60 |
| 11/28/1999 | 12/29/1999 | 12/29/1999 | $570.89 | 12.800% | $569.29 | $17.00 | $552.29 | | $51,743.46 | $277.88 | $277.88 | | $50.00 | | $515.73 | | | $1.60 |
| 12/28/1999 | 1/24/2000 | 1/24/2000 | $569.29 | 12.800% | $569.29 | $17.18 | $552.11 | | $51,726.28 | $277.88 | $277.88 | | $50.00 | | $515.73 | | | $1.60 |
| 1/28/2000 | 2/2/2000 | 2/2/2000 | $350.00 | | | | | | $51,726.28 | $277.88 | $277.88 | | $50.00 | | $515.73 | | | $1.60 |
| 1/28/2000 | 2/4/2000 | 2/4/2000 | | | | | | | $51,726.28 | $277.88 | $277.88 | | $50.00 | ($59.71) | $456.02 | $525.60 | | $1.60 |
| | 2/14/2000 | 2/14/2000 | | | | | | | $51,726.28 | $277.88 | $277.88 | | $50.00 | | $456.02 | $1,072.82 | | $1.60 |
| | 2/24/2000 | 2/24/2000 | | | | | | | $51,726.28 | $306.34 | $306.34 | | $50.00 | $657.00 | $456.02 | | | $1.60 |
| 1/28/2000 | 4/4/2000 | 4/4/2000 | $215.72 | 12.800% | $569.29 | $17.35 | $551.74 | | $51,707.83 | $334.80 | $334.80 | | $50.00 | | $959.39 | $956.59 | | $1.60 |
| 2/28/2000 | 4/20/2000 | 4/20/2000 | | 12.800% | | | | | $51,707.83 | $334.80 | $334.80 | | $50.00 | ($29.23) | $930.16 | $956.59 | $5.00 | $1.60 |
| 2/28/2000 | 4/28/2000 | 4/28/2000 | $745.00 | 12.800% | $569.30 | $17.54 | $551.55 | | $51,690.29 | $363.26 | $363.26 | | $50.00 | ($141.43) | $800.16 | | | $1.60 |
| | 5/1/2000 | 5/1/2000 | | | | | | | $51,690.29 | $391.72 | $391.72 | | $50.00 | | $809.16 | $5.00 | $5.00 | $1.60 |
| | 6/2/2000 | 6/2/2000 | | | | | | | $51,690.29 | $362.41 | $362.41 | | $50.00 | | $809.16 | | | $1.60 |

1 of 1

PAYOFF STATEMENT
Loan Number 3006962033

May 25, 2006

Payment Due Date 02-28-06

This statement expires on: 06-23-06

Requested by:
David Clark

Brock, Stout And Cla

Mortgagor Name/Property Address
Jimmy David Saylor
6911 Lee Rd 390
Opelika AL 36804

THE FOLLOWING AMOUNTS ARE SUBJECT TO FINAL VERIFICATION
BASED ON THE RECEIPT OF FUNDS

| | | |
|---|---|---|
| Unpaid Principal Balance | $ | 49,838.39 |
| Interest Calculated To 06-23-06 | $ | 2,577.03 |
| Escrow/Impound Advance Balance | $ | 828.00 |
| Loan Level Advance Balance | $ | 3,559.70 |
| Recording Fee | $ | 8.00 |
| Interest on Advances | $ | 46.86 |
| CREDITS DEDUCTED | | |
| Unapplied Funds | $ | 622.50- |
| TOTAL AMOUNT DUE | $ | 56,235.48 |

Per Diem (Daily Interest) $    17.42

Page 1 of 3

1) Payments received within 30 days of the payoff application are subject to clearance by your financial institution.
2) The amounts set forth in this statement are subject to final verification. We reserve the right to collect additional amounts in the event escrow or other disbursements were made after the date of this Statement. An amended Payoff Statement will be sent automatically if the amount due set forth in the Payoff Statement changes before the expiration date.
3) This payoff statement expires and is void after 06-23-06. You must obtain an updated WRITTEN statement from us if you want to pay off your loan after the expiration date. Please allow up to 5 business days for us to provide you with an updated statement (unless a shorter timeframe is required by state law).
4) If your loan documents indicate a prepayment fee on your account, it is included as part of the total amounts due for payoff. If the prepayment fee is waivable, supporting documentation (final HUD1, grant deed, warranty deed, prepayment rider) must be faxed to (801)269-4269 prior to the receipt of your payoff funds. Upon receipt, the documents will be reveiwed for final determination of waiving the prepayment fee. If you have any questions about the prepayment fee, please contact us at (866)222-3072.
5) To the extent applicable, additional legal fees or costs associated with the servicing of your loan may accrue daily (interest will continue to accrue until you pay your loan in full).
6) If the amounts received are not sufficient to pay the account in full, we will return the payoff funds in the same manner as they were remitted. Interest will continue to accrue and late charges may be incurred until sufficient funds are received to pay the account in full. To avoid a short payoff, please confirm the actual payoff amount by calling (800)258-8602. A satisfaction/release of mortgage will not be recorded until all amounts due under the items of your loan documents are received, unless applicable law requires otherwise.
7) Do not cancel or stop payment on any of your regularly scheduled monthly payments. Issuance of this Statement does not suspend the contract requirements to make monthly mortgage payments when due. You must continue to make your monthly payments when due up until the time your loan is paid in full. If the last regular monthly payment you sent to us is returned for insufficient funds, is dishonored due to a stop payment order, or payment is not made for any other reason, the payoff amount set forth in this Statement may be increased.

Page 2 of 3

8) Payoff amounts must be remitted in U.S. Dollars by money wire, certified or cashier's check, title company check or an attorney's trustee check. No personal or unofficial checks will be accepted. A copy of the payoff statement must accompany your payoff check. No deliveries should be made on Saturday, Sunday or legal holidays. Payoff funds received after 2:00 P.M. Eastern Time will be processed the following business day.

| WIRING INSTRUCTIONS: | MAILING INSTRUCTIONS |
|---|---|
| Select Portfolio Servicing, Inc. | Select Portfolio Servicing, Inc. |
| Salt Lake City, Utah | Attn: Payoff Department |
| Attn: Payoff Department | 3815 South West Temple |
| Routing/ABA No: 124001545 | Salt Lake City, UT 84115-4412 |
| Account No: 900900308 | |

Retaining Account
For Credit to: Loan: 3006962033
Name: Jimmy David Saylor

9) If you fail to make your regularly scheduled monthly mortgage payments within 15 days after a current payment is due, a late charge in the amount of $ 28.46 will be added to the payoff total.

10) If your monthly payments are automatically deducted from your banking account, these payments will continue to be withdrawn until the loan is paid in full, or unless written cancellation instructions are received in our office no later than 15 days prior to the payment due date.

11) Escrow Account: Issuance of this Statement does not alter Select Portfolio Servicing's (SPS) responsibility to pay taxes and insurance. If a bill for these items is received prior to the receipt of payoff funds, we will pay them from the escrow account. SPS is not responsible for private agreements between the mortgagor and a third party with regard to the disbursement of escrow funds. If funds have accumulated in the escrow account, and if we have been required to pay interest on such funds as provided by state law, interest will be paid to the date the escrow closes. Any deficiencies in the escrow account will be collected at payoff. Any excess funds in the escrow account will be refunded approximately 30 days after the payoff is complete. If lender placed insurance has been charged to the escrow account prior to loan payoff, the full amount will be required to pay off the loan. If appropriate evidence of insurance is received, the applicable refund will be issued to the mortgagee of record within 4-6 weeks. Any escrow balance will be refunded after payoff, provided the last payment applied to the account has cleared the institution on which it was drawn.

12) Please provide the proper forwarding address to ensure receipt of applicable escrow refunds, cancelled documents, and annual tax/ interest statements. If a forwarding address is not provided, all correspondence will be mailed to the consumer's last known address.

13) If you have any questions, please contact our Customer Service Department, at (800) 258-8602, Monday through Friday, between the hours of 7 am and 8 pm Eastern Time.

*EXHIBIT "M"*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JIMMY D. SAYLOR,  & | ) | BANKRUPTCY CASE NO.:02-80576 |
| TAMMIE M. SAYLOR, | ) | 02-80576 |
| DEBTORS. | ) | CHAPTER 13 CASE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JIMMY D. SAYLOR, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | A.P. NO.: 06-8035 |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MOTION TO AMEND COMPLAINT

COMES NOW, the Plaintiff, by and through the undersigned attorney, and moves this Honorable Court for leave to file his first amended complaint.  As grounds for his motion, the Plaintiff states that the amended complaint more specifically identifies the legal issues involved and the relief sought.

A copy of the amended complaint is attached hereto as Exhibit "A."

WHEREFORE, the Plaintiff, by and through his undersigned attorney, moves this Honorable Court to grant him leave to amend his complaint, and for all other relief that is just.

Respectfully submitted this 20th day of Oct. , 2006.

BROCK & STOUT

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal@circlecitylaw.com

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: |
| | ) | |
| JIMMY D. SAYLOR, & | ) | 02-80576 |
| TAMMIE M. SAYLOR, | ) | |
| DEBTORS. | ) | CHAPTER 13 CASE |

**************************************************************************

| | | |
|---|---|---|
| JIMMY D. SAYLOR, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | A.P. NO.: 06-8035 |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT
### SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### I. INTRODUCTION

1. This is a Complaint for actual and punitive damages filed by the Plaintiff / Debtor pursuant to 11 U.S.C. §§105, 362, 501, 502, 503 & 506 and Rules 7001 and 9011 of the Federal Rules of Bankruptcy Procedure.

