IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JIMMY D. SAYLOR, & ) | BANKRUPTCY CASE NUMBER: |
| TAMMY M. SAYLOR, ) | 02-80576-WRS |
| ) | |
| Debtors, ) | CHAPTER 13 CASE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JIMMY D. SAYLOR, ) | |
| ) | 3:07CV229-WKW |
| Plaintiff, ) | |
| ) | |
| vs. ) | ADVERSARY PROCEEDING NUMBER: |
| ) | 06-08035-WRS |
| SELECT PORTFOLIO SERVICING, INC., ) | |
| ) | |
| Defendant ) | |

### NOTICE OF APPELLEE'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

COMES NOW, the Appellee, by and through the undersigned attorney, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure and incorporates by reference and re-alleges items one through twenty (1-20) designated in the Appellant's Designation of Items to be Included in the Record on Appeal and presents his designation of items to be included in the record on appeal. The designation of items are as follows:

Item #1:   Reply to Plaintiff's Brief in Response to Select Portfolio's Motion to Dismiss
           Filed on October 26, 2006
           Identified on the records of the Clerk of Court in the underlying bankruptcy case as Docket Entry No.13.
           Attached hereto as Appellee's Exhibit "A"

Item #2:   Supplemental Brief in Support of Defendant's Motion to Dismiss
           Filed on November 29, 2006
           Identified on the records of the Clerk of Court in the underlying bankruptcy case as Docket Entry No.18.
           Attached hereto as Appellee's Exhibit "B"

Dated this 9th day of March, 2007

/s/ Michael E. Bybee
Michael E. Bybee, Esq.
2107 5th Avenue North, Ste 200
Birmingham, AL 35203
205-252-1622
205-252-2888
Email:mbybee1@bellsouth.net

## CERTIFICATE OF SERVICE

I, the undersigned hereby certify that I have this date served a copy of the foregoing upon David G. Poston, Esq., Attorney for Appellate, Post Office Drawer 311167, Enterprise, AL 36330, christal@circlecitylaw.com, via United States Mail postage prepaid and fully addressed or by electronic mail this the 9th day of March, 2007.

/s/ Michael E. Bybee
Michael E. Bybee

# APPELLEE'S EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | * | BANKRUPTCY CASE NO. |
| | * | |
| JIMMY D. SAYLOR and | * | 02-80576 |
| TAMMIE M. SAYLOR | * | |
| Debtors. | * | CHAPTER 13 CASE |
| | * | |
| JIMMY D. SAYLOR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | A.P. No. 06-08035 |
| | * | |
| SELECT PORTFOLIO SERVICING, INC. | * | |
| | * | |
| Defendant. | * | |

## DEFENDANT'S REPLY BRIEF

COMES NOW, Defendant, Select Portfolio Servicing, Inc.,(hereinafter "SPS"), by and through counsel in reply to Plaintiff's brief in response to SPS's motion to dismiss, now says as follows:

## ARGUMENT

That the Plaintiff's response brief is not well taken. Plaintiff goes to great pains to supplement the original complaint with facts that, until now, have not been alleged (moreover proven) by the Plaintiff. Plaintiff impermissibly seeks to support his argument in defense of the motion to dismiss by liberally interjecting additional "factual" statements that are not in the original complaint. This is continued by what Plaintiff characterizes as "undisputed facts". The facts <u>are</u> disputed but, in context of a motion to dismiss, the Plaintiff is correct in his assertion that we must assume then to be correct at this juncture, <u>if</u> those facts are <u>alleged in the complaint</u>. They are not, and no amendment to the complaint has been consented to by parties or approved

Appellee's Exhibit "A"

by this court. The Federal Rules of Procedure and Bankruptcy Rules contemplate, a "short plain statement of the claim showing that the pleader is entitled to relief..." Federal Rules of Civil Procedure 8(a) Bankruptcy Rule 7008 (a). The facts alleged in the complaint do not have to be lengthy but they must show that the pleader is entitled to relief.

The Plaintiff has failed to show how it would be entitled to relief under the allegations in both the Plaintiff's complaint <u>and</u> the Plaintiff's brief. Certainly, the only allegations to be considered herein are the "facts" (assuming "true" by motion to dismiss standards) in <u>the complaint</u>, not "supplemental" allegations or additional "explanatory" allegations.

This argument is bolstered by the ultimate result; does the Plaintiff make a case in light of <u>Telfair v. 1st Union Mortgage Corp.</u> 216 F.3d 1333 (11th Cir. 2000). Movant submits they have not. The case is self-evident and we once again urge this court to review <u>Telfair</u> in light of the complaint <u>as filed</u>.

Plaintiff alleges that <u>Telfair</u> was "very fact specific" (Plaintiff's response paragraph 1 page 5). Movant agrees. Movant does <u>not</u> agree that merely because a court addresses fact specific issues, in any way infers that said court is confined to only that particular case. The construction is just the opposite (unless otherwise self-constrained).

In leading to this position, the court should reject the confining interpretation of the Plaintiff to dismiss in light of the plain meaning of the <u>Telfair</u> Courts opinion. There is a difference between strict construction and restrictive construction. Plaintiff's would require a interpretation so restrictive as to be untenable and worse, make every calculation in every Bankruptcy case subject to lengthy and unnecessary review by this and every Bankruptcy Court. Keep in mind the alleged wrong was a violation of automatic stay by SPS (as alleged), the key words of §362 are "commenced" and/or "act". Neither of which is alleged in the complaint at

2

hand nor is contemplated by the Telfair Court.

The Plaintiff's analysis (assuming "true" for motion to dismiss purposes) does not follow in light of §362 and Telfair: as in Telfair, this is not the correct place to "bootstrap" what is, at best, a breach of contract in a discharged case, masquerading such allegations in the guise of Bankruptcy claims.