2. This Complaint also seeks to invoke the Court's inherent and statutory contempt powers to enforce the consent order modifying the Plaintiff's chapter 13 plan, the original confirmation order previously entered in the Plaintiff's chapter 13 bankruptcy case and to enforce other bankruptcy code provisions, to wit: §§ 501 & 506(b), and the rules related thereto.

### II. JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Honorable Court pursuant to 28 U.S.C. § 1334. This proceeding arises in and is related to the above-styled Chapter 13 bankruptcy case and concerns property of the bankruptcy estate. The Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 157(b)(2) & 1334.

4. This Court also has jurisdiction to hear the FDCPA violations pursuant to 15 U.S.C. § 1692. Therefore, Federal subject matter jurisdiction is properly founded on 28 U.S.C. § 1331.

5. This matter is primarily a core proceeding and therefore the bankruptcy court has jurisdiction to enter a final order. In the event this case is determined to be a non-core proceeding, the Plaintiff consents to entry of a final order by this Honorable Court.

**Page 1 of 7**

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

7.    The Plaintiff in this case is a Debtor under Chapter 13, Title 11, United States Code. Said Chapter 13 bankruptcy case bears case number 02-80576. The Plaintiff in this instant action is hereinafter referred to as the Plaintiff or the Debtor.

8.    The Defendant, Select Portfolio Servicing, Inc.(hereinafter, "Select Servicing") is a Utah corporation engaged in the business of real estate mortgage servicing. Select Servicing is the loan servicer for the mortgage loan which is the subject of this action.

### IV. FACTUAL ALLEGATIONS

9.    On April 29, 2002, the Plaintiff filed his voluntary Chapter 13 bankruptcy case.

10.    The Section 341 First Meeting of Creditors was held in Dothan, Alabama on July 2, 2002.

11.    On September 18, 2002, this Honorable Court confirmed the Plaintiff's Chapter 13 plan.

12.    The Plaintiff's chapter 13 plan, as confirmed, included a debt to Defendant, scheduled by the Debtor, in the approximate amount of $51,690.09. The Defendant's debt was scheduled as a claim secured by a first deed of trust on the residential real estate of the Plaintiffs located at 6911 Lee Road 390, Opelika, Alabama 36804. The Plaintiff's chapter 13 plan also proposed to cure the pre-petition arrears, through February 2002, in the amount of $2,442.31. The Plaintiff further proposed to resume direct payments in May 2002.

13.    Defendant, Select Servicing, filed a sworn proof of claim for the arrearage on the mortgage loan in the amount of $3,225.22. This claim is identified on the records of the Clerk of Court as claim number 3.

14.    On or about September 10, 2004, Select Servicing, filed a motion for relief from stay alleging the Plaintiff, as Debtor, was in default on his post-petition mortgage payments. The motion for relief from stay was ultimately resolved by way of a consent order which modified the Debtor's chapter 13 plan. The modified plan provided for payment of Defendant's attorney fees, costs and Plaintiff's mortgage arrears through the chapter 13 trustee.

15.    The consent order was entered by the Court on October 14, 2004, and approved legal fees and expenses in the total amount of $600.00 to be paid to Select Servicing, through the Debtor's chapter 13 plan. This amended claim is identified on the records of the Clerk of Court as claim number 8, and was filed by Select Servicing, on November 1, 2004. The trustee disbursed $2,658.51 as of May 23, 2006, toward the arrearage claim.

16.    Subsequent to settling the motion for relief from stay, the Plaintiff's bankruptcy attorney served a "qualified written request", under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) (hereinafter, RESPA), to the Defendant on May 18, 2006.

**Page 2 of 7**

17. The Plaintiff's bankruptcy attorney received a RESPA response from Isha Rush, Customer Advocate, Select Servicing, on or about May 24, 2006. The response included a payment history and fees due inquiry.

18. The RESPA response indicated that Defendant added at least as much as $400.00 for pre-petition collection fees and costs as well as $400.00 for attorney fees / Proof of Claim fees. Furthermore, the Defendant disclosed the following fees that were also assessed post petition:

| DATE | DESCRIPTION | FEE |
|---|---|---|
| June 7, 2002 | Inspection fee | $11.35 |
| July 12, 2002 | Inspection fee | $11.35 |
| September 23, 2002 | Undisclosed bankruptcy legal cost | $456.00 |
| January 21, 2004 | Broker Price opinion | $85.00 |
| September 10, 2004 | Undisclosed bankruptcy attorney fees | $550.00 |
| November 2, 2004 | Broker Price opinion | $85.00 |
| May 5, 2005 | Broker Price opinion | $85.00 |
| November 14, 2005 | Broker Price opinion | $85.00 |
| May 18, 2006 | Unknown corporate advance | $722.35 |
| | TOTAL = | $2,091.35 |

19. All of said fees were assessed post-petition. The Plaintiff asserts that none of the fees have been approved by the bankruptcy court.

20. The Debtor asserts that Select Servicing has assessed his mortgage loan improper, unauthorized, and illegal fees and charges; has improperly posted his post-petition mortgage payments; and has furthermore failed to properly credit the Debtor's account with post-petition disbursements from the office of the chapter 13 trustee.

21. The Plaintiff has been damaged by the Defendant's actions in that he has been and continues to be forced to expend his time and expenses to enforce his rights and has incurred substantial and significant legal fees and expenses in connection therewith. The Plaintiff has also been in fear of losing his home.

**COUNT I**

**VIOLATION OF THE AUTOMATIC STAY**

22. The Plaintiff adopts and incorporate paragraphs 1 through 21 as if fully set out herein.

**Page 3 of 7**

23.    The Defendant's actions in imposing improper, unauthorized and unapproved fees and charges to the Plaintiff's mortgage loan account constitutes a gross violation of the automatic stay as set forth in 11 U.S.C. §362(a)(3).

24.    The imposition of the unapproved fees constitutes unlawful and illegal bankruptcy fees in violation of the automatic stay and inconsistent with the bankruptcy code.

25.    By violating 11 U.S.C. § 362, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

### COUNT II

### VIOLATION OF 11 U.S.C. §§ 105 & 501

26.    The Plaintiff adopts and incorporates paragraphs 1 through 25 as if fully set out herein.

27.    The Plaintiff seeks to invoke the Courts inherent and statutory contempt powers pursuant to 11 U.S.C. § 105 to enforce the provisions of Title 11, to wit: 11 U.S.C. § 501.

28.    11 U.S.C. § 501(a) states that "a claim ... proof of which is filed under section 501 ... is deemed allowed, unless a party in interest, ... objects."

29.    The Defendant filed two proofs of claims that purport to contain all arrears the plaintiff owes the defendant as of the claim date.

30.    In reality, the defendant charged hidden and unknown legal fees, costs and other fees, that were never disclosed in the proof of claim.  As such, the Plaintiff has been denied his ability to object to such charges.

31.    The Defendant charged two pre-confirmation property inspections that were not disclosed in its original proof of claim.

32.    The Defendant charged a bankruptcy legal fee on September 23, 2002, that was not disclosed in the defendant's original proof of claim.

33.    The defendant charged an $85 Broker Price Opinion that was added to the Plaintiff's mortgage balance and that was not disclosed on the post-petition claim filed by the Defendant on November 1, 2004, in accordance with the Consent Order modifying the chapter 13 plan.

34.    The Defendant charged a $550 Bankruptcy Attorney Fee that was added to the Plaintiff's mortgage balance and that was not disclosed on the post-petition claim filed by the Defendant on November 1, 2004, in accordance with the Consent Order modifying the chapter 13 plan.

35.    Although the Defendant elected to participate in the Plaintiff's chapter 13 plan, by filing proofs of claims, the Defendant has systematically charged hidden and undisclosed fees and costs in contravention of the Bankruptcy code and in defiance of the Bankruptcy Court's Order allowing fees.

**Page 4 of 7**

36. The Defendant's actions by charging post-petition legal fees and expenses as alleged herein without prior notice or court approval constitutes willful, intentional, gross and flagrant violations of the provisions of 11 U.S.C. §§105 & 501. The charges further violate F.R.B.P. 2016 which provides, in pertinent part, that: "an entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amount request."

37. As a result of the above violations, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

**COUNT III**

**VIOLATION OF 11 U.S.C. §§ 105 & 506**
**IMPROPER AND UNAUTHORIZED FEES**

38. The Plaintiff adopts and incorporates paragraphs 1 through 37 as if fully set out herein.

39. The Plaintiff seeks to invoke the Courts inherent and statutory contempt powers pursuant to 11 U.S.C. § 105 to enforce the provisions of Title 11, to wit: 11 U.S.C. § 506.

40. 11 U.S.C. § 506(b) allows an oversecured creditor to receive "reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

41. As stated in the Plaintiff's Schedule D, attached to his chapter 13 bankruptcy petition, the Defendant's collateral was secured by a mobile home and land. Furthermore, as stated in the Plaintiff's Schedule D, the Defendant's debt exceeded the value of the property. As such, the Defendant's claim was undersecured.

42. The Defendant filed two proofs of claims that purport to contain all arrears the plaintiff owes the defendant as of the claim date.

43. In reality, the defendant charged hidden and unknown legal fees, costs and other fees, that were never disclosed in the proof of claim and to which it was not entitled pursuant to 11 U.S.C. § 506.