Plaintiff's attempt, unsuccessfully, to assert that "the language of §105 encompasses any type of order, whether injunctive ..., so long as it is necessary or appropriate to carry out the provisions of the Bankruptcy Code." Hardy v. United States (In Re Hardy). 97 F3d 1384, 1789 (5th Cir. 1996). Plaintiff, however, fails to establish how in light of the guidance of the Telfair opinion that it is either necessary or appropriate for the court to be saddled with the unnecessary burden of what is arguably a state court breach of contract claim; with an additional "bootstrapped" §105 "claim" elicited to provide, what can only be described as, indirect allegations to an alleged wrong that just does not fit - and Telfair says so.

## CONCLUSION

The complaint, as filed, fails to state a claim upon which relief can be granted even assuming the "facts" alleged are true (under a motion to dismiss analysis). There is no "act" within the clear meaning of §362 of the Bankruptcy Code to trigger any claims for relief for the Plaintiff.

Additionally, to suggest that alleged wrong ("calculations" kept internally -whether they are right or wrong) and demanded by counsel to produce can somehow rise to the level of an "act" in violation of stay is in itself "unnecessary" and "inappropriate". Therefore, all counts of the Plaintiff's complaint must fail. Movant, respectfully request this Court to dismiss all claims

of the Plaintiff. Movant request such other relief as is just.

Respectfully Submitted,

**s/ Michael E. Bybee**
MICHAEL E. BYBEE
Attorney for the Defendant(s)
2107 Fifth Avenue N, Suite 200
Birmingham, Al 35203-3387
(205) 252-1622 Telephone
(205) 252-2888 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on the __26th__ day of __October,__ 2006, I have served a copy of the above and foregoing on all parties in interest via United States Mail and/or electronic notification by the court:

**ATTORNEY FOR PLAINTIFF/DEBTOR**
David G. Poston
P.O. Drawer 6504
Dothan, AL 36302-6504

**TRUSTEE**
Curtis C. Reding
P.O. Box 173
Montgomery, AL 36101

/s/ Michael E. Bybee
Michael E. Bybee

4

# APPELLEE'S EXHIBIT "B"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | * | BANKRUPTCY CASE NO. |
| | * | |
| JIMMY D. SAYLOR and | * | 02-80576 |
| TAMMIE M. SAYLOR | * | |
| Debtors. | * | CHAPTER 13 CASE |
| | * | |
| | * | |
| JIMMY D. SAYLOR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | A.P. No. 06-08035 |
| | * | |
| SELECT PORTFOLIO SERVICING, INC. | * | |
| | * | |
| Defendant. | * | |

### SUPPLEMENT TO BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

On or about November 1, 2006, this Court allowed Plaintiff to amend their complaint in the above-styled matter. The Court also provided for amendment/supplementation of Defendant's pending motion to dismiss and brief. Defendant Select Portfolio Servicing, Inc., ("SPS") herein, supplements its brief in support of its motion to dismiss.

Defendant, SPS, moves this Court to dismiss the Plaintiff's complaint as said complaint, as amended, fails to state a claim upon which relief can be granted.

Movant alleges and re-incorporates by reference all responses and briefs thereto and offers the following supplementation;

That the Plaintiff has yet to state a claim upon which relief can be granted despite the amendment to the complaint. That said amendment does nothing to create(moreover, enhance) a cause of action for which this Court may grant relief. The supplemental facts supplied by the

Appellee's EXHIBIT "B"

amended complaint do nothing to correct the initial (fatal) flaw of the original complaint; specifically there is no "act" as required by 11 U.S.C. 362, to give rise to an actionable complaint. Additionally, to allege in further counts a violation of an implied private cause of action based on the Court's inherent powers as applied to the alleged "facts" cannot stand. If the "automatic stay" fails, so do the other counts fail as well. The automatic stay argument is the foundation of the Plaintiff complaint. If it could not itself be supported, then no other "counts", as plead, are supportable as well.

The amended complaint misses the point; the "wrongs" alleged in the amended complaint do not set out new facts or law but merely add other facts to the original charge and state the same legal analysis in different wording.

Apparently, Plaintiff attempts to shore up his claim by piling on facts that have less and less impact on the alleged violation in the first instance, namely the letter in response to Defendant"s "RESPA" demand. These additional alleged facts do not support the complaint either. The action, ultimately fails under <u>both</u> fact allegations of the complaint and its amendment.

It is evident that any "excessive charges" allegations are exactly what the 11th Circuit Court is focusing on in <u>Telfair</u>. <u>Telfair v. 1st Union Mortgage Corp.</u> 216 F.3d 1333 (11th Cir. 2000).

As stated in <u>Telfair</u> this is, at best a state court allegation. The fact that it is thinly disguised as remedy in Federal Bankruptcy Court is an issue more to draftsmanship than substance.

2

Due to the Plaintiff's failure to state a claim in light of Telfair; movant respectfully requests this Court to dismiss all counts of the Plaintiff's complaint and amendments and grant such other further relief as is just.

/s/ Michael E. Bybee
MICHAEL E. BYBEE
Attorney for the Defendant(s)
2107 Fifth Avenue N, Suite 200
Birmingham, Al 35203-3387
(205) 252-1622 Telephone
(205) 252-2888 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on the __29th__ day of __November, 2006__, I have served a copy of the above and foregoing on all parties in interest via United States Mail and/or electronic notification by the court:

**ATTORNEY FOR PLAINTIFF/DEBTOR**
David G. Poston
P.O. Drawer 6504
Dothan, AL 36302-6504

**TRUSTEE**
Curtis C. Reding
P.O. Box 173
Montgomery, AL 36101

/s/ Michael E. Bybee
Michael E. Bybee