44. The Defendant charged two post-petition, pre-confirmation property inspections that were added to the Plaintiff's mortgage balance and were not disclosed in its original proof of claim. The Defendant was not entitled to such fees pursuant to 11 U.S.C. § 506.

45. The Defendant charged a bankruptcy legal fee on September 23, 2002, that were added to the Plaintiff's mortgage balance and were not disclosed in its original proof of claim. The Defendant was not entitled to such fees pursuant to 11 U.S.C. § 506.

**Page 5 of 7**

46.   The defendant charged an $85 Broker Price Opinion that was added to the Plaintiff's mortgage balance and that was not disclosed on the post-petition claim filed by the Defendant on November 1, 2004, in accordance with the Consent Order modifying the chapter 13 plan.  Pursuant to 11 U.S.C. § 506, the Defendant was not entitled to the legal fee.

47.   The Defendant charged a $550 Bankruptcy Attorney Fee that was added to the Plaintiff's mortgage balance that was not disclosed on the post-petition claim filed by the Defendant on November 1, 2004, in accordance with the Consent Order modifying the chapter 13 plan.  Pursuant to 11 U.S.C. § 506, the Defendant was not entitled to the legal fee.

48.   Although the Defendant elected to participate in the Plaintiff's chapter 13 plan, by filing proofs of claims, the Defendant has systematically charged hidden and undisclosed fees and costs in contravention of the Bankruptcy code and in defiance of the Bankruptcy Court's Order allowing fees.  Furthermore, because of its undersecured status, the Defendant is not entitled to such fees.

49.   The Plaintiff asserts, upon information and belief, that the actions alleged herein are acts in violation of 11 U.S.C. §506, that the fees charged by the Defendant were not part of the underlying agreement by and between the Plaintiff and the Defendant, and that the fees and costs are otherwise unreasonable and excessive.

50.   As a result of the above violation, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

**COUNT IV**

**INHERENT & STATUTORY CONTEMPT POWERS PURSUANT TO 11 U.S.C. § 105
IMPROPER AND UNDISCLOSED FEES IN EXCESS OF
AMOUNT IN PROOF OF CLAIMS AND IN
CONTRAVENTION OF COURT ORDER**

51.   The Plaintiff adopts and incorporates paragraphs 1 through 50 as if fully set out herein.

52.   The Plaintiff seeks to invoke the Courts inherent and statutory contempt powers pursuant to 11 U.S.C. § 105 to enforce the provisions of Title 11, to wit: the Consent Order modifying the Plaintiff's chapter 13 plan dated October 14, 2004.

53.   The Court has inherent contempt powers to carry out "Court Orders."

54.   11 U.S.C. § 105 grants the Court statutory powers to "issue any order, process or judgement that is necessary or appropriate to carry out the provisions" of Title 11.

55.   The Defendant filed two proof of claims that purport to contain all arrears the plaintiff owed the defendant as of the claim date.

56.   The Defendant, with complete disregard for the Court's power, and in contravention of the Bankruptcy Code, charged numerous legal fees, other fees and charges that were not disclosed and which were far in excess of the fees disclosed in the proof of claims.

57.   The Defendant, in complete disregard for the Court Order dated October 14, 2004, charged legal fees in excess of the amount allowed by the Court in its Order modifying the Plaintiff's Chapter 13 plan.

58.   The Defendant's actions by charging post-petition legal fees and expenses as alleged herein without prior notice or court approval constitutes willful, intentional, gross and flagrant violations of the provisions of 11 U.S.C. §105.

59.   As a result of the above violation, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

WHEREFORE, the Plaintiff has set forth his claims for relief against the Defendant respectfully prays of the court as follows:

A.    That the Plaintiff have and recover against the Defendant a sum to be determined by the court in the form of actual damages;

B.    That the Plaintiff have and recover against the Defendant a sum to be determined by the court in the form of punitive damages;

C.    That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney; and,

D.    That the Plaintiff have such other and further relief as the court may deem just and proper.

Respectfully submitted this _26th_ day of _October_, 2006.

BROCK & STOUT

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal@circlecitylaw.com

**Page 7 of 7**

*EXHIBIT "N"*

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                  Case No. 02-80576-WRS
                                                       Chapter 13
JIMMY D. SAYLOR
TAMMIE M. SAYLOR,

      Debtors

JIMMY D. SAYLOR,

      Plaintiff                          Adv. Pro. No. 06-8035-WRS

  v.

SELECT PORTFOLIO SERVICING INC.,

      Defendant

## ORDER GRANTING MOTION TO AMEND COMPLAINT AND GRANTING ADDITIONAL TIME TO BRIEF MOTION

On August 10, 2006, Defendant Select Portfolio Services, Inc., filed a motion to dismiss the Plaintiff's complaint. (Doc. 7). The parties have briefed that matter. (Docs. 11, 12, 13). On October 26, 2006, the Plaintiff moved to amend his complaint. (Doc. 14). The Court now GRANTS the motion.

ORDERED, that Defendant Select Portfolio shall file an answer within 10 days of the date of this order and, within 30 days of the date of this order, filed any appropriate amendments or supplements to its brief. If the Defendant considers its

existing briefs adequate, it shall so state.  If the Defendant files an Amended Brief,

the Plaintiff may file a response within 15 days of service of the amended brief.

      Done this 1st day of November, 2006.


                            /s/ William R. Sawyer
                            United States Bankruptcy Judge


c: David G. Poston, Attorney for Plaintiff
   Michael E. Bybee, Attorney for Defendant

*EXHIBIT "O"*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | BANKRUPTCY CASE NO. |
| | * | |
| JIMMY D. SAYLOR and | * | 02-80576 |
| TAMMIE M. SAYLOR | * | |
| Debtors. | * | CHAPTER 13 CASE |
| | * | |
| | * | |
| JIMMY D. SAYLOR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | A.P. No. 06-08035 |
| | * | |
| SELECT PORTFOLIO SERVICING, INC., | * | |
| | * | |
| Defendant. | * | |

## DEFENDANT'S RESPONSE TO FIRST AMENDED
## COMPLAINT (EXHBIT "A")

COMES NOW, Fairbanks Capital Corp. n/k/a Select Portfolio Servicing, Inc., as servicing agent for Eastern Mortgage Services, Inc., (herein after referred to as "SPS"), by and through counsel in the above-styled case and responds to the court order of November 1, 2006, granting Plaintiff's motion to amend the complaint. To date no amendment has been filed, however, in light of said Order, Defendant responds to the Plaintiff's Exhibit "A" herein.

Defendant does not waive any procedural or substitutive right herein, and reserves the right to further amend its responses should the Plaintiff file further or different allegations than those enumerated in Exhibit "A" herein.

Defendant re-alleges and re-incorporates by reference all responses of the Plaintiff's original complaint, as if fully set out herein, except for those specific express changes in response to Exhibit "A" (unfiled) herein.

I. INTRODUCTION

1.    Defendant(s) deny as paragraph one is a statement of law, to which no response is required.

2.    Defendant(s) deny as paragraph two is a statement of law, to which no response is required.

1

## II. JURISDICTION AND VENUE

3.  Defendant(s) deny as paragraph three is a statement of law, to which no response is required.

4.  Defendant(s) deny paragraph four as all claims pursuant to the Fair Debt Collections Practices Act, have been withdrawn by the Plaintiff in their motion to amend their original complaint.

5.  Defendant(s) deny as paragraph five is a statement of law, to which no response is required.

6.  Defendant(s) deny as paragraph six is a statement of law, to which no response is required.

## III. PARTIES

7.  Defendant(s) re-allege and re-incorporate by reference its response to paragraph seven of the original complaint as if fully set out herein.

8.  Defendant(s) re-allege and re-incorporate by reference its response to paragraph eight of the original complaint as if fully set out herein.

## IV. FACTUAL ALLEGATIONS

9.  Defendant(s) re-allege and re-incorporate by reference its response to paragraph nine of the original complaint as if fully set out herein.

10. Defendant(s) re-allege and re-incorporate by reference its response to paragraph eleven of the original complaint as if fully set out herein.

11. Defendant(s) re-allege and re-incorporate by reference its response to paragraph twelve of the original complaint as if fully set out herein.

12. Defendant(s) re-allege and re-incorporate by reference its response to paragraph thirteen of the original complaint as if fully set out herein.

13. Defendant(s) re-allege and re-incorporate by reference its response to paragraph fourteen of the original complaint as if fully set out herein.

14. Defendant(s) re-allege and re-incorporate by reference its response to paragraph fifteen of the original complaint as if fully set out herein.

2

15. Defendant(s) re-allege and re-incorporate by reference its response to paragraph sixteen of the original complaint as if fully set out herein.

16. Defendant(s) re-allege and re-incorporate by reference its response to paragraph seventeen of the original complaint as if fully set out herein.

17. Defendant(s) re-allege and re-incorporate by reference its response to paragraph eighteen of the original complaint as if fully set out herein.

18. Defendant(s) re-allege and re-incorporate by reference its response to paragraph nineteen of the original complaint as if fully set out herein.

19. Defendant(s) deny the allegation as described in paragraph nineteen of exhibit "A" (the amended complaint).

20. Defendant(s) deny the allegation as described in paragraph twenty of exhibit "A" (the amended complaint).

21. Defendant(s) deny the allegation as described in paragraph twenty-one of exhibit "A" (the amended complaint).

## COUNT I

### VIOLATION OF THE AUTOMATIC STAY

22. Defendant(s) adopt and re-incorporate its original responses and response to amended paragraphs 1 through 21 as if fully set out herein.

23. Defendant(s) deny the allegation as described in paragraph twenty-three of exhibit "A" (the amended complaint).

24. Defendant(s) deny the allegations in paragraph twenty-four of exhibit "A" (the amended complaint).

25. Defendant(s) deny the allegations in paragraph twenty-five of exhibit "A" (the amended complaint).

### COUNT II

### VIOLATION OF 11 U.S.C. §§ 105 & 506

26. The Defendant(s) adopt and re-incorporates its original responses and to amended paragraphs 1 through 25 as if fully set out herein.

3

27.   Defendant(s) deny the allegation as described in paragraph twenty-seven of exhibit "A" (the amended complaint).

28.   Defendant(s) deny the allegation as described in paragraph twenty-eight of exhibit "A" (the amended complaint).

29.   Defendant(s) deny the allegation as described in paragraph twenty-nine of exhibit "A" (the amended complaint).

30.   Defendant(s) deny the allegations in paragraph thirty of exhibit "A" (the amended complaint).

31.   Defendant(s) deny the allegations in paragraph thirty-one of exhibit "A" (the amended complaint).

32.   Defendant(s) deny the allegations in paragraph thirty-two of exhibit "A" (the amended complaint).

33.   Defendant(s) deny the allegation in paragraph thirty-three of exhibit "A" (the amended complaint).

34.   Defendant(s) deny the allegation in paragraph thirty-four of exhibit "A" (the amended complaint).

35.   Defendant(s) deny the allegation in paragraph thirty-five of exhibit "A" (the amended complaint).

36.   Defendant(s) deny the allegation in paragraph thirty-six of exhibit "A" (the amended complaint).

37.   Defendant(s) deny the allegation in paragraph thirty-seven of exhibit "A" (the amended complaint).

## COUNT III

### VIOLATION OF 11 U.S.C. §§ 105 & 506
### IMPROPER AND UNAUTHORIZED FEES

38.   The Defendant(s) adopt and re-incorporate its original responses and responses to amended paragraphs 1 through 37 as if fully set out herein.

39.   Defendant(s) deny the allegations in paragraph thirty-nine.  Plaintiff has no standing, as a claimant, to invoke the Powers this Court already preserves.

40.   Paragraph forty calls for legal conclusion therefore, Defendant(s) deny.

4

41.   Defendant(s) deny the allegation in paragraph forty-one of exhibit "A" (the amended complaint).

42.   Defendant(s) deny the allegation in paragraph forty-two of exhibit "A" (the amended complaint).

43.   Defendant(s) deny the allegation in paragraph forty-three of exhibit "A" (the amended . complaint).

44.   Defendant(s) deny the allegation in paragraph forty-four of exhibit "A" (the amended complaint).

45.   Defendant(s) deny the allegation in paragraph forty-five of exhibit "A" (the amended complaint).

46.   Defendant(s) deny the allegation in paragraph forty-six of exhibit "A" (the amended complaint).

47.   Defendant(s) deny the allegation in paragraph forty-seven of exhibit "A" (the amended complaint).

48.   Defendant(s) deny the allegation in paragraph forty-eight of exhibit "A" (the amended complaint).

49.   Defendant(s) deny the allegation in paragraph forty-nine of exhibit "A" (the amended complaint).

50.   Defendant(s) deny the allegation in paragraph fifty of exhibit "A" (the amended complaint).

## COUNT IV

INHERENT & STATUTORY CONTEMPT POWERS PURSUANT TO 11 U.S.C. § 105
IMPROPER AND UNDISCLOSED FEES IN EXCESS OF AMOUNT IN PROOF OF CLAIMS
AND IN CONTRAVENTION OF COURT ORDER

51.   Defendant(s) adopt and re-incorporate its original responses and responses to paragraphs 1 through 50 as if fully set out herein.

52.   Defendant(s) deny the allegation in paragraph fifty-two.  Plaintiff has no standing, as a claimant, to invoke powers this Court already preserves.

53.   Paragraph fifty-three calls for legal conclusion therefore, Defendant(s) deny.

5

54.   Paragraph fifty-four calls for legal conclusion therefore, Defendant(s) deny.

55.   Defendant(s) deny the allegation in paragraph fifty-five of exhibit "A" (the amended complaint).

56.   Defendant(s) deny the allegation in paragraph fifty-six of exhibit "A" (the amended complaint).

57.   Defendant(s) deny the allegation in paragraph fifty-seven of exhibit "A" (the amended complaint).

58.   Defendant(s) deny the allegation in paragraph fifty-eight of exhibit "A" (the amended complaint).

59.   Defendant(s) deny the allegation in paragraph fifty-nine of exhibit "A" (the amended complaint).

60.   Defendant(s) re-allege and incorporate by reference all affirmative defenses from Defendant's original response.

The defendant pleads any other matter which constitutes an avoidance or affirmative defense. Defendant reserves the right to supplement its answer, as further defenses are revealed through discovery and prosecution of this case.

Defendant re-incorporates by reference all previous responses, both in the original answer and in its answer to the proposed amendment (exhibit "A") herein, and Defendant prays that any and all relief requested by the complaint and proposed amended complaint (exhibit "A") be denied.

WHEREFORE, the premises considered, the defendant, SPS, respectfully requests that all requests of Plaintiff's prayer for relief be denied, the defendant be awarded attorneys fees for defense of this Complaint, and that such other and further relief be afforded the Defendant, SPS.

/s/ Michael E. Bybee
MICHAEL E. BYBEE
Attorney for the Defendant(s)
2107 Fifth Avenue N, Suite 200
Birmingham, Al 35203-3387
(205) 252-1622 Telephone
(205) 252-2888 Fax
6539-N-2245

6

## CERTIFICATE OF SERVICE

I hereby certify that on the ___10th___ day of ___November___, 2006, I have served a copy of the above and foregoing on all parties in interest via united States Mail and/or electronic notification by the court:

**ATTORNEY FOR PLAINTIFF/DEBTOR**
David G. Poston
P.O. Drawer 6504
Dothan, AL 36302-6504

**TRUSTEE**
Curtis C. Reding
P.O. Box 173
Montgomery, AL 36101


/s/ Michael E. Bybee
Michael E. Bybee

7

*EXHIBIT "P"*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: |
| | ) | |
| JIMMY D. SAYLOR, & | ) | 02-80576 |
| TAMMIE M. SAYLOR, | ) | |
| DEBTORS. | ) | CHAPTER 13 CASE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JIMMY D. SAYLOR, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | A.P. NO.: 06-8035 |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT
## SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING

### I. INTRODUCTION

1.  This is a Complaint for actual and punitive damages filed by the Plaintiff / Debtor pursuant to 11 U.S.C. §§105, 362, 501, 502, 503 & 506 and Rules 7001 and 9011 of the Federal Rules of Bankruptcy Procedure.

2.  This Complaint also seeks to invoke the Court's inherent and statutory contempt powers to enforce the consent order modifying the Plaintiff's chapter 13 plan, the original confirmation order previously entered in the Plaintiff's chapter 13 bankruptcy case and to enforce other bankruptcy code provisions, to wit: §§ 501 & 506(b), and the rules related thereto.

### II. JURISDICTION AND VENUE

3.  Jurisdiction is conferred on this Honorable Court pursuant to 28 U.S.C. § 1334. This proceeding arises in and is related to the above-styled Chapter 13 bankruptcy case and concerns property of the bankruptcy estate. The Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 157(b)(2) & 1334.

4.  This Court also has jurisdiction to hear the FDCPA violations pursuant to 15 U.S.C. § 1692. Therefore, Federal subject matter jurisdiction is properly founded on 28 U.S.C. § 1331.

5.  This matter is primarily a core proceeding and therefore the bankruptcy court has jurisdiction to enter a final order. In the event this case is determined to be a non-core proceeding, the Plaintiff consents to entry of a final order by this Honorable Court.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

7.    The Plaintiff in this case is a Debtor under Chapter 13, Title 11, United States Code. Said Chapter 13 bankruptcy case bears case number 02-80576. The Plaintiff in this instant action is hereinafter referred to as the Plaintiff or the Debtor.

8.    The Defendant, Select Portfolio Servicing, Inc.(hereinafter, "Select Servicing") is a Utah corporation engaged in the business of real estate mortgage servicing. Select Servicing is the loan servicer for the mortgage loan which is the subject of this action.

### IV. FACTUAL ALLEGATIONS

9.    On April 29, 2002, the Plaintiff filed his voluntary Chapter 13 bankruptcy case.

10.    The Section 341 First Meeting of Creditors was held in Dothan, Alabama on July 2, 2002.

11.    On September 18, 2002, this Honorable Court confirmed the Plaintiff's Chapter 13 plan.

12.    The Plaintiff's chapter 13 plan, as confirmed, included a debt to Defendant, scheduled by the Debtor, in the approximate amount of $51,690.09. The Defendant's debt was scheduled as a claim secured by a first deed of trust on the residential real estate of the Plaintiffs located at 6911 Lee Road 390, Opelika, Alabama 36804. The Plaintiff's chapter 13 plan also proposed to cure the pre-petition arrears, through February 2002, in the amount of $2,442.31. The Plaintiff further proposed to resume direct payments in May 2002.

13.    Defendant, Select Servicing, filed a sworn proof of claim for the arrearage on the mortgage loan in the amount of $3,225.22. This claim is identified on the records of the Clerk of Court as claim number 3.

14.    On or about September 10, 2004, Select Servicing, filed a motion for relief from stay alleging the Plaintiff, as Debtor, was in default on his post-petition mortgage payments. The motion for relief from stay was ultimately resolved by way of a consent order which modified the Debtor's chapter 13 plan. The modified plan provided for payment of Defendant's attorney fees, costs and Plaintiff's mortgage arrears through the chapter 13 trustee.

15.    The consent order was entered by the Court on October 14, 2004, and approved legal fees and expenses in the total amount of $600.00 to be paid to Select Servicing, through the Debtor's chapter 13 plan. This amended claim is identified on the records of the Clerk of Court as claim number 8, and was filed by Select Servicing, on November 1, 2004. The trustee disbursed $2,658.51 as of May 23, 2006, toward the arrearage claim.

16.    Subsequent to settling the motion for relief from stay, the Plaintiff's bankruptcy attorney served a "qualified written request", under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e) (hereinafter, RESPA), to the Defendant on May 18, 2006.

17.   The Plaintiff's bankruptcy attorney received a RESPA response from Isha Rush, Customer Advocate, Select Servicing, on or about May 24, 2006. The response included a payment history and fees due inquiry.

18.   The RESPA response indicated that Defendant added at least as much as $400.00 for pre-petition collection fees and costs as well as $400.00 for attorney fees / Proof of Claim fees. Furthermore, the Defendant disclosed the following fees that were also assessed post petition:

| DATE | DESCRIPTION | FEE |
|------|-------------|-----|
| June 7, 2002 | Inspection fee | $11.35 |
| July 12, 2002 | Inspection fee | $11.35 |
| September 23, 2002 | Undisclosed bankruptcy legal cost | $456.00 |
| January 21, 2004 | Broker Price opinion | $85.00 |
| September 10, 2004 | Undisclosed bankruptcy attorney fees | $550.00 |
| November 2, 2004 | Broker Price opinion | $85.00 |
| May 5, 2005 | Broker Price opinion | $85.00 |
| November 14, 2005 | Broker Price opinion | $85.00 |
| May 18, 2006 | Unknown corporate advance | $722.35 |
| | TOTAL = | $2,091.35 |

19.   All of said fees were assessed post-petition. The Plaintiff asserts that none of the fees have been approved by the bankruptcy court.

20.   The Debtor asserts that Select Servicing has assessed his mortgage loan improper, unauthorized, and illegal fees and charges; has improperly posted his post-petition mortgage payments; and has furthermore failed to properly credit the Debtor's account with post-petition disbursements from the office of the chapter 13 trustee.

21.   The Plaintiff has been damaged by the Defendant's actions in that he has been and continues to be forced to expend his time and expenses to enforce his rights and has incurred substantial and significant legal fees and expenses in connection therewith. The Plaintiff has also been in fear of losing his home.

**COUNT I**

**VIOLATION OF THE AUTOMATIC STAY**

22.   The Plaintiff adopts and incorporate paragraphs 1 through 21 as if fully set out herein.

**Page 3 of 7**

23. The Defendant's actions in imposing improper, unauthorized and unapproved fees and charges to the Plaintiff's mortgage loan account constitutes a gross violation of the automatic stay as set forth in 11 U.S.C. §362(a)(3).

24. The imposition of the unapproved fees constitutes unlawful and illegal bankruptcy fees in violation of the automatic stay and inconsistent with the bankruptcy code.

25. By violating 11 U.S.C. § 362, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

## COUNT II

## VIOLATION OF 11 U.S.C. §§ 105 & 501

26. The Plaintiff adopts and incorporates paragraphs 1 through 25 as if fully set out herein.

27. The Plaintiff seeks to invoke the Courts inherent and statutory contempt powers pursuant to 11 U.S.C. § 105 to enforce the provisions of Title 11, to wit: 11 U.S.C. § 501.

28. 11 U.S.C. § 501(a) states that "a claim ... proof of which is filed under section 501 ... is deemed allowed, unless a party in interest, ... objects."

29. The Defendant filed two proofs of claims that purport to contain all arrears the plaintiff owes the defendant as of the claim date.

30. In reality, the defendant charged hidden and unknown legal fees, costs and other fees, that were never disclosed in the proof of claim. As such, the Plaintiff has been denied his ability to object to such charges.

31. The Defendant charged two pre-confirmation property inspections that were not disclosed in its original proof of claim.

32. The Defendant charged a bankruptcy legal fee on September 23, 2002, that was not disclosed in the defendant's original proof of claim.

33. The defendant charged an $85 Broker Price Opinion that was added to the Plaintiff's mortgage balance and that was not disclosed on the post-petition claim filed by the Defendant on November 1, 2004, in accordance with the Consent Order modifying the chapter 13 plan.

34. The Defendant charged a $550 Bankruptcy Attorney Fee that was added to the Plaintiff's mortgage balance and that was not disclosed on the post-petition claim filed by the Defendant on November 1, 2004, in accordance with the Consent Order modifying the chapter 13 plan.

35. Although the Defendant elected to participate in the Plaintiff's chapter 13 plan, by filing proofs of claims, the Defendant has systematically charged hidden and undisclosed fees and costs in contravention of the Bankruptcy code and in defiance of the Bankruptcy Court's Order allowing fees.

**Page 4 of 7**

36.    The Defendant's actions by charging post-petition legal fees and expenses as alleged herein without prior notice or court approval constitutes willful, intentional, gross and flagrant violations of the provisions of 11 U.S.C. §§105 & 501. The charges further violate F.R.B.P. 2016 which provides, in pertinent part, that: "an entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amount request."

37.    As a result of the above violations, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

## COUNT III

### VIOLATION OF 11 U.S.C. §§ 105 & 506
### IMPROPER AND UNAUTHORIZED FEES

38.    The Plaintiff adopts and incorporates paragraphs 1 through 37 as if fully set out herein.

39.    The Plaintiff seeks to invoke the Courts inherent and statutory contempt powers pursuant to 11 U.S.C. § 105 to enforce the provisions of Title 11, to wit: 11 U.S.C. § 506.

40.    11 U.S.C. § 506(b) allows an oversecured creditor to receive "reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

41.    As stated in the Plaintiff's Schedule D, attached to his chapter 13 bankruptcy petition, the Defendant's collateral was secured by a mobile home and land. Furthermore, as stated in the Plaintiff's Schedule D, the Defendant's debt exceeded the value of the property. As such, the Defendant's claim was undersecured.

42.    The Defendant filed two proofs of claims that purport to contain all arrears the plaintiff owes the defendant as of the claim date.

43.    In reality, the defendant charged hidden and unknown legal fees, costs and other fees, that were never disclosed in the proof of claim and to which it was not entitled pursuant to 11 U.S.C. § 506.

44.    The Defendant charged two post-petition, pre-confirmation property inspections that were added to the Plaintiff's mortgage balance and were not disclosed in its original proof of claim. The Defendant was not entitled to such fees pursuant to 11 U.S.C. § 506.

45.    The Defendant charged a bankruptcy legal fee on September 23, 2002, that were added to the Plaintiff's mortgage balance and were not disclosed in its original proof of claim. The Defendant was not entitled to such fees pursuant to 11 U.S.C. § 506.

**Page 5 of 7**

46.   The defendant charged an $85 Broker Price Opinion that was added to the Plaintiff's mortgage balance and that was not disclosed on the post-petition claim filed by the Defendant on November 1, 2004, in accordance with the Consent Order modifying the chapter 13 plan. Pursuant to 11 U.S.C. § 506, the Defendant was not entitled to the legal fee.

47.   The Defendant charged a $550 Bankruptcy Attorney Fee that was added to the Plaintiff's mortgage balance that was not disclosed on the post-petition claim filed by the Defendant on November 1, 2004, in accordance with the Consent Order modifying the chapter 13 plan. Pursuant to 11 U.S.C. § 506, the Defendant was not entitled to the legal fee.

48.   Although the Defendant elected to participate in the Plaintiff's chapter 13 plan, by filing proofs of claims, the Defendant has systematically charged hidden and undisclosed fees and costs in contravention of the Bankruptcy code and in defiance of the Bankruptcy Court's Order allowing fees. Furthermore, because of its undersecured status, the Defendant is not entitled to such fees.

49.   The Plaintiff asserts, upon information and belief, that the actions alleged herein are acts in violation of 11 U.S.C. §506, that the fees charged by the Defendant were not part of the underlying agreement by and between the Plaintiff and the Defendant, and that the fees and costs are otherwise unreasonable and excessive.

50.   As a result of the above violation, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

## COUNT IV

### INHERENT & STATUTORY CONTEMPT POWERS PURSUANT TO 11 U.S.C. § 105
### IMPROPER AND UNDISCLOSED FEES IN EXCESS OF
### AMOUNT IN PROOF OF CLAIMS AND IN
### CONTRAVENTION OF COURT ORDER

51.   The Plaintiff adopts and incorporates paragraphs 1 through 50 as if fully set out herein.

52.   The Plaintiff seeks to invoke the Courts inherent and statutory contempt powers pursuant to 11 U.S.C. § 105 to enforce the provisions of Title 11, to wit: the Consent Order modifying the Plaintiff's chapter 13 plan dated October 14, 2004.

53.   The Court has inherent contempt powers to carry out "Court Orders."

54.   11 U.S.C. § 105 grants the Court statutory powers to "issue any order, process or judgement that is necessary or appropriate to carry out the provisions" of Title 11.

55.   The Defendant filed two proof of claims that purport to contain all arrears the plaintiff owed the defendant as of the claim date.

56. The Defendant, with complete disregard for the Court's power, and in contravention of the Bankruptcy Code, charged numerous legal fees, other fees and charges that were not disclosed and which were far in excess of the fees disclosed in the proof of claims.

57. The Defendant, in complete disregard for the Court Order dated October 14, 2004, charged legal fees in excess of the amount allowed by the Court in its Order modifying the Plaintiff's Chapter 13 plan.

58. The Defendant's actions by charging post-petition legal fees and expenses as alleged herein without prior notice or court approval constitutes willful, intentional, gross and flagrant violations of the provisions of 11 U.S.C. §105.

59. As a result of the above violation, the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees.

WHEREFORE, the Plaintiff has set forth his claims for relief against the Defendant respectfully prays of the court as follows:

A. That the Plaintiff have and recover against the Defendant a sum to be determined by the court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendant a sum to be determined by the court in the form of punitive damages;

C. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney; and,

D. That the Plaintiff have such other and further relief as the court may deem just and proper.

Respectfully submitted this 16th day of October, 2006.

BROCK & STOUT

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal@circlecitylaw.com

**Page 7 of 7**

*EXHIBIT "Q"*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re

JIMMY D. SAYLOR and
TAMMIE M. SAYLOR,

      Debtors.

Case No. 02-80576
Chapter 13

JIMMY D. SAYLOR,

      Plaintiff,

    v.

SELECT PORTFOLIO
SERVICING, INC.

      Defendant.

Adv. Pro. No. 06-8035

### <u>ORDER OF DISMISSAL</u>

For the reasons set forth in this Court's Memorandum Decision of this date, the

Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.


Done this the 12th day of January, 2007.


                            /s/ William R. Sawyer
                            United States Bankruptcy Judge

*EXHIBIT "R"*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re

JIMMY D. SAYLOR and
TAMMIE M. SAYLOR,

      Debtors.


JIMMY D. SAYLOR,

      Plaintiff,

   v.

SELECT PORTFOLIO
SERVICING, INC.

      Defendant.

Case No. 02-80576
Chapter 13



Adv. Pro. No. 06-8035

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion to Dismiss filed by Defendant Select Portfolio Servicing, Inc. (Docs. 7, 11, 13 18). The Plaintiff amended his complaint in an effort to defeat the Motion to Dismiss and has filed a memorandum. (Docs. 12, 17). For the reasons set forth below, the Motion to Dismiss is GRANTED.

## I. FACTS

On April 29, 2002, Plaintiff Jimmy Saylor filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code. (Case No. 02-80576, Doc. 1). On September 18, 2002, this Court confirmed Saylor's Chapter 13 Plan. (Case No. 02-80576, Doc. 28). On September 10, 2004, Select Portfolio filed a motion for relief from the automatic stay, alleging that Saylor had defaulted in his obligation to make his monthly mortgage payments. (Case No. 02-80576, Doc.

31).  On October 14, 2004, the Court entered an Agreed Order resolving the issues raised in Select Portfolio's motion.  (Case No. 02-80576, Doc. 33).  The Agreed Order fixed the amount of the mortgage delinquency and provided that Select Portfolio could assess attorney's fees under the provisions of the mortgage in the amount of $600.00.  (Id.).  On September 8, 2006, this Court entered an Order of Discharge.  (Case No. 02-80576, Doc. 69).

On July 10, 2006, Saylor filed a complaint initiating this Adversary Proceeding.  (Doc. 1).  Saylor amended his complaint on October 26, 2006.  (Doc. 17).  The gist of Saylor's Amended Complaint is that Select Portfolio improperly assessed a number of fees to his account, between June 7, 2002 and May 18, 2006, totaling $2,091.05.  Saylor filed a four-count complaint alleging that these assessments were made in violation of several provisions of the Bankruptcy Code.

## II.  CONCLUSIONS OF LAW

This Adversary Proceeding is before the Court on Select Portfolio's Motion to Dismiss, which is governed by the provisions of Rule 7012, FED. R. BANKR. P., and Rule 12(b)(6), FED. R. CIV. P. "A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court will discuss each count of the complaint separately.

### A.  Count I:  The Automatic Stay

In Count I of the Amended Complaint, Saylor alleges that Select Portfolio violated the automatic stay when it assessed the charges to his account.  Specifically, Saylor cites 11 U.S.C. §

362(a)(3). This section imposes a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Id. In his complaint, Saylor alleges nothing more than the fact that Select Portfolio made charges to his account. These charges are nothing more than book entries on the records of Select Portfolio, which Saylor is of course free to dispute. However, the imposition of a charge on an existing mortgage account, in and of itself, is not an act to obtain possession of property. See Mann v. Chase Manhattan Mortgage Corp., 316 F.3d 1, 3 (1st Cir. 2003) (holding that the post-petition bookkeeping entries by the defendant "did not implicate Bankruptcy Code § 362(a)(3), since such unilateral accruals of amounts assertedly due . . . plainly are not the sort of 'act' Congress sought to proscribe"). To be sure, if Saylor does not pay or dispute the charges, Select Portfolio may ultimately foreclose its mortgage. Although the foreclosure of a mortgage while the automatic stay is in effect would undoubtedly constitute a violation of the stay, it does not follow that the imposition of a charge in and of itself would violate the automatic stay. The Court concludes that the imposition of the disputed charges here did not violate the automatic stay.

### B. Count II: Sections 105 and 501

Section 501 of the Bankruptcy Code deals with the allowance of proofs of claim and section 105 deals with the power of a Bankruptcy Court to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code. The harm Saylor claims to have suffered did not in any way impinge upon Section 501 of the Bankruptcy Code. Saylor's claim that these sections have somehow been violated is without merit.

-3-

### C.  Count III: Sections 105 and 506

In Count III of the Amended Complaint, Saylor alleges that these charges violate section 506 of the Bankruptcy Code, which deals with the allowance of secured claims.  The United States Court of Appeals for the Eleventh Circuit rejected that argument in Telfair v. First Union Mortgage Corp., 216 F.3d 1333, 1340 (11th Cir. 2000) (holding that post-confirmation charges to a mortgagee's account are not governed by the provisions section 506).

### D.  Count IV: Contempt

In Count IV of the Amended Complaint, Saylor alleges that the charges in question were made in violation of this Court's Order of October 14, 2004.  That Order provides, in part, that:

> The Debtor's post-petition arrearage due Select Servicing/IMCC in the amount of $2,818.44, which represents the payments due for May, 2004, through and including the September 2004 payments, plus attorney's fees/costs and Court costs in the amount of $600.00, is to be included by the Debtor in the Debtor's plan.

(Case No. 02-80576, Doc. 33).  There is nothing in this Court's October 14, 2004 Order which suggests that the $600.00 fee is the only charge that may be made to Saylor's account for all times.  To be sure, the Order fixes the amount of the fee for the actions taken in conjunction with the September 10, 2004 motion.  However, charges for other items are not precluded by the October 14, 2004 Order.  To put the matter differently, Select Portfolio is not precluded from making any charges, except those that were actually litigated or settled, which in this case was the attorney's fee for bringing the September 10, 2004 motion.  Saylor's claim that the charges in question are precluded by the terms of the October 14, 2004 Order is without merit.

-4-

### E.  Jurisdiction

It appears that the real dispute here is whether the charges to Saylor's account are proper under the terms of his mortgage.  This is a straight-forward question involving State law issues concerning the construction and operation of a contract.  Saylor strains mightily to cast his claim in a bankruptcy context, but his efforts ultimately fail.  This is not to say that Saylor may not ultimately be correct in his assertion that the charges are excessive, improper or unlawful.  Rather, that is a question for another Court on another day.

In general terms, a Bankruptcy Court has jurisdiction to determine questions pertaining to the bankruptcy estate and the effect of the Debtor's discharge.  The bankruptcy estate ceased to exist some time ago.  Saylor's home ceased to be property of the estate on September 18, 2002, when the Debtor's Plan was confirmed.  See Telfair, 216 F.3d at 1340 (holding that the "estate transformation approach" is the law of this Circuit, meaning that property not necessary to the fulfillment of the plan returns to the debtor upon confirmation).  Moreover, Saylor's complaint does not raise any questions pertinent to his discharge.  While Saylor has not plead his claim in terms of a breach of contract, even if he had, the Court would dismiss it for want of subject matter jurisdiction.  See Shortsleeve v. Centurytel of Ala., LLC (In re Shortsleeve), 349 B.R. 297, 300 (Bankr. M.D. Ala. 2006) (dismissing a case brought under the Fair Debt Collection Practices Act, because it would not have any effect on the bankruptcy estate).  Select Portfolio argues in its Supplemental Brief that Saylor has alleged a State law cause of action and attempted to dress it up as a bankruptcy proceeding.  (Doc. 18).  This Court shares that view.

-5-

### III. CONCLUSION

Taking all of the factual allegations in the Plaintiff's Amended Complaint as true, the Court finds that it fails to allege a claim for which this Court may grant relief. For this reason, the Amended Complaint is DISMISSED WITH PREJUDICE.

Done this the 12th day of January, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge

-6-

*EXHIBIT "S"*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: |
| | ) | |
| JIMMY D. SAYLOR, & | ) | 02-80576 |
| TAMMIE M. SAYLOR, | ) | |
| | ) | |
| Debtors, | ) | CHAPTER 13 CASE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JIMMY D. SAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A.P. NO.: 06-8035 |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT
## AND REQUEST FOR ORAL ARGUMENT

Comes now the Plaintiff, by and through the undersigned attorney, and moves this Honorable Court to alter or amend its order of January 12, 2007, dismissing the above-styled adversary proceeding with prejudice. The Plaintiff presents this motion pursuant to Rule 59 of the Federal Rules of Civil Procedure which is applicable to this matter pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure.

The Plaintiff requests this Honorable Court to reinstate the above-styled adversary proceeding as active, permit the Plaintiff to proceed with discovery and allow the Plaintiff an opportunity to prove the allegations in his complaint. As grounds for this motion, the Plaintiff states as follows:

## I. PROCEDURAL BACKGROUND

1.  The Plaintiff, Jimmy D. Saylor, as Debtor, filed a Chapter 13 bankruptcy petition on April 29, 2002.

2.  On September 10, 2004, the Defendant sought relief from the automatic stay.

3.  On September 18, 2002, this Honorable Court confirmed the Plaintiff's original Chapter 13 plan.

**Page 1 of 7**

4.   On October 14, 2004, this Honorable Court confirmed the Plaintiff's Amended Chapter 13 plan which resolved the Defendant's motion for relief from stay.

5.   In the order modifying the Debtors' Chapter 13 plan, this Honorable Court allowed the Defendant to assess attorney fees for bringing the motion for relief from stay in the amount of $450, plus $150 court costs.

6.   On July 10, 2006, the Plaintiff filed the instant adversary proceeding alleging violations of the automatic stay, violations of court order, violation of §105 and 501, violation of §501 and 506, and civil contempt.

7.   On August 10, 2006, the Defendant filed a motion to dismiss pursuant to F.R.B.P. 7012(b)(6) alleging that the Plaintiff failed to state sufficient legal grounds upon which relief could be granted.

8.   On January 12, 2007, this Honorable Court dismissed the instant complaint with prejudice.

## II. ARGUMENT AND ANALYSIS IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

9.   This matter is before this Honorable Court on the Defendant's Rule 7012(b)(6) Motion To Dismiss. As such, the Plaintiff has been afforded no opportunity to conduct discovery or gather evidence to refute the Defendant's assertions contained primarily in its brief in support of the motion to dismiss.

10.  This Honorable Court must accept all of the facts in the Plaintiff's complaint as true and construe them in the light most favorable to the Plaintiff. Franklin v. Gwinnett County Pub. Schs., 911 F.2d 617, 619 (11th Cir. 1990). Furthermore, this Court should not dismiss the Plaintiff's complaint unless he "can prove no set of facts that would entitle him to relief." Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

11.  In dismissing the Plaintiff's complaint, this Honorable Court reaches certain conclusions from facts that are simply not in evidence. Instead, this Honorable Court must accept the facts as true and simply make a determination, pursuant to Rule 7012(b)(6), whether the complaint contains actionable facts. Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967) ("[W]e must read the allegations of the complaint to include any theory on which the plaintiffs may recover ....").

12.  In essence, the Plaintiff's complaint contains two theories. First, the Plaintiff alleges that the Defendant violated the automatic stay. Second, the Plaintiff alleges that the Defendant violated various Court Orders which is actionable pursuant to 11 U.S.C. § 105.

13.  In accordance with the law regarding Rule 7012(b)(6) motions, the only inquiries by this Honorable Court are: (1)Whether violation of the Automatic Stay is actionable; and (2) whether violation of this Honorable Court Orders are actionable? Stated another way, does the Plaintiff present a cause of action under §§ 362 & 105? If so, the Court must deny the Rule 7012(b)(6) Motion To Dismiss.

**Page 2 of 7**

A.   ARGUMENT REGARDING VIOLATION OF AUTOMATIC STAY AS IT PERTAINS
TO COUNT I OF THE PLAINTIFF'S AMENDED COMPLAINT

14.   This Honorable Court must accept the plaintiff's complaint as true that the Defendant exercised control over estate property thereby violating the automatic stay.

15.   In its memorandum decision, this Honorable Court concludes that the Plaintiff "alleges nothing more than the fact that Select Portfolio made charges to his account." Memorandum opinion at p. 3. This Honorable Court goes on to conclude that "[t]hese charges are nothing more than book entries on the records of Select Portfolio...." Id. at p. 3.

16.   In reality, the Plaintiff's Amended Complaint makes numerous references to violation of the Automatic Stay.

17.   Count I of the Amended Complaint is styled: "VIOLATION OF THE AUTOMATIC STAY"

18.   Paragraph 23 states that the Defendant imposed improper, unauthorized and unapproved fees and that the imposition of such constitutes violation of the automatic stay.

19.   "Impose" is defined as "To Levy or exact as by authority." Black's Law Dictionary 680 (5th ed. 1979)

20.   "Levy" is defined as "A seizure." "The obtaining of money ..." Id. at 816.

21.   No matter what choice of verbs used in the Plaintiff's complaint, it is clear that the Plaintiff stated a cause of action for the Defendant's Violation of the Automatic Stay.

22.   Because the Plaintiff was never allowed to conduct discovery, there is no evidence to suggest that these charges are merely book entries. At this stage of the litigation, this Honorable Court must assume that these charges are more (emphasis added) than book entries. That is, this Honorable Court must assume that the fees were in fact "imposed" and the Defendant exercised control over the estate property.

23.   In its memorandum decision, this Honorable Court relies on the First Circuit rule that bookkeeping entries do not implicate the bankruptcy code. Memorandum decision at p. 3 citing Mann v. Chase Manhattan Mortg. Corp., 316 F.3d 1 (1st Cir. 2003).

24.   Unlike Mann, the Plaintiff has had no opportunity to conduct discovery as to the Defendant's bookkeeping procedures or to question the Defendant as to distribution of payments throughout the Chapter 13 bankruptcy case.

25.   In the Mann decision, the trial court allowed Mann to conduct discovery and inquire as to Chase's record-keeping procedures and imposition of charges. Mann 316 F. 3d at 3; ("following discovery, (emphasis added) Chase submitted its motion for summary judgment...).

**Page 3 of 7**

26.   There is no evidence before this Honorable Court to indicate that the charges by the Defendant are merely "book entries." Instead, this Court must assume that the charges were imposed and that the Defendant exercised control over estate property.

27    In his brief, arguing against the motion to dismiss, Saylor submitted a transaction history, from the Defendant, outlining certain bookkeeping entries.

28.   In the attached Affidavit from Kevin Byers, C.P.A., Byers explains that the Defendant paid itself $617.35, from apparent Chapter 13 Trustee payments, to pay down the corporate advance balances which were alleged to be nothing more than bookkeeping entries. Byers' Affidavit at ¶¶ 11 & 12, p.2.

29.   That is, the evidence seems to suggest that the Defendant, rather than making bookkeeping entries, actually paid itself four (4) undisclosed pre-confirmation charges to the Plaintiff's mortgage balance.

30.   Also attached to the Plaintiff's brief in response to the Defendant's motion to dismiss was a payoff statement submitted by the Defendant.

31.   Although the Defendant attempts to argue that the charges were mere bookkeeping entries, the payoff statement directly contradicts the Defendant's assertion.

32.   This Honorable Court, in its memorandum decision, held that the Defendant was not attempting to exercise control over estate property.

33.   The payoff statement directly contradicts this Honorable Court's holding.

34.   The payoff statement, issued by the Defendant, when viewed in the light most favorable to the Plaintiff, constitutes an act to exercise control over property of the bankruptcy estate.

35.   Merriam-Webster defines payoff as, "The act or occasion of receiving money or material gain...." Merriam-Webster online dictionary.

36.   Merriam-Webster further defines payoff as, "A decisive fact or factor resolving a situation or bringing about a definitive conclusion." Merriam-Webster online dictionary.

37.   When viewed in the light most favorable to the Plaintiff, the Plaintiff's automatic stay violation allegations provides sufficient facts to permit this Honorable Court to amend its judgment and allow the Plaintiff to proceed with the adversary proceeding.

**B.    ARGUMENT REGARDING VIOLATION OF COURT ORDER AS IT PERTAINS TO COUNT II AND COUNT III**

38.   Pursuant to 11 U.S.C. §501, the Defendant filed two (2) separate proofs of claim.

39.   11 U.S.C. §502(a) provides that the proof of claim filed under §501 is deemed allowed.

40.   By filing two (2) separate proof of claims, the Defendant opted to participate in the Plaintiff's Chapter 13 bankruptcy case.

**Page 4 of 7**

41.   11 U.S.C. §101(5)(A) defines claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...."

42.   When the Defendant opted to participate in the Plaintiff's Chapter 13 bankruptcy case, 11 U.S.C. §§501 and 502 provides a claim mechanism for the Defendant to submit all of its alleged contractual delinquent payments so as to cure the delinquency but also to allow the Plaintiff/Debtor to review and object to the claims if necessary.

43.   Neither § 501 nor § 502 permit the creditor to pick and choose which charges to be paid by estate property and which charges will be collected at a later time.

44.   As evidenced by the Kevin Byers, C.P.A., Affidavit, there is at least evidence which arguably suggests that the Defendant has also diverted Chapter 13 payments for undisclosed pre-petition charges.

45.   The filing and allowance of pre-petition and post-petition claims are governed by 11 U.S.C. §§ 501 and 502. The payment of said claims were governed by this Court's Order confirming the Chapter 13 Plan and this Court's Order Confirming the Modified Plan.

46.   The Plaintiff's complaint alleges that the Defendant violated Court Orders by charging fees related to pre-petition charges that were not disclosed and post-petition charges for the Motion for Relief from Stay that were not disclosed.

47.   The Court must accept as true that the Defendant violated this Honorable Court's Order.

48.   Violation of a Court Order is actionable pursuant to 11 U.S.C. § 105. Hardy v. United States by & Through IRS (In re Hardy), 97 F.3d 1384, 1389 (11th Cir. 1996) citing Jove Eng'g v. IRS, 92 F.3d 1539, 1554 (11th Cir. 1996) (The language of § 105 encompasses "any type of order, whether injunctive, compensative or punitive, as long as it is "necessary or appropriate to carry out the provisions of the Bankruptcy Code."); E.g. Jove Eng'g v. IRS, 92 F.3d 1539, 1554 (11th Cir. 1996) citing United States v. Nordic Village, 503 U.S. 30 (U.S. 1992) (Section 105(a) states "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a) (emphasis added). [Section] 105 uses the broad term "any" which encompasses all forms of orders including those that award monetary relief. The term "any" should be given this broad construction under the "settled ruled that a statute must, if possible, be construed in such fashion that every word has some operative effect.").

49.   In dismissing Count III of the Plaintiff's amended complaint, this Honorable Court relies on the decision of Telfair v. First Union Mortgage Corp., 216 F.3d 1333 (11th Cir. 2000).

50.   The Telfair holding, regarding the viability of a §506 claim, is legally and factually dissimilar from the instant case.

51.   In Telfair, the court dealt with the allowance of attorney fees for an over-secured claim.

**Page 5 of 7**

52.   In the instant case, as evidenced by the Plaintiff's Schedule A, the Defendant's claim is under-secured.

**C.   ARGUMENT REGARDING COURT'S STATUTORY CONTEMPT POWERS AS IT PERTAINS TO COUNT IV**

53.   In its memorandum decision, this Honorable Court noted that the order confirming the Debtor's modified Chapter 13 plan fixed the sum of $600.00 as the attorney fees and court costs in connection with the Defendant's September 10, 2004, motion for relief from stay.

54.   The Plaintiff's complaint asserts that the Defendant, in connection with the Motion For Relief From Stay, charged an attorney fee in excess of the amount fixed by This Honorable Court's Order dated October 14, 2004.

55.   This Honorable Court must accept as true the allegations in the complaint. That is, the Defendant did in fact charge excess attorney fees for the Motion For Relief From Stay in violation of this Honorable Court's October 14, 2004 Order.

56.   In regards to Rule 7012(b)(6), the only legal question before this Court is whether violation of a Court Order is actionable?

57.   The Eleventh Circuit previously answered this question stating unequivocally that violation of a Court Order is actionable pursuant to 11 U.S.C. § 105. Hardy v. United States by & Through IRS (In re Hardy), 97 F.3d 1384, 1389 (11th Cir. 1996) citing Jove Eng'g v. IRS, 92 F.3d 1539, 1554 (11th Cir. 1996) (The language of § 105 encompasses "any type of order, whether injunctive, compensative or punitive, as long as it is "necessary or appropriate to carry out the provisions of the Bankruptcy Code.")

58.   The Plaintiff's complaint alleges that the Defendant charged the Plaintiff attorney fees, in connection with the September 10, 2004, motion, in an amount in excess of those fees allowed by this Honorable Court.

59.   The Defendant's payoff statement provides further evidence of an affirmative act by the Defendant to collect certain sums labeled corporate advances. As part of the corporate advances, there are sums noted on the transaction history which are in excess of the amount allowed by this Honorable Court in its October 14, 2004, order confirming the Debtors' modified Chapter 13 plan.

60.   The complaint merely asserts that a portion (emphasis added) of the corporate advances are attorney fees in excess of that allowed by this Honorable Court in its October 14, 2004, order.

        WHEREFORE, the Plaintiff moves this Honorable Court to set this matter for oral arguments, after oral arguments to enter an order altering or amending its January 12, 2007, order dismissing the above-styled adversary proceeding with prejudice, to reinstate the adversary proceeding, to permit discovery, and for all other relief that is just.

        Respectfully submitted this ___19th___ day of _Jan._, 2007.

**Page 6 of 7**

BROCK & STOUT

David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Select Portfolio Servicing, Inc., % Michael E. Bybee, Attorney for Defendant, via electronic mail at mbybee1@bellsouth.net, this ___ day of ___, 2007.

David G. Poston

**Page 7 of 7**

IN THE UNITED STATE BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE:                                         )
                                               )
JIMMY D. SAYLOR, &                             )        BANKRUPTCY CASE NO.:
TAMMIE M. SAYLOR,                              )        02-80576
                                               )        CHAPTER 13 CASE
DEBTORS.                                       )
************************************************************************

JIMMY D. SAYLOR,                               )
                                               )
PLAINTIFF,                                     )        A.P. NO.: 06-8035
                                               )
VS.                                            )
                                               )
SELECT PORTFOLIO SERVICING, INC.,              )
                                               )
DEFENDANT.                                     )

## AFFIDAVIT OF KEVIN P. BYERS, CPA

STATE OF GEORGIA               )
COUNTY OF DEKALB               )

Kevin P. Byers, CPA first being duly sworn, deposes and says that:

1.    I am managing member of Parkside Associates, LLC, a forensic accounting firm
      located in Atlanta, Georgia. I am a licensed Certified Public Accountant in the
      Commonwealth of Virginia. I am over 18 years of age and am competent to give
      this Affidavit. The information contained in this Affidavit is within my personal
      knowledge.

2.    I have been provided with the following documents by David Poston, Esq. regarding
      mortgagors Jimmy D. and Tammie M. Saylor and their loan, SPS #3006962033:
      Jimmy D. Saylor v. Select Portfolio Servicing, Inc., Plaintiff's First Amended
      Complaint filed October 26, 2006; Pre-Petition Arrearage Proof of Claim filed August
      2, 2002 by Fairbanks Capital Corporation (n/ka/ Select Portfolio Servicing, Inc.);
      borrower payment history prepared by Select Portfolio Servicing, Inc. ("SPS") for
      transaction dates of November 7, 1997 to May 24, 2006; Payoff Statement dated
      May 25, 2006 from Select Portfolio Servicing, Inc. for mortgagor Jimmy David
      Saylor. Mr. Poston has asked me to evaluate these documents regarding the
      posting and payment of pre- and post-petition corporate advances.

- 1 -

3.  The Proof of Claim filed by SPS on August 2, 2002 totals $3,225.22, consisting of the following amounts per SPS:

    | | |
    |---|---|
    | Pre-Petition Arrearage | $2,325.22 |
    | Pre-Petition Collection Fees/Costs | $500.00 |
    | Attorney's Fees/Costs (proof of claim) | $400.00 |

    The payment history provided by SPS indicates that the $2,325.22 "pre-petition arrearage" reflected on the Proof of Claim consists of four (4) monthly payments of $569.29 each, one late charge of $28.46, and other fees of $19.60, an amount that is not itemized on the payment history.

4.  The $500.00 "pre-petition collection fees/costs" are itemized on the payment history as "Foreclosure Atty. Fees" and were posted to the Corporate Advance account of the Saylor's loan on July 9, 2002.

5.  The $400.00 "Attorney's Fees/Costs (proof of claim)" are itemized on the payment history as "Bankruptcy Attorney Fees" and "Bankruptcy Legal Costs" and were posted to the Corporate Advance account of the Saylor's loan in two installments of $200.00 each on July 31, 2002.

6.  In residential mortgage loan servicing, Corporate Advance accounts are used to track advances by loan servicers typically made to third-party vendors for services such as legal fees, property inspections, and property valuations, and reimbursement of such advances by the respective borrower(s).

7.  As of the Saylor's Chapter 13 petition date of April 29, 2002, the payment history reflects a Corporate Advance balance purportedly owed by the borrowers of $606.00.

8.  Between the Chapter 13 filing date of April 29, 2002 and the filing of the Proof of Claim on August 2, 2002, additional servicer advances of $922.70 were posted to the Corporate Advance account by SPS, including the $500.00 and $400.00 requested on the Proof of Claim.

9.  Beginning with the transaction date of March 10, 2003, SPS began posting Bankruptcy Trustee payments to the "Unapplied Funds" account.

10. Beginning with the transaction date of March 11, 2003, SPS began removing Trustee payments that had been posted to the "Unapplied Funds" account and applying these funds to pay down the Corporate Advance balance.

11. Through December 3, 2003, a total of $617.35 in Trustee payments were posted to the "Unapplied Funds" account and removed to pay down the balance in the Corporate Advance account.

12. None of the $617.35 that SPS reimbursed itself is reflected on the Proof of Claim.

-2-

13.    I have read the foregoing Affidavit of _3_ typewritten pages and swear that it is true
       to the best of my knowledge and belief.

_Kevin P. Byers_

Kevin P. Byers, CPA

Sworn to and subscribed before me
this ___19___ day of January, 2007.

_Johanna Willis_

Notary for the State of Georgia
My Commission Expires _03Apr10_



- 3 -

*EXHIBIT "T"*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 02-80576-WRS
                                               Chapter 7
JIMMY D. SAYLOR
TAMMIE M. SAYLOR,

            Debtors

JIMMY D. SAYLOR,

            Plaintiff                          Adv. Pro. No. 06-8035-WRS

      v.

SELECT PORTFOLIO SERVICING INC.,

            Defendant

## ORDER DENYING MOTION TO RECONSIDER

For the reasons set forth on the record on February 13, 2007, on the plaintiff's

motion to reconsider (Doc. 21), it is

            ORDERED that the motion to reconsider is DENIED.

            Done this 14th day of February, 2007.

                                         /s/ William R. Sawyer
                                         United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Michel E. Bybee, Attorney for Defendant