IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:                                    )
                                          )
JIMMY D. SAYLOR, &                        )    BANKRUPTCY CASE NUMBER:
TAMMY M. SAYLOR,                          )    02-80576
        DEBTORS                           )    CHAPTER 13 CASE
**************************************************************************
JIMMY D. SAYLOR,                          )
                                          )
        APPELLANT,                        )    CASE NUMBER: 3:07-CV-00229-WKW
                                          )
vs.                                       )    A.P. #: 06-08035
                                          )
SELECT PORTFOLIO SERVICING, INC.,         )
                                          )
        APPELLEE.                         )

---

**ON APPEAL FROM THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

**BRIEF OF APPELLANT JIMMY D. SAYLOR**

---

David G. Poston, Esq.
Attorney for Jimmy D. Saylor

OF COUNSEL:
Brock & Stout, LLC.
Post Office Drawer 311167
Enterprise, Alabama 36331
Telephone: (334) 671-5555
Facsimile:  (334) 671-2689

**CASE NO.: 3:07-CV-00229-WKW**
**JIMMY D. SAYLOR V. SELECT PORTFOLIO SERVICING, INC.**

<u>**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**</u>

Pursuant to FRAP 26.1 and 11th Cir. R. 26-1, counsel for Appellant, Jimmy D. Saylor, hereby discloses any publicly held corporate affiliation of Appellant and certifies that the following judges, attorneys, persons, association of persons, firms, partnerships, and corporations have an interest in the outcome of the above-styled cause:

        **A.**      **Corporate Disclosure Statement**

             None.

        **B.**      **Certificate of Interested Persons**

             Jimmy D. Saylor, Appellant

             David G. Poston, Esq., Attorney for Appellant

             Brock & Stout, LLC., Attorneys for Appellant

             William R. Sawyer, United States Bankruptcy Judge

             Select Portfolio Servicing, Inc., Appellee

             Michael Bybee, Esq., Attorney for Appellee

## STATEMENT REGARDING ORAL ARGUMENT

Appellant submits that this case does not involve a novel legal question. Appellant does not request oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C-1 of 1

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     I.     Course of Proceedings Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     II.    Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     III.   Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT AND CITATIONS TO AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     A.    Summary of The Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     B.    Preliminary Statement regarding Applicable Law . . . . . . . . . . . . . . . . . . . . 7

     C.    Argument and Analysis
          The Bankruptcy Court Erred In Dismissing Saylor's Complaint Pursuant To Rule
          7012(b)(6) of the Federal Rules of Bankruptcy Procedure . . . . . . . . . . . . . . . 7

          1.    Standard of Review Regarding 7012(b)(6) Motion To Dismiss . . . . . . . . 7

          2.    Plaintiff's complaint states a cause of action pursuant to
                11 U.S.C. § 362(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     D.    Plaintiff's complaint states a cause of action pursuant to 11 U.S.C. § 105(a) . . 11

     E.    Plaintiff's complaint states a cause of action for Defendant's contemptuous conduct
          in violating the bankruptcy process by failing to disclose the total arrears in its proof
          of claims thereby bypassing the claim allowance and objection statutes contained in
          Title 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

**TABLE OF CITATIONS**

## Cases

Burke v. Georgia Dept. of Revenue, 258 B.R. 310, 314 (Bankr. D. Ga. 2001) . . . . . . . . . . . 16

Guerra v. Fernandez-Rocha 451 F.3d 813, 815 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . 1

Hardy v. United States, 97 F.3d 1384 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 11-12

Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984) . . . . . 12

Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002) . . . . . . . . . . . . . . . . . 8, 12

Jove Eng'g v. IRS, 92 F. 3d 1539, 1554 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . 12

Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . 8

Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004). . . 8-9, 12

Mann v. Chase Manhattan Mortg. Corp., 316 F.3d 1 (1st Cir. 2003) . . . . . . . . . . . . . . . . 9-10

Perez v. Perez, 2007 Bankr. LEXIS 861 (Bankr. D. Fla. 2007) . . . . . . . . . . . . . . . . . . . . . . 7

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514  122 S. Ct. 992, 999, 152 L. Ed. 2d 1, 11, (U.S. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Thigpen v. Matrix Fin. Servs. Corp. 2004 Bankr. LEXIS 1134 (Bankr. D. Ala. 2004) . . . . . . . 12

Travelers Cas. & Sur. Co. of Am. v. PG&E, 2007 U.S. LEXIS 3566 (U.S. 2007) . . . . . . . . . . 15

Universal Am. Mort. Co. v. Bateman, 331 F.3d 821, 828 (11th Cir. 2003) (citing 11 U.S.C. § 502(a); and Fed. R. Bankr. P. 3001(f)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## Statutes

Title 11, United States Code
11 U.S.C. § 105(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-7, 11-14, 16
11 U.S.C. § 301  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
11 U.S.C. § 362  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12-13
11 U.S.C. § 362(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
11 U.S.C. § 362(h)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7-8
11 U.S.C. § 501  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,15-16
11 U.S.C. § 502  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15-16
11 U.S.C. § 502(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15-16
11 U.S.C. § 506  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15-16
11 U.S.C. § 507(a)(8)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
11 U.S.C. § 522(b)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

11 U.S.C. § 541  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
11 U.S.C. § 1306  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
11 U.S.C. § 1322(b)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

11 U.S.C. § 1322(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1322(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1322(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15
11 U.S.C. § 1327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1327(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
11 U.S.C. § 1329 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15
Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAP-CPA), Pub. L. No.
109-8, 119 Stat. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
12 U.S.C. § 2605(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Fed. R. Bankr. P. 3001(a) & (f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Fed. R. Bankr. P. 3002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Fed. R. Bankr. P. 3007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Fed. R. Bankr. P. 7012(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2,4-5, 7-9
Fed. R. Bankr. P. 9023 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Fed. R. Civ. P. 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# I. <u>STATEMENT OF JURISDICTION</u>

This Court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158(a).

vi

## II.  **STATEMENT OF THE ISSUE**

Whether the United States Bankruptcy Court erred in dismissing Appellant's Complaint

pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure?

### III.  APPLICABLE STANDARD OF APPELLATE  REVIEW

The District Court reviews "*de novo*" a dismissal for failure to state a claim. Guerra v. Fernandez-Rocha 451 F.3d 813, 815 (11th Cir. 2006).

1

### IV.  STATEMENT OF THE CASE

**A.      Course of Proceedings Below**

Jimmy D. Saylor, the Debtor in the bankruptcy case of In Re: Saylor, pending in the United States Bankruptcy Court for the Middle District of Alabama bearing case number 02-80576-WRS,

commenced adversary proceeding number 06-8035 seeking damages for the Defendant's willful violation of the automatic stay, willful violation of a prior bankruptcy court order, and willful violation of other bankruptcy court statutes. Before allowing discovery, the bankruptcy court dismissed the adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6). The Plaintiff filed a timely motion to alter or amend. The motion to alter or amend was denied, and the Plaintiff timely commenced this appeal.

**B.      Statement of the Facts**

1.      Jimmy D. Saylor (hereinafter, "Saylor"), as Debtor, filed a chapter 13 bankruptcy case on April 29, 2002. The bankruptcy was filed in the Middle District of Alabama, and bears case number 02-80576. *Saylor Ex. A* (All references to Appellant's exhibits will be as "*Saylor Ex.*").

2.      Prior to confirmation of his chapter 13 plan, Saylor filed an amended chapter 13 plan which proposed to cure certain pre-petition mortgage arrears to the Defendant through the Chapter 13 Trustee. *Saylor Ex. B*.

3.      The bankruptcy court confirmed Saylor's amended chapter 13 plan on September 20, 2002. *Saylor Ex.C.*

4.      In order to receive distribution from the Chapter 13 Trustee, the Defendant filed a sworn proof of claim, identified on the records of the bankruptcy court Clerk of Court as claim number 3, on August 2, 2002. *Saylor Ex. F.*

5.      The itemized claim stated a total pre-petition arrearage in the amount of $3,225.32. Id.

2

6.      The Defendant's proof of claim number 3-1 itemized the total pre-petition arrearage as follows:

(a)      $2,325.32 past due mortgage payments including late charges;

(b)      $500.00 pre-petition collection fees / costs; and,

(c)      $400.00 proof of claim costs.

*Saylor Ex. G.*

7.      During the pendency of Saylor's chapter 13 bankruptcy case, Saylor fell behind on his post-petition mortgage payments and the Defendant filed a Motion From Relief From Stay. *Saylor Ex. D.*

8.      Saylor and the Defendant resolved the motion for relief from stay by reaching an agreement to include the post-petition mortgage arrears in Saylor's chapter 13 plan. The bankruptcy court ratified the agreement by court order on October 14, 2004. *Saylor Ex. E.*

9.      The court order allowed Saylor to include his post-petition arrears in the chapter 13 Plan, and also allowed the Defendant to tax Six hundred dollars ($600.00) in attorney fees and court costs against Saylor which were included in the chapter 13 plan. *Saylor Ex. E.*

10.     To receive disbursements from the Chapter 13 Trustee, the Defendant filed a post-petition arrearage proof of claim. *Saylor Ex. G.*

11.     In conformity with the bankruptcy court order conditionally denying motion for relief from stay as to the Defendant, *Saylor Ex. E.*, the Defendant itemized its post-petition arrearage as two thousand eight hundred eighteen dollars and forty-four cent ($2,818.44) for past due post-petition mortgage payments and six hundred dollars ($600.00) for post-petition attorney fees and costs associated with filing the motion for relief from stay. *Saylor Ex. G.* The total post-petition arrearage claim was three thousand four hundred eighteen dollars and forty-four cent ($3,418.44).

12.     For the purpose of reviewing certain charges to his real estate mortgage, Saylor submitted a Qualified Written Request in accordance with the Real Estate Settlement and Procedures Act. 12 U.S.C. § 2605(e).

3

13.     After reviewing the Defendant's response to the Qualified Written Request, Saylor discovered a number of undisclosed and hidden charges added to his mortgage loan during the pendency of the chapter 13 bankruptcy case.

14.     Based on the information received from the Defendant, and in response to the Qualified Written Request, Saylor commenced an adversary proceeding against the Defendant on

July 10, 2006. *Saylor Ex. H*.

   15. The Defendant filed its motion to dismiss pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6) on August 10, 2006. *Saylor Ex. I*.

   16. Prior to the bankruptcy court issuing an Opinion regarding the Defendant's motion to dismiss, the Plaintiff filed his first amended complaint on November 13, 2006. *Saylor Ex. P*.

   17. In response to the Defendant's motion to dismiss, the bankruptcy court dismissed Saylor's adversary proceeding with prejudice on January 12, 2007. *Saylor Ex. Q*.

   18. The bankruptcy court also issued a Memorandum Decision regarding the Defendant's motion to dismiss. *Saylor Ex. R*.

   19. In response to the order dismissing adversary proceeding, Saylor filed a motion to alter or amend judgment. *Saylor Ex. S*.

   20. On February 15, 2007, the bankruptcy court denied Saylor's motion to alter or amend judgment. *Saylor Ex. T*.

   21. On February 22, 2007, Saylor filed his Notice of Appeal.

4

**V. ARGUMENT**

**A.**  **Summary of the Argument**

   In the Eleventh Circuit, the Plaintiff must survive a motion to dismiss, pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6), if the Plaintiff's complaint alleges facts that would entitle him to relief. In the instant case, Saylor uncovered what he believed to be certain illegal,

unapproved, and unauthorized charges to his mortgage loan that occurred after he filed for chapter 13 bankruptcy relief. Furthermore, Saylor believes that the Defendant was the principal author of the unapproved and illegal fees and charges. Saylor commenced a lawsuit against the Defendant alleging willful violation of the automatic stay, willful violation of a bankruptcy court order, and willful violation of other bankruptcy statutes regarding the Defendant's failure to disclose the full purported balances owed on Saylor's mortgage arrearage in the two proof of claims it filed in the chapter 13 bankruptcy case. By maintaining that the Defendant violated a court order and violated the proof of claims process, Saylor's amended complaint sought redress by requesting the bankruptcy court invoke its inherent and statutory contempt powers pursuant to 11 U.S.C. § 105. In fact, the relief Saylor seeks is almost entirely governed by Title 11, United States Code. The Court need look no further than 11 U.S.C. § 362(h) (pre 2005 bankruptcy reform) and 11 U.S.C. § 105(a) (pre 2005 bankruptcy reform).

In Count I of his amended complaint, Saylor maintains that the Defendant charged unknown, unapproved, and illegal fees which represent an act to obtain possession of estate property, an act to obtain possession from estate property, or an act to exercise control over estate property. By exerting this act, the Defendant violated the automatic stay and caused injury to Saylor.

Count IV of Saylor's complaint is likewise straightforward in its request. That is, Saylor avers that the Defendant violated an October 14, 2004, court order by charging unapproved, unknown, and illegal fees almost double the amount allowed by the bankruptcy court.

5

Unfortunately, Saylor was never afforded the opportunity to conduct discovery regarding the transactions at issue. Instead, the bankruptcy court accepted the Defendant's argument that the purported illegal and unauthorized charges were mere bookkeeping entries and would not be charged to Saylor. The bankruptcy court further held that the additional legal fees were not related to the October 14, 2004, court order. In this instance, the bankruptcy court's legal conclusions

were in error. Saylor's complaint states that the Defendant charged unknown, unapproved, and illegal attorney fees in excess of the amount approved by the October 14, 2004, court order. The bankruptcy court's error centered around its failure to assume as true that the Defendant did charge fees in excess of the court order, and thereby running afoul of 11 U.S.C. § 105(a).

As to Count I, the bankruptcy court must assume that the Defendant exercised control over estate property thereby violating the automatic stay. As to Count IV, the bankruptcy court must assume that the Defendant charged illegal fees in excess of that amount authorized by the prior bankruptcy court order thereby subjecting itself to contempt powers contained in 11 U.S.C. § 105.

As to Counts III and IV of Saylor's complaint, Saylor once again sought redress from the bankruptcy court requesting the bankruptcy court exercise its contempt powers. 11 U.S.C. § 105(a). Count II and Count III of Saylor's amended complaint allege that the Defendant completely circumvented the proof of claims process as delineated by 11 U.S.C. §§ 501, 502, & 506. The Defendant chose to participate in the chapter 13 bankruptcy process. It did so by filing a proof of claim, a post-petition proof of claim, and a motion for relief from stay. The Defendant's acts evidence an intent to participate in Saylor's chapter 13 bankruptcy case thereby subjecting itself to the jurisdiction and authority of Title 11, United States Code, and the bankruptcy court's powers. Saylor's complaint specifies that the Defendant, although filing two (2) proof of claims, did not fully disclose the actual charges to Saylor. At a minimum, the Defendant's failure to disclose illegal, unapproved, and unauthorized charges would subject it to the bankruptcy court's statutory contempt powers as contained in 11 U.S.C. § 105(a).

6

The Plaintiff's complaint contains sufficient facts which, if proved, would entitle Plaintiff to relief under Title 11, United States Code. The bankruptcy court erred in holding that Saylor's complaint did not pass muster in alleging violations of the compensable statutes as contained in Title 11, to wit: 11 U.S.C. §§ 105(a) & 362(h). In his amended complaint, Saylor states that the Defendant's actions constitute an exercise of control over property of the bankruptcy estate. *Saylor*

*Ex.P. at ¶ 23.* Likewise, Saylor's complaint requests the bankruptcy court to hold the Defendant in contempt for violation of the bankruptcy code and for violation of a prior bankruptcy court order. *Saylor Ex. M. at ¶¶ 36, 48, and 57.* The bankruptcy court summarily rejected this argument by holding that the Defendant did not violate the automatic stay, that such charges were mere bookkeeping entries, and that the Defendant did not violate a prior bankruptcy court order.  Mr. Saylor respectfully submits that the bankruptcy court erred in these factual findings insomuch as the facts were construed against the Plaintiff. Case law of this circuit dictates otherwise. The facts must be construed in the light most favorable to Mr. Saylor.

**B.**     **Preliminary Statement regarding Applicable Law**

This case arose prior to the enactment and effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAP-CPA), Pub. L. No. 109-8, 119 Stat. 23, and BAPCPA's amendments to the bankruptcy code are not relevant to the issues before this Honorable Court.  Accordingly, all references herein are to the pre-BAPCPA Code in effect in 2002 when Saylor filed his chapter 13 bankruptcy case.  See *Perez v. Perez*, 2007 Bankr. LEXIS 861 (Bankr. D. Fla. 2007).

**C.**     **Argument and Analysis**

**THE BANKRUPTCY COURT ERRED IN  DISMISSING SAYLOR'S  COMPLAINT PURSUANT TO RULE 7012(B)(6) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.**

**1.**     **Standard of Review Regarding 7012(b)(6) Motion to Dismiss**

This Honorable Court "may dismiss a complaint for failure to state a claim only if it is

7

clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint." *Looney v. Hyundai Motor Mfg. Ala., LLC*, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S.

Ct. 2229 (1984)).   All allegations in the complaint must be assumed true and this Honorable

Court must construe the complaint liberally in favor of Saylor.  Looney v. Hyundai Motor Mfg. Ala.,

LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004).  The facts stated by Saylor in his complaint

**must not** be tested under the Defendant's 7012(b)(6) motion. Instead, this Honorable Court must

assume the Plaintiff's facts as true. Looney 330 F. Supp. at 1290.  The only possibility for

dismissing Saylor's complaint is if he "can prove no set of facts that would entitle him to relief."

Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). More precisely, trial courts

"must read the allegations of the complaint to include any theory on which the Plaintiff[s] may

recover." Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992).

> 2.      **Plaintiff's complaint states a cause of action pursuant to 11 U.S.C. § 362(h)**

When a person seeks bankruptcy protection under 11 U.S.C. § 301, an automatic

stay is instituted which is "applicable to all entities." 11 U.S.C. § 362. Congress further set forth

acts specifically prohibited by the automatic stay. Specifically, "any act to obtain possession of"

estate property; "any act to obtain possession from" estate property; or "any act to exercise control

over" estate property is prohibited. 11 U.S.C. § 362(a)(3).  Chapter 13 bankruptcy estate property

is defined in 11 U.S.C. §§ 541 & 1306. Congress added teeth to the automatic stay provisions by

providing that "[an] individual injured by any willful violation of a stay provided by this section shall

recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances,

may recover punitive damages." 11 U.S.C. § 362(h).

In his complaint, Saylor unequivocally asserts that the Defendant violated the

automatic stay. Saylor Ex. P. Specifically, Saylor's amended complaint contains both an

8

"Introduction" and a "Count I" setting forth facts that constitute violation of the automatic stay.

Saylor Ex.P, Introduction and Count I. Saylor's complaint goes on to specify facts dealing with

unauthorized exertion over estate property, illegal charges against estate property, and imposition

of unapproved legal fees of estate property. All of the allegations must be assumed true. Looney v.

Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004). The facts or events

giving rise to the charges must not be tested under the Defendant's 7012(b)(6) motion. Looney

330 F. Supp. at 1290. As is the rule in all federal courts, the bankruptcy court operates under

notice pleadings as it pertains to complaints.  Fed. R. Civ. Pro. 8(a)(2).  The complaint does not

require to the plaintiff to set forth every shred of evidence in his possession. Id.   See Swierkiewicz

v. Sorema N.A., 534 U.S. 506, 514  122 S. Ct. 992, 999, 152 L. Ed. 2d 1, 11, (U.S. 2002).

> Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a
> complaint's statement of a claim must simply give the defendant fair
> notice of what the plaintiff's claim is and the grounds upon which it
> rests. This liberal and simplified "notice pleading" standard--which
> was adopted to focus litigation on the merits of a claim and which
> applies to all civil actions, with limited exceptions--relies on liberal
> discovery rules and summary judgment motions to define disputed
> facts and issues and to dispose of unmeritorious claims.  Id.

In holding that Saylor failed to state a claim upon which relief could be granted, the

bankruptcy court erred by holding that "the charges were mere bookkeeping entries." Saylor Ex. R.

at p.3. The bankruptcy court further erred in making a finding that "the imposition of a charge on

an existing mortgage account, in and of itself, is not an act to obtain possession of property."

Saylor Ex. R. at p.3. As a basis for this legal conclusion, the bankruptcy court cites the First Circuit

case of Mann v. Chase Manhattan Mortg. Corp., 316 F.3d 1 (1st Cir. 2003). The bankruptcy court

stated only a portion of the First Circuit's holding in Mann. Specifically, the Mann court affirmed the

District Court's finding that an act of maintaining an internal record of post-petition attorney fees,

without anything else, was not an act in violation of the automatic stay. Mann v. Chase Manhattan

Mortg. Corp., 316 F.3d at 4. Although helpful in its analysis, the Mann Decision is distinguishable

9

in the instant case because the Plaintiff in Mann was able to conduct discovery. Mann v. Chase

Manhattan Mortg. Corp., 316 F.3d at 3. In the instant case, the Plaintiff has had no opportunity,

whatsoever, to conduct discovery so as to inquire whether the imposition of the undisclosed

charges were "mere bookkeeping entries" or something else. Although not in evidence, because of the bankruptcy court's refusal to allow discovery, the Plaintiff has a payoff statement in his possession which would go beyond the "mere bookkeeping" argument. Because of the short duration of these proceedings, the payoff statement was not introduced into evidence and apparently was not considered by the bankruptcy court. Indeed, how is the bankruptcy court to know that the "charge" was merely a bookkeeping entry or internal tracking mechanism?  There is no evidence other than a statement in the Defendant's brief that it was a bookkeeping entry.

Assuming, _arguendo_, that the asserted charges were merely bookkeeping entries, the payoff statement submitted by the Defendant provides ample proof that it is a demand for payment or an attempt to collect fees from property of the chapter 13 bankruptcy estate. The Defendant's argument misconstrues the basis for an automatic stay violation. Saylor does not assert that submission of the payoff statement, from the Defendant to the Plaintiff's Attorney, is the act of violating the automatic stay. The gravamen of the complaint is Saylor's assertion that charging improper and undisclosed bankruptcy fees is the violation. The payoff statement merely provides evidence of the violation. The production of the payoff statement provides further evidence that the Defendant intends to act thereby obtaining possession over property of the estate, namely the post-petition earnings of the Debtor. The production of the payoff statement defeats the Defendant's argument that it is merely keeping track of the charges or making bookkeeping entries.

Because the facts in the Plaintiff's complaint are assumed true, Saylor did not submit evidence or affidavits in his initial response to the Defendant's motion to dismiss. _Saylor Ex. L_. After the bankruptcy court ordered dismissal of the adversary proceeding with prejudice, the Plaintiff timely filed a Motion To Alter or Amend The Judgment pursuant to Federal Rule of Bankruptcy

10

Procedure 9023. (Fed. R. Bankr. P. 9023 makes Fed. R. Civ. P. 59 applicable in all bankruptcy adversary proceedings). _Saylor Ex. S_. Attached to the Motion To Alter or Amend, the Plaintiff

provided an Affidavit of Kevin P. Byers, CPA ("The Byers Affidavit"), who provided evidence that the Defendant was transferring Chapter 13 Trustee payments and applying them to the unknown and undisclosed fees. *Saylor Ex. S, attached Byers Affidavit at ¶ 6-11.* The Byers Affidavit tends to indicate that the Plaintiff has evidence to show that the Defendant was not merely tracking fees as claimed in the Defendant's brief. Rather, they Byers Affidavit suggests proof that the Defendant was exercising control over estate property.

**D.      Plaintiff's Complaint States A Cause Of Action Pursuant To 11 U.S.C. § 105(a)**

On October 14, 2004, the bankruptcy court entered an order setting forth reasonable attorney fees and costs in the amount of six hundred dollars ($600.00) associated with the Defendant's motion for relief from stay. Thereafter, Saylor obtained information indicating that the Defendant charged almost double the allowed attorney fees and costs at or near the date of entry of the order allowing the six hundred dollar ($600.00) attorney fees and costs. In Count IV of his complaint, Saylor asserts that the Defendant charged the excess and hidden attorney fees to the mortgage balance and further asserted that the excess charges were in violation of the October 14, 2004 Order. *Saylor Ex. E*. Because the agreement was memorialized in writing, and ratified by court order dated October 14, 2004, the order effectively modified Saylor's chapter 13 plan. 11 U.S.C. § 1329. Because Saylor's complaint insists that the Defendant charged an attorney fee in excess of the allowed amount of the court order, the additional charge was in complete derivation of the October 14, 2004 order.

In a close parallel to a violation of the automatic stay, the bankruptcy court is empowered to issue any orders or judgments necessary to effectuate compliance with the provisions of Title 11. 11 U.S.C. § 105(a). Indeed, the Eleventh Circuit recognized such right. Hardy v. United States, 97 F.3d 1384 (11th Cir. 1996). "The language of § 105 encompasses 'any type of order, whether

11

injunctive, compensatory or punitive, as long as it is necessary or appropriate to carry out the provisions of' the Bankruptcy Code.'" Hardy v. United States by & Through IRS (In re Hardy), 97

F.3d 1384, 1389 (11th Cir. 1996) (citing Jove Eng'g v. IRS, 92 F.3d 1539, 1554 (11th Cir.

1996)). An Alabama bankruptcy court held that section 105 "clearly recognizes a right in

Bankruptcy court to punish violations of court orders or Bankruptcy Code directives." Thigpen v.

Matrix Fin. Servs. Corp. 2004 Bankr. LEXIS 1134 (Bankr. D. Ala. 2004). Because Section 105 is

plain on its face, Bankruptcy courts are given very specific powers to carry out and implement the

provisions of Title 11. 11 U.S.C. § 105(a). Saylor's complaint clearly and specifically maintains that

the Defendant charged fees in excess of the allowed amount contained in the court order, and

sought a remedy pursuant to the bankruptcy court's statutory contempt powers as delineated in

Section 105. Again, Saylor is entitled to a presumption that the facts contained in his complaint

are true. Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004). As

the facts are assumed to be true, Saylor stated a cause of action pursuant to 11 U.S.C. § 105.

Although most case law pertaining to 11 U.S.C. § 105 is tied to a specific code section, section

105 plainly grants the bankruptcy court authority to carry out the provisions of prior court orders.

Hardy v. United States, 97 F.3d 1384 (11th Cir. 1996); Thigpen v. Matrix Fin. Servs. Corp. 2004

Bankr. LEXIS 1134 (Bankr. D. Ala. 2004). By charging the excess attorney fees, the Defendant has

either violated 11 U.S.C. §§ 105 or 362. Possibly, the Defendant violated both. Under either

scenario, Saylor's complaint must stand as the facts must be assumed true in light of the majority

holding in this circuit regarding the standard for a motion to dismiss. Hishon v. King & Spalding,

467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); Hoffman-Pugh v. Ramsey, 312 F.3d

1222, 1225 (11th Cir. 2002); Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289,

1290 (D. Ala. 2004).

      The bankruptcy court erred by summarily finding and concluding that the excess fees were

not related to the October 14, 2004 court order. *Saylor's Ex. R. at p.4*. In a bit of irony, however,

12

the bankruptcy court noted that the amount of fees was fixed at six hundred dollars ($600.00) for

the actions associated with the motion for relief from stay. *Id.* Without an opportunity to conduct

discovery and present evidence, how is the bankruptcy court to know whether the excess fees were not associated with the motion for relief from stay and the subsequent court order? Again, Saylor is entitled to a presumption that the allegations in his complaint are true. Not only has the Defendant violated 11 U.S.C. §§ 105 & 362, the possibility exists that the Defendant, by charging hidden and unapproved fees, has also violated 11 U.S.C. § 1327(a). That is, the provisions of a confirmed plan bound the creditor to the provisions of the October 14, 2004 court order. If the Defendant is allowed to charge fees in excess of an amount specified by court order, 11 U.S.C. § 105 is eviscerated and rendered worthless.

**E.**     **Plaintiff's Complaint States A Cause Of Action For Defendant's Contemptuous Conduct In Violating The Bankruptcy Process By Failing To Disclose The Total Arrears In Its Proof Of Claims Thereby Bypassing The Claim Allowance And Objection Statutes Contained In Title 11.**

For purposes of this appeal brief, the argument, and analysis pertaining to counts II and III are set forth concurrently. In Counts II and III of Saylor's complaint, Saylor alleges contemptuous conduct which is remedial pursuant to the bankruptcy court's inherent and statutory contempt powers 11 U.S.C. § 105(a). In its argument regarding the motion to dismiss, the Defendant attempts to paint Saylor's complaint as a state law cause of action "dressed up as a bankruptcy proceeding." _Saylor. Ex. R_. _at p.5._ Apparently, the bankruptcy court agreed with the Defendant's analysis. _Id_. The glaring weakness in the Defendant's argument is that chapter 13 specifically addresses claims and application of state law within the bankruptcy context. 11 U.S.C. § 1322(e) provides a detailed mechanism for curing a mortgage arrearage and "the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable <u>non bankruptcy law</u>. (emphasis added)." _Id_. Implicit in this Congressional mandate is an assumption that the actual amount of the default will be disclosed to the chapter 13 Debtor. Section 1322(e)

13

does not state that a default shall be determined in state court. Rather, the bankruptcy court applies the terms of the contract in accordance <u>with</u> state law. (emphasis added). That is, the

mortgage and state law are used by the bankruptcy court to determine the amount of the default. If a mortgage creditor fails to disclose the amount of their arrearage, how is a chapter 13 Debtor ever supposed to cure the default?

In the Saylor chapter 13 bankruptcy case, the Defendant had two (2) opportunities to set forth the amount of default. The first opportunity arose at the onset of the chapter 13 bankruptcy case when the Defendant filed its initial proof of claim. _Saylor Ex. F_. The Defendant filed its initial proof of claim on August 2, 2002. _Id_. The Defendant had a second opportunity to disclose the amount of default when it filed its motion for relief from stay on September 10, 2004. _Saylor Ex. D_. In a supposed arm's length negotiation, the Defendant's Attorney and Saylor's bankruptcy Attorney negotiated a settlement culminating in a court order conditionally denying relief from the automatic stay regarding the Defendant and modifying Saylor's chapter 13 plan. _Saylor Ex. E_. Instead of setting forth the entire amount of default, the Defendant charged Saylor hidden and undisclosed fees the remainder of which was to be collected at some later point and time. It is the Defendant's actions in playing "hide the ball" that constitute a complete and utter disregard for the bankruptcy process and subjects it to the contempt powers as contained in 11 U.S.C. § 105. If a mortgage servicer is allowed to put forth some the default, but not all, how does a bankruptcy Debtor ever receive the full benefit of his chapter 13 discharge? 11 U.S.C. § 105 is the perfect statutory vehicle to hold the Defendant accountable for subverting the bankruptcy claim process.

Although the bankruptcy process is governed by Title 11 and the Federal Rules of Bankruptcy Procedure, in reality, bankruptcy is a complex law that coincides with state law and other federal statutes. _E.g_. 11 U.S.C. § 522(b)(2) (making state exemptions available in certain states); § 507(a)(8) (federal law determines tax liability ) (the cited statutes are pre bankruptcy reform law). That is, the bankruptcy court often looks to state law to resolve routine issues involved

14

in the day to day workings of the bankruptcy court. In Counts II and III of Saylor's complaint, the issues involved are intertwined with various bankruptcy statutes. Most notably, mortgage arrearage

proof of claims, the filing thereof, the treatment, objections thereto, and evidentiary weight are contained in 11 U.S.C. §§ 501; 502; 506; 1322(b)(2); 1322(b)(5); 1322(c)(1); 1322(e); 1327; and 1329. All of the aforementioned statutes impact the Debtor's ability to cure his mortgage arrears and to make certain that he receives a fresh financial start following his successful completion of the chapter 13. In addition, Rules 3001(a) & (f); 3002; and 3007 set forth a mechanism for filing and determining the amount allowed in proof of claims. Taken together, all of the statutes cited and rules supra must assume that a mortgage servicer who desires to participate in the claim process will put forth the arrears that actually exist on the Debtor's mortgage. Instead of exposing the alleged mortgage arrears to bankruptcy court scrutiny, the Defendant subverted the bankruptcy process by charging hidden, unknown, and illegal fees. Although not in evidence, the mortgage promissory note makes Saylor liable for reasonable attorney fees. (emphasis added). By choosing to participate in the bankruptcy process, it was imperative that the Defendant apprise Saylor of the attorney fees thereby subjecting the arrearage claim to bankruptcy court's review as to reasonableness and in accordance with 11 U.S.C. § 1322(e). In failing to disclose the additional attorney fees, at what point will Saylor be advised of the additional charges?

Recently, the Supreme Court discussed filing proof of claims in the bankruptcy context. Travelers Cas. & Sur. Co. of Am. v. PG&E, 2007 U.S. LEXIS 3566 (U.S. 2007).

> 'When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim -- i.e., a document providing proof of a 'right to payment,' 11 U.S.C. § 101(5)(A) -- against the debtor's estate. Once a proof of claim has been filed, the court must determine whether the claim is 'allowed' under § 502(a) of the Bankruptcy Code: 'A claim or interest, proof of which is filed under section 501 . . . is deemed allowed, unless a party in interest . . . objects.' Id.

Implicit in the Supreme Court's analysis is the assumption that parties who participate in bankruptcy are bound by the provisions of the bankruptcy code. The Eleventh Circuit, in stating the obvious, held that a filed proof of claim is 'deemed allowed' and is 'prima facia evidence of the

15

validity and amount' of the mortgage arrearage. Universal Am. Mort. Co. v. Bateman, 331 F.3d 821, 828 (11th Cir. 2003) (citing 11 U.S.C. § 502(a); and Fed. R. Bankr. P. 3001(f)). The Court

went on to hold that:

> We will not lecture on the various roles and responsibilities delegated to and required of each party in interest participating in a Chapter 13 plan confirmation; however, we deem it necessary to urge all parties to carefully execute their responsibilities such that every confirmed plan will result in a synthesis of the interests of all participants in a consistent manner. The interest of one party is not to the exclusion of all others; rather, every party, most importantly the debtor who is seeking the protection of the bankruptcy court, benefits from a confirmed plan that includes accurate and thorough treatment of all claims. Id. at n. 6.

By filing its proof of claims for pre-petition and post-petition mortgage arrears, the Defendant has subjected itself to bankruptcy court jurisdiction to determine the lawful amount of the claims. Burke v. Georgia Dept. of Revenue, 258 B.R. 310, 314 (Bankr. D. Ga. 2001) ("By submitting itself to this court's claim adjudication process, Georgia admittedly subjected itself to the court's authority to determine the amount of the claim.").

11 U.S.C. § 105 grants the bankruptcy court specific powers to issue orders or judgments to carry out the provisions of Title 11, United States Code. This power includes the authority to maintain the free flow of information pertaining to proof of claims and specifically to mortgage arrears. Saylor's complaint clearly seeks a remedy under Section 105 which is tied to specific code sections 11 U.S.C. §§ 501, 502, and 506.

## VI. CONCLUSION

Jimmy D. Saylor filed his chapter 13 bankruptcy case in 2002. As part of the bankruptcy, Saylor disclosed and included mortgage arrears owed to the Defendant. Admittedly, Saylor fell behind on his mortgage payments, but ultimately resolved the post-petition default by reaching an agreement to cure the post-petition. Unbeknownst to him, the Defendant, for whatever reason, began accumulating and assessing a multitude of attorney fees, costs, and other unknown fees against Saylor's mortgage balance. When Saylor discovered the perceived wrongs, he initiated a complaint seeking redress under the United States Bankruptcy Court. In his complaint, Saylor

16

asserted that the Defendant violated the automatic stay, violated various court orders, and violated other statutory provisions of the United States Bankruptcy Code. The bankruptcy code authorizes

damages for any creditor's violation of the automatic stay. Further, in violation of a court order, the Defendant charged excess attorney fees that were neither disclosed nor approved by the bankruptcy court. Unfortunately, the bankruptcy court dismissed the complaint without affording Saylor an opportunity to discover the Defendant's purported justification for charging such fees. Instead, the bankruptcy court incorrectly construed the facts contained in Saylor's complaint against the Plaintiff. The law of this circuit plainly holds that all facts must be construed in the light most favorable to the Plaintiff. The bankruptcy court did not assume all facts in Saylor's favor and must be reversed.

Respectfully submitted this **30**[th] day of March, 2007.


BROCK & STOUT


_/s/ David G. Poston_
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

17

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Select Portfolio Servicing, Inc., Appellee, ℅ Michael Bybee, Esq., mbybee1@bellsouth.net, 2107 5th Avenue North, Suite 200, Birmingham, Alabama 35203, by United States Mail, postage prepaid and fully addressed, or by electronic mail this **30th** day of March, 2007.

/s/ David G. Poston
David G. Poston

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JIMMY D. SAYLOR, & | ) | BANKRUPTCY CASE NUMBER: |
| TAMMY M. SAYLOR, | ) | 02-80576 |
| DEBTORS | ) | CHAPTER 13 CASE |

*********************************************************************************

| | | |
|---|---|---|
| JIMMY D. SAYLOR, | ) | |
| | ) | |
| APPELLANT, | ) | CASE NUMBER: 3:07-CV-00229-WKW |
| | ) | |
| vs. | ) | A.P. #: 06-08035 |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| APPELLEE. | ) | |

---

**ON APPEAL FROM THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

**BRIEF OF APPELLANT JIMMY D. SAYLOR**

---

David G. Poston, Esq.
Attorney for Jimmy D. Saylor

OF COUNSEL:
Brock & Stout, LLC.
Post Office Drawer 311167
Enterprise, Alabama 36331
Telephone: (334) 671-5555
Facsimile:  (334) 671-2689

**CASE NO.: 3:07-CV-00229-WKW**
**JIMMY D. SAYLOR V. SELECT PORTFOLIO SERVICING, INC.**

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to FRAP 26.1 and 11th Cir. R. 26-1, counsel for Appellant, Jimmy D. Saylor, hereby discloses any publicly held corporate affiliation of Appellant and certifies that the following judges, attorneys, persons, association of persons, firms, partnerships, and corporations have an interest in the outcome of the above-styled cause:

        **A.**        **Corporate Disclosure Statement**

        None.

        **B.**        **Certificate of Interested Persons**

        Jimmy D. Saylor, Appellant

        David G. Poston, Esq., Attorney for Appellant

        Brock & Stout, LLC., Attorneys for Appellant

        William R. Sawyer, United States Bankruptcy Judge

        Select Portfolio Servicing, Inc., Appellee

        Michael Bybee, Esq., Attorney for Appellee

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant submits that this case does not involve a novel legal question.  Appellant does not request oral argument.

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C-1 of 1

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      I.     Course of Proceedings Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      II.    Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      III.   Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT AND CITATIONS TO AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.    Summary of The Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      B.    Preliminary Statement regarding Applicable Law . . . . . . . . . . . . . . . . . . 7

      C.    Argument and Analysis
            The Bankruptcy Court Erred In Dismissing Saylor's Complaint Pursuant To Rule
            7012(b)(6) of the Federal Rules of Bankruptcy Procedure . . . . . . . . . . . . . . . 7

           1.    Standard of Review Regarding 7012(b)(6) Motion To Dismiss . . . . . . . . 7

           2.    Plaintiff's complaint states a cause of action pursuant to
                11 U.S.C. § 362(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      D.    Plaintiff's complaint states a cause of action pursuant to 11 U.S.C. § 105(a) . . 11

      E.    Plaintiff's complaint states a cause of action for Defendant's contemptuous conduct
           in violating the bankruptcy process by failing to disclose the total arrears in its proof
           of claims thereby bypassing the claim allowance and objection statutes contained in
           Title 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

ii

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

**<u>TABLE OF CITATIONS</u>**

**Cases**

Burke v. Georgia Dept. of Revenue, 258 B.R. 310, 314 (Bankr. D. Ga. 2001) . . . . . . . . . . .  16

Guerra v. Fernandez-Rocha 451 F.3d 813, 815 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . .  1

Hardy v. United States, 97 F.3d 1384 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984) . . . . .  12

Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002) . . . . . . . . . . . . . . . . . .  8, 12

Jove Eng'g v. IRS, 92 F. 3d 1539, 1554 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . .  8

Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004).  . . 8-9, 12

Mann v. Chase Manhattan Mortg. Corp., 316 F.3d 1 (1st Cir. 2003) . . . . . . . . . . . . . . . . 9-10

Perez v. Perez, 2007 Bankr. LEXIS 861 (Bankr. D. Fla. 2007) . . . . . . . . . . . . . . . . . . . . . . .  7

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514  122 S. Ct. 992, 999, 152 L. Ed. 2d 1, 11,
(U.S. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Thigpen v. Matrix Fin. Servs. Corp. 2004 Bankr. LEXIS 1134 (Bankr. D. Ala. 2004) . . . . . . .  12

Travelers Cas. & Sur. Co. of Am. v. PG&E, 2007 U.S. LEXIS 3566 (U.S. 2007) . . . . . . . . . .  15

Universal Am. Mort. Co. v. Bateman, 331 F.3d 821, 828 (11th Cir. 2003) (citing 11 U.S.C. §
502(a); and Fed. R. Bankr. P. 3001(f)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

**Statutes**

Title 11, United States Code
11 U.S.C. § 105(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-7, 11-14, 16
11 U.S.C. § 301  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
11 U.S.C. § 362  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12-13
11 U.S.C. § 362(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
11 U.S.C. § 362(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7-8
11 U.S.C. § 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,15-16
11 U.S.C. § 502  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15-16
11 U.S.C. § 502(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16
11 U.S.C. § 506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15-16
11 U.S.C. § 507(a)(8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14
11 U.S.C. § 522(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

11 U.S.C. § 541 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
11 U.S.C. § 1306 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
11 U.S.C. § 1322(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

11 U.S.C. § 1322(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1322(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1322(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15
11 U.S.C. § 1327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1327(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
11 U.S.C. § 1329 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15
Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAP-CPA), Pub. L. No.
109-8, 119 Stat. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
12 U.S.C. § 2605(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Fed. R. Bankr. P. 3001(a) & (f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Fed. R. Bankr. P. 3002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Fed. R. Bankr. P. 3007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Fed. R. Bankr. P. 7012(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2,4-5, 7-9
Fed. R. Bankr. P. 9023 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Fed. R. Civ. P. 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I. <u>STATEMENT OF JURISDICTION</u>

This Court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158(a).

vi

## II. <u>STATEMENT OF THE ISSUE</u>

Whether the United States Bankruptcy Court erred in dismissing Appellant's Complaint

pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure?

### III.  APPLICABLE STANDARD OF APPELLATE  REVIEW

The District Court reviews "*de novo*" a dismissal for failure to state a claim. <u>Guerra v.
Fernandez-Rocha</u> 451 F.3d 813, 815 (11th Cir. 2006).

1

### IV.  STATEMENT OF THE CASE

**A.      Course of Proceedings Below**

Jimmy D. Saylor, the Debtor in the bankruptcy case of In Re: Saylor, pending in the United

States Bankruptcy Court for the Middle District of Alabama bearing case number 02-80576-WRS,

commenced adversary proceeding number 06-8035 seeking damages for the Defendant's willful

violation of the automatic stay, willful violation of a prior bankruptcy court order, and willful violation

of other bankruptcy court statutes. Before allowing discovery, the bankruptcy court dismissed the

adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6). The Plaintiff

filed a timely motion to alter or amend. The motion to alter or amend was denied, and the Plaintiff

timely commenced this appeal.

**B.     Statement of the Facts**

1.     Jimmy D. Saylor (hereinafter, "Saylor"), as Debtor, filed a chapter 13 bankruptcy

case on April 29, 2002. The bankruptcy was filed in the Middle District of Alabama, and bears case

number 02-80576. _Saylor Ex. A_ (All references to Appellant's exhibits will be as "_Saylor Ex._").

2.     Prior to confirmation of his chapter 13 plan, Saylor filed an amended chapter 13

plan which proposed to cure certain pre-petition mortgage arrears to the Defendant through the

Chapter 13 Trustee. _Saylor Ex. B_.

3.     The bankruptcy court confirmed Saylor's amended chapter 13 plan on September

20, 2002. _Saylor Ex.C._

4.     In order to receive distribution from the Chapter 13 Trustee, the Defendant filed a

sworn proof of claim, identified on the records of the bankruptcy court Clerk of Court as claim

number 3, on August 2, 2002. _Saylor Ex. F._

5.     The itemized claim stated a total pre-petition arrearage in the amount of

$3,225.32. _Id_.


2

6.     The Defendant's proof of claim number 3-1 itemized the total pre-petition arrearage

as follows:

     (a)     $2,325.32 past due mortgage payments including late charges;

     (b)     $500.00 pre-petition collection fees / costs; and,

     (c)     $400.00 proof of claim costs.

_Saylor Ex. G_.

7.      During the pendency of Saylor's chapter 13 bankruptcy case, Saylor fell behind on his post-petition mortgage payments and the Defendant filed a Motion From Relief From Stay. _Saylor Ex. D_.

8.      Saylor and the Defendant resolved the motion for relief from stay by reaching an agreement to include the post-petition mortgage arrears in Saylor's chapter 13 plan. The bankruptcy court ratified the agreement by court order on October 14, 2004. _Saylor Ex. E_.

9.      The court order allowed Saylor to include his post-petition arrears in the chapter 13 Plan, and also allowed the Defendant to tax Six hundred dollars ($600.00) in attorney fees and court costs against Saylor which were included in the chapter 13 plan. _Saylor Ex. E_.

10.     To receive disbursements from the Chapter 13 Trustee, the Defendant filed a post-petition arrearage proof of claim. _Saylor Ex. G_.

11.     In conformity with the bankruptcy court order conditionally denying motion for relief from stay as to the Defendant, _Saylor Ex. E._, the Defendant itemized its post-petition arrearage as two thousand eight hundred eighteen dollars and forty-four cent ($2,818.44) for past due post-petition mortgage payments and six hundred dollars ($600.00) for post-petition attorney fees and costs associated with filing the motion for relief from stay. _Saylor Ex. G_. The total post-petition arrearage claim was three thousand four hundred eighteen dollars and forty-four cent ($3,418.44).

12.     For the purpose of reviewing certain charges to his real estate mortgage, Saylor submitted a Qualified Written Request in accordance with the Real Estate Settlement and Procedures Act. 12 U.S.C. § 2605(e).

3

13.     After reviewing the Defendant's response to the Qualified Written Request, Saylor discovered a number of undisclosed and hidden charges added to his mortgage loan during the pendency of the chapter 13 bankruptcy case.

14.     Based on the information received from the Defendant, and in response to the Qualified Written Request, Saylor commenced an adversary proceeding against the Defendant on

July 10, 2006. *Saylor Ex. H*.

15.    The Defendant filed its motion to dismiss pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6) on August 10, 2006. *Saylor Ex. I*.

16.    Prior to the bankruptcy court issuing an Opinion regarding the Defendant's motion to dismiss, the Plaintiff filed his first amended complaint on November 13, 2006. *Saylor Ex. P*.

17.    In response to the Defendant's motion to dismiss, the bankruptcy court dismissed Saylor's adversary proceeding with prejudice on January 12, 2007. *Saylor Ex. Q*.

18.    The bankruptcy court also issued a Memorandum Decision regarding the Defendant's motion to dismiss. *Saylor Ex. R*.

19.    In response to the order dismissing adversary proceeding, Saylor filed a motion to alter or amend judgment. *Saylor Ex. S*.

20.    On February 15, 2007, the bankruptcy court denied Saylor's motion to alter or amend judgment. *Saylor Ex. T*.

21.    On February 22, 2007, Saylor filed his Notice of Appeal.

4

## V. ARGUMENT

### A.    Summary of the Argument

In the Eleventh Circuit, the Plaintiff must survive a motion to dismiss, pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6), if the Plaintiff's complaint alleges facts that would entitle him to relief. In the instant case, Saylor uncovered what he believed to be certain illegal,

unapproved, and unauthorized charges to his mortgage loan that occurred after he filed for chapter 13 bankruptcy relief. Furthermore, Saylor believes that the Defendant was the principal author of the unapproved and illegal fees and charges. Saylor commenced a lawsuit against the Defendant alleging willful violation of the automatic stay, willful violation of a bankruptcy court order, and willful violation of other bankruptcy statutes regarding the Defendant's failure to disclose the full purported balances owed on Saylor's mortgage arrearage in the two proof of claims it filed in the chapter 13 bankruptcy case. By maintaining that the Defendant violated a court order and violated the proof of claims process, Saylor's amended complaint sought redress by requesting the bankruptcy court invoke its inherent and statutory contempt powers pursuant to 11 U.S.C. § 105. In fact, the relief Saylor seeks is almost entirely governed by Title 11, United States Code. The Court need look no further than 11 U.S.C. § 362(h) (pre 2005 bankruptcy reform) and 11 U.S.C. § 105(a) (pre 2005 bankruptcy reform).

In Count I of his amended complaint, Saylor maintains that the Defendant charged unknown, unapproved, and illegal fees which represent an act to obtain possession of estate property, an act to obtain possession from estate property, or an act to exercise control over estate property. By exerting this act, the Defendant violated the automatic stay and caused injury to Saylor.

Count IV of Saylor's complaint is likewise straightforward in its request. That is, Saylor avers that the Defendant violated an October 14, 2004, court order by charging unapproved, unknown, and illegal fees almost double the amount allowed by the bankruptcy court.

5

Unfortunately, Saylor was never afforded the opportunity to conduct discovery regarding the transactions at issue. Instead, the bankruptcy court accepted the Defendant's argument that the purported illegal and unauthorized charges were mere bookkeeping entries and would not be charged to Saylor. The bankruptcy court further held that the additional legal fees were not related to the October 14, 2004, court order. In this instance, the bankruptcy court's legal conclusions

were in error. Saylor's complaint states that the Defendant charged unknown, unapproved, and illegal attorney fees in excess of the amount approved by the October 14, 2004, court order. The bankruptcy court's error centered around its failure to assume as true that the Defendant did charge fees in excess of the court order, and thereby running afoul of 11 U.S.C. § 105(a).

As to Count I, the bankruptcy court must assume that the Defendant exercised control over estate property thereby violating the automatic stay. As to Count IV, the bankruptcy court must assume that the Defendant charged illegal fees in excess of that amount authorized by the prior bankruptcy court order thereby subjecting itself to contempt powers contained in 11 U.S.C. § 105.

As to Counts III and IV of Saylor's complaint, Saylor once again sought redress from the bankruptcy court requesting the bankruptcy court exercise its contempt powers. 11 U.S.C. § 105(a). Count II and Count III of Saylor's amended complaint allege that the Defendant completely circumvented the proof of claims process as delineated by 11 U.S.C. §§ 501, 502, & 506. The Defendant chose to participate in the chapter 13 bankruptcy process. It did so by filing a proof of claim, a post-petition proof of claim, and a motion for relief from stay. The Defendant's acts evidence an intent to participate in Saylor's chapter 13 bankruptcy case thereby subjecting itself to the jurisdiction and authority of Title 11, United States Code, and the bankruptcy court's powers. Saylor's complaint specifies that the Defendant, although filing two (2) proof of claims, did not fully disclose the actual charges to Saylor. At a minimum, the Defendant's failure to disclose illegal, unapproved, and unauthorized charges would subject it to the bankruptcy court's statutory contempt powers as contained in 11 U.S.C. § 105(a).

6

The Plaintiff's complaint contains sufficient facts which, if proved, would entitle Plaintiff to relief under Title 11, United States Code. The bankruptcy court erred in holding that Saylor's complaint did not pass muster in alleging violations of the compensable statutes as contained in Title 11, to wit: 11 U.S.C. §§ 105(a) & 362(h). In his amended complaint, Saylor states that the Defendant's actions constitute an exercise of control over property of the bankruptcy estate. *Saylor*

*Ex.P*. *at ¶ 23.* Likewise, Saylor's complaint requests the bankruptcy court to hold the Defendant in contempt for violation of the bankruptcy code and for violation of a prior bankruptcy court order. *Saylor Ex. M*. *at ¶¶ 36, 48, and 57.* The bankruptcy court summarily rejected this argument by holding that the Defendant did not violate the automatic stay, that such charges were mere bookkeeping entries, and that the Defendant did not violate a prior bankruptcy court order.  Mr. Saylor respectfully submits that the bankruptcy court erred in these factual findings insomuch as the facts were construed against the Plaintiff. Case law of this circuit dictates otherwise. The facts must be construed in the light most favorable to Mr. Saylor.

**B.**      **Preliminary Statement regarding Applicable Law**

This case arose prior to the enactment and effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAP-CPA), Pub. L. No. 109-8, 119 Stat. 23, and BAPCPA's amendments to the bankruptcy code are not relevant to the issues before this Honorable Court.  Accordingly, all references herein are to the pre-BAPCPA Code in effect in 2002 when Saylor filed his chapter 13 bankruptcy case.  See Perez v. Perez, 2007 Bankr. LEXIS 861 (Bankr. D. Fla. 2007).

**C.**      **Argument and Analysis**

**THE BANKRUPTCY COURT ERRED IN  DISMISSING SAYLOR'S  COMPLAINT PURSUANT TO RULE 7012(B)(6) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.**

**1.**      **Standard of Review Regarding 7012(b)(6) Motion to Dismiss**

This Honorable Court "may dismiss a complaint for failure to state a claim only if it is

clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint." Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S.

Ct. 2229 (1984)).   All allegations in the complaint must be assumed true and this Honorable

Court must construe the complaint liberally in favor of Saylor.  Looney v. Hyundai Motor Mfg. Ala.,

LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004).  The facts stated by Saylor in his complaint

**must not** be tested under the Defendant's 7012(b)(6) motion. Instead, this Honorable Court must

assume the Plaintiff's facts as true. Looney 330 F. Supp. at 1290.  The only possibility for

dismissing Saylor's complaint is if he "can prove no set of facts that would entitle him to relief."

Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). More precisely, trial courts

"must read the allegations of the complaint to include any theory on which the Plaintiff[s] may

recover." Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992).

    2.    **Plaintiff's complaint states a cause of action pursuant to 11 U.S.C. § 362(h)**

            When a person seeks bankruptcy protection under 11 U.S.C. § 301, an automatic

stay is instituted which is "applicable to all entities." 11 U.S.C. § 362. Congress further set forth

acts specifically prohibited by the automatic stay. Specifically, "any act to obtain possession of"

estate property; "any act to obtain possession from" estate property; or "any act to exercise control

over" estate property is prohibited. 11 U.S.C. § 362(a)(3).  Chapter 13 bankruptcy estate property

is defined in 11 U.S.C. §§ 541 & 1306. Congress added teeth to the automatic stay provisions by

providing that "[an] individual injured by any willful violation of a stay provided by this section shall

recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances,

may recover punitive damages." 11 U.S.C. § 362(h).

            In his complaint, Saylor unequivocally asserts that the Defendant violated the

automatic stay. Saylor Ex. P. Specifically, Saylor's amended complaint contains both an

                                          8


"Introduction" and a "Count I" setting forth facts that constitute violation of the automatic stay.

Saylor Ex.P, Introduction and Count I. Saylor's complaint goes on to specify facts dealing with

unauthorized exertion over estate property, illegal charges against estate property, and imposition

of unapproved legal fees of estate property. All of the allegations must be assumed true. Looney v.

Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004). The facts or events

giving rise to the charges must not be tested under the Defendant's 7012(b)(6) motion. Looney

330 F. Supp. at 1290. As is the rule in all federal courts, the bankruptcy court operates under

notice pleadings as it pertains to complaints.  Fed. R. Civ. Pro. 8(a)(2).  The complaint does not

require to the plaintiff to set forth every shred of evidence in his possession. Id.   See Swierkiewicz

v. Sorema N.A., 534 U.S. 506, 514  122 S. Ct. 992, 999, 152 L. Ed. 2d 1, 11, (U.S. 2002).

> Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a
> complaint's statement of a claim must simply give the defendant fair
> notice of what the plaintiff's claim is and the grounds upon which it
> rests. This liberal and simplified "notice pleading" standard--which
> was adopted to focus litigation on the merits of a claim and which
> applies to all civil actions, with limited exceptions--relies on liberal
> discovery rules and summary judgment motions to define disputed
> facts and issues and to dispose of unmeritorious claims.  Id.

In holding that Saylor failed to state a claim upon which relief could be granted, the

bankruptcy court erred by holding that "the charges were mere bookkeeping entries." Saylor Ex. R.

at p.3. The bankruptcy court further erred in making a finding that "the imposition of a charge on

an existing mortgage account, in and of itself, is not an act to obtain possession of property."

Saylor Ex. R. at p.3. As a basis for this legal conclusion, the bankruptcy court cites the First Circuit

case of Mann v. Chase Manhattan Mortg. Corp., 316 F.3d 1 (1st Cir. 2003). The bankruptcy court

stated only a portion of the First Circuit's holding in Mann. Specifically, the Mann court affirmed the

District Court's finding that an act of maintaining an internal record of post-petition attorney fees,

without anything else, was not an act in violation of the automatic stay. Mann v. Chase Manhattan

Mortg. Corp., 316 F.3d at 4. Although helpful in its analysis, the Mann Decision is distinguishable

9

in the instant case because the Plaintiff in Mann was able to conduct discovery. Mann v. Chase

Manhattan Mortg. Corp., 316 F.3d at 3. In the instant case, the Plaintiff has had no opportunity,

whatsoever, to conduct discovery so as to inquire whether the imposition of the undisclosed

charges were "mere bookkeeping entries" or something else. Although not in evidence, because of the bankruptcy court's refusal to allow discovery, the Plaintiff has a payoff statement in his possession which would go beyond the "mere bookkeeping" argument. Because of the short duration of these proceedings, the payoff statement was not introduced into evidence and apparently was not considered by the bankruptcy court. Indeed, how is the bankruptcy court to know that the "charge" was merely a bookkeeping entry or internal tracking mechanism?  There is no evidence other than a statement in the Defendant's brief that it was a bookkeeping entry.

Assuming, _arguendo_, that the asserted charges were merely bookkeeping entries, the payoff statement submitted by the Defendant provides ample proof that it is a demand for payment or an attempt to collect fees from property of the chapter 13 bankruptcy estate. The Defendant's argument misconstrues the basis for an automatic stay violation. Saylor does not assert that submission of the payoff statement, from the Defendant to the Plaintiff's Attorney, is the act of violating the automatic stay. The gravamen of the complaint is Saylor's assertion that charging improper and undisclosed bankruptcy fees is the violation. The payoff statement merely provides evidence of the violation. The production of the payoff statement provides further evidence that the Defendant intends to act thereby obtaining possession over property of the estate, namely the post-petition earnings of the Debtor. The production of the payoff statement defeats the Defendant's argument that it is merely keeping track of the charges or making bookkeeping entries.

Because the facts in the Plaintiff's complaint are assumed true, Saylor did not submit evidence or affidavits in his initial response to the Defendant's motion to dismiss. _Saylor Ex. L_. After the bankruptcy court ordered dismissal of the adversary proceeding with prejudice, the Plaintiff timely filed a Motion To Alter or Amend The Judgment pursuant to Federal Rule of Bankruptcy

10

Procedure 9023. (Fed. R. Bankr. P. 9023 makes Fed. R. Civ. P. 59 applicable in all bankruptcy adversary proceedings). _Saylor Ex. S_. Attached to the Motion To Alter or Amend, the Plaintiff

provided an Affidavit of Kevin P. Byers, CPA ("The Byers Affidavit"), who provided evidence that the Defendant was transferring Chapter 13 Trustee payments and applying them to the unknown and undisclosed fees. *Saylor Ex. S, attached Byers Affidavit at ¶ 6-11.* The Byers Affidavit tends to indicate that the Plaintiff has evidence to show that the Defendant was not merely tracking fees as claimed in the Defendant's brief. Rather, they Byers Affidavit suggests proof that the Defendant was exercising control over estate property.

**D.    Plaintiff's Complaint States A Cause Of Action Pursuant To 11 U.S.C. § 105(a)**

On October 14, 2004, the bankruptcy court entered an order setting forth reasonable attorney fees and costs in the amount of six hundred dollars ($600.00) associated with the Defendant's motion for relief from stay. Thereafter, Saylor obtained information indicating that the Defendant charged almost double the allowed attorney fees and costs at or near the date of entry of the order allowing the six hundred dollar ($600.00) attorney fees and costs. In Count IV of his complaint, Saylor asserts that the Defendant charged the excess and hidden attorney fees to the mortgage balance and further asserted that the excess charges were in violation of the October 14, 2004 Order. *Saylor Ex. E.* Because the agreement was memorialized in writing, and ratified by court order dated October 14, 2004, the order effectively modified Saylor's chapter 13 plan. 11 U.S.C. § 1329. Because Saylor's complaint insists that the Defendant charged an attorney fee in excess of the allowed amount of the court order, the additional charge was in complete derivation of the October 14, 2004 order.

In a close parallel to a violation of the automatic stay, the bankruptcy court is empowered to issue any orders or judgments necessary to effectuate compliance with the provisions of Title 11. 11 U.S.C. § 105(a). Indeed, the Eleventh Circuit recognized such right. Hardy v. United States, 97 F.3d 1384 (11th Cir. 1996). "The language of § 105 encompasses 'any type of order, whether

11

injunctive, compensatory or punitive, as long as it is necessary or appropriate to carry out the provisions of' the Bankruptcy Code.'" Hardy v. United States by & Through IRS (In re Hardy), 97

F.3d 1384, 1389 (11th Cir. 1996) (citing *Jove Eng'g v. IRS*, 92 F.3d 1539, 1554 (11th Cir. 1996)). An Alabama bankruptcy court held that section 105 "clearly recognizes a right in Bankruptcy court to punish violations of court orders or Bankruptcy Code directives." *Thigpen v. Matrix Fin. Servs. Corp*. 2004 Bankr. LEXIS 1134 (Bankr. D. Ala. 2004). Because Section 105 is plain on its face, Bankruptcy courts are given very specific powers to carry out and implement the provisions of Title 11. 11 U.S.C. § 105(a). Saylor's complaint clearly and specifically maintains that the Defendant charged fees in excess of the allowed amount contained in the court order, and sought a remedy pursuant to the bankruptcy court's statutory contempt powers as delineated in Section 105. Again, Saylor is entitled to a presumption that the facts contained in his complaint are true. *Looney v. Hyundai Motor Mfg. Ala., LLC*, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004). As the facts are assumed to be true, Saylor stated a cause of action pursuant to 11 U.S.C. § 105. Although most case law pertaining to 11 U.S.C. § 105 is tied to a specific code section, section 105 plainly grants the bankruptcy court authority to carry out the provisions of prior court orders. *Hardy v. United States*, 97 F.3d 1384 (11th Cir. 1996); *Thigpen v. Matrix Fin. Servs. Corp*. 2004 Bankr. LEXIS 1134 (Bankr. D. Ala. 2004). By charging the excess attorney fees, the Defendant has either violated 11 U.S.C. §§ 105 or 362. Possibly, the Defendant violated both. Under either scenario, Saylor's complaint must stand as the facts must be assumed true in light of the majority holding in this circuit regarding the standard for a motion to dismiss. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002); *Looney v. Hyundai Motor Mfg. Ala., LLC*, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004).

The bankruptcy court erred by summarily finding and concluding that the excess fees were not related to the October 14, 2004 court order. *Saylor's Ex. R. at p.4.* In a bit of irony, however,

12

the bankruptcy court noted that the amount of fees was fixed at six hundred dollars ($600.00) for the actions associated with the motion for relief from stay. *Id.* Without an opportunity to conduct

discovery and present evidence, how is the bankruptcy court to know whether the excess fees were not associated with the motion for relief from stay and the subsequent court order? Again, Saylor is entitled to a presumption that the allegations in his complaint are true. Not only has the Defendant violated 11 U.S.C. §§ 105 & 362, the possibility exists that the Defendant, by charging hidden and unapproved fees, has also violated 11 U.S.C. § 1327(a). That is, the provisions of a confirmed plan bound the creditor to the provisions of the October 14, 2004 court order. If the Defendant is allowed to charge fees in excess of an amount specified by court order, 11 U.S.C. § 105 is eviscerated and rendered worthless.

**E.**     **Plaintiff's Complaint States A Cause Of Action For Defendant's Contemptuous Conduct In Violating The Bankruptcy Process By Failing To Disclose The Total Arrears In Its Proof Of Claims Thereby Bypassing The Claim Allowance And Objection Statutes Contained In Title 11.**

For purposes of this appeal brief, the argument, and analysis pertaining to counts II and III are set forth concurrently. In Counts II and III of Saylor's complaint, Saylor alleges contemptuous conduct which is remedial pursuant to the bankruptcy court's inherent and statutory contempt powers 11 U.S.C. § 105(a). In its argument regarding the motion to dismiss, the Defendant attempts to paint Saylor's complaint as a state law cause of action "dressed up as a bankruptcy proceeding." *Saylor. Ex. R*. *at p.5.* Apparently, the bankruptcy court agreed with the Defendant's analysis. *Id*. The glaring weakness in the Defendant's argument is that chapter 13 specifically addresses claims and application of state law within the bankruptcy context. 11 U.S.C. § 1322(e) provides a detailed mechanism for curing a mortgage arrearage and "the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable non bankruptcy law. (emphasis added)." *Id*. Implicit in this Congressional mandate is an assumption that the actual amount of the default will be disclosed to the chapter 13 Debtor. Section 1322(e)

13

does not state that a default shall be determined in state court. Rather, the bankruptcy court applies the terms of the contract in accordance with state law. (emphasis added). That is, the

mortgage and state law are used by the bankruptcy court to determine the amount of the default. If a mortgage creditor fails to disclose the amount of their arrearage, how is a chapter 13 Debtor ever supposed to cure the default?

In the Saylor chapter 13 bankruptcy case, the Defendant had two (2) opportunities to set forth the amount of default. The first opportunity arose at the onset of the chapter 13 bankruptcy case when the Defendant filed its initial proof of claim. *Saylor Ex. F*. The Defendant filed its initial proof of claim on August 2, 2002. *Id*. The Defendant had a second opportunity to disclose the amount of default when it filed its motion for relief from stay on September 10, 2004. *Saylor Ex. D*. In a supposed arm's length negotiation, the Defendant's Attorney and Saylor's bankruptcy Attorney negotiated a settlement culminating in a court order conditionally denying relief from the automatic stay regarding the Defendant and modifying Saylor's chapter 13 plan. *Saylor Ex. E*. Instead of setting forth the entire amount of default, the Defendant charged Saylor hidden and undisclosed fees the remainder of which was to be collected at some later point and time. It is the Defendant's actions in playing "hide the ball" that constitute a complete and utter disregard for the bankruptcy process and subjects it to the contempt powers as contained in 11 U.S.C. § 105. If a mortgage servicer is allowed to put forth some the default, but not all, how does a bankruptcy Debtor ever receive the full benefit of his chapter 13 discharge? 11 U.S.C. § 105 is the perfect statutory vehicle to hold the Defendant accountable for subverting the bankruptcy claim process.

Although the bankruptcy process is governed by Title 11 and the Federal Rules of Bankruptcy Procedure, in reality, bankruptcy is a complex law that coincides with state law and other federal statutes. *E.g*. 11 U.S.C. § 522(b)(2) (making state exemptions available in certain states); § 507(a)(8) (federal law determines tax liability ) (the cited statutes are pre bankruptcy reform law). That is, the bankruptcy court often looks to state law to resolve routine issues involved

14

in the day to day workings of the bankruptcy court. In Counts II and III of Saylor's complaint, the issues involved are intertwined with various bankruptcy statutes. Most notably, mortgage arrearage

proof of claims, the filing thereof, the treatment, objections thereto, and evidentiary weight are

contained in 11 U.S.C. §§ 501; 502; 506; 1322(b)(2); 1322(b)(5); 1322(c)(1); 1322(e); 1327;

and 1329. All of the aforementioned statutes impact the Debtor's ability to cure his mortgage

arrears and to make certain that he receives a fresh financial start following his successful

completion of the chapter 13. In addition, Rules 3001(a) & (f); 3002; and 3007 set forth a

mechanism for filing and determining the amount allowed in proof of claims. Taken together, all of

the statutes cited and rules supra must assume that a mortgage servicer who desires to participate

in the claim process will put forth the arrears that actually exist on the Debtor's mortgage. Instead

of exposing the alleged mortgage arrears to bankruptcy court scrutiny, the Defendant subverted the

bankruptcy process by charging hidden, unknown, and illegal fees. Although not in evidence, the

mortgage promissory note makes Saylor liable for reasonable attorney fees. (emphasis added). By

choosing to participate in the bankruptcy process, it was imperative that the Defendant apprise

Saylor of the attorney fees thereby subjecting the arrearage claim to bankruptcy court's review as to

reasonableness and in accordance with 11 U.S.C. § 1322(e). In failing to disclose the additional

attorney fees, at what point will Saylor be advised of the additional charges?

Recently, the Supreme Court discussed filing proof of claims in the bankruptcy context.

Travelers Cas. & Sur. Co. of Am. v. PG&E, 2007 U.S. LEXIS 3566 (U.S. 2007).

> 'When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of
> claim -- i.e., a document providing proof of a 'right to payment,' 11 U.S.C. §
> 101(5)(A) -- against the debtor's estate. Once a proof of claim has been filed, the
> court must determine whether the claim is 'allowed' under § 502(a) of the
> Bankruptcy Code: 'A claim or interest, proof of which is filed under section 501 . . .
> is deemed allowed, unless a party in interest . . . objects.' Id.

Implicit in the Supreme Court's analysis is the assumption that parties who participate in

bankruptcy are bound by the provisions of the bankruptcy code. The Eleventh Circuit, in stating the

obvious, held that a filed proof of claim is 'deemed allowed' and is 'prima facia evidence of the

15

validity and amount' of the mortgage arrearage. Universal Am. Mort. Co. v. Bateman, 331 F.3d

821, 828 (11th Cir. 2003) (citing 11 U.S.C. § 502(a); and Fed. R. Bankr. P. 3001(f)). The Court

went on to hold that:

> We will not lecture on the various roles and responsibilities delegated to and required of each party in interest participating in a Chapter 13 plan confirmation; however, we deem it necessary to urge all parties to carefully execute their responsibilities such that every confirmed plan will result in a synthesis of the interests of all participants in a consistent manner. The interest of one party is not to the exclusion of all others; rather, every party, most importantly the debtor who is seeking the protection of the bankruptcy court, benefits from a confirmed plan that includes accurate and thorough treatment of all claims. Id. at n. 6.

By filing its proof of claims for pre-petition and post-petition mortgage arrears, the Defendant has subjected itself to bankruptcy court jurisdiction to determine the lawful amount of the claims. Burke v. Georgia Dept. of Revenue, 258 B.R. 310, 314 (Bankr. D. Ga. 2001) ("By submitting itself to this court's claim adjudication process, Georgia admittedly subjected itself to the court's authority to determine the amount of the claim.").

11 U.S.C. § 105 grants the bankruptcy court specific powers to issue orders or judgments to carry out the provisions of Title 11, United States Code. This power includes the authority to maintain the free flow of information pertaining to proof of claims and specifically to mortgage arrears. Saylor's complaint clearly seeks a remedy under Section 105 which is tied to specific code sections 11 U.S.C. §§ 501, 502, and 506.

## VI. CONCLUSION

Jimmy D. Saylor filed his chapter 13 bankruptcy case in 2002. As part of the bankruptcy, Saylor disclosed and included mortgage arrears owed to the Defendant. Admittedly, Saylor fell behind on his mortgage payments, but ultimately resolved the post-petition default by reaching an agreement to cure the post-petition. Unbeknownst to him, the Defendant, for whatever reason, began accumulating and assessing a multitude of attorney fees, costs, and other unknown fees against Saylor's mortgage balance. When Saylor discovered the perceived wrongs, he initiated a complaint seeking redress under the United States Bankruptcy Court. In his complaint, Saylor

16

asserted that the Defendant violated the automatic stay, violated various court orders, and violated other statutory provisions of the United States Bankruptcy Code. The bankruptcy code authorizes

damages for any creditor's violation of the automatic stay. Further, in violation of a court order, the

Defendant charged excess attorney fees that were neither disclosed nor approved by the

bankruptcy court. Unfortunately, the bankruptcy court dismissed the complaint without affording

Saylor an opportunity to discover the Defendant's purported justification for charging such fees.

Instead, the bankruptcy court incorrectly construed the facts contained in Saylor's complaint

against the Plaintiff. The law of this circuit plainly holds that all facts must be construed in the light

most favorable to the Plaintiff. The bankruptcy court did not assume all facts in Saylor's favor and

must be reversed.

Respectfully submitted this **30th** day of March, 2007.


BROCK & STOUT


**/s/ David G. Poston**
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

17

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Select Portfolio Servicing, Inc., Appellee, ℅ Michael Bybee, Esq., mbybee1@bellsouth.net, 2107 5th Avenue North, Suite 200, Birmingham, Alabama 35203, by United States Mail, postage prepaid and fully addressed, or by electronic mail this **30th** day of March, 2007.

*/s/ David G. Poston*
David G. Poston

18

**11 USC § 105.    Power of court**

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

(b) Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title.

(c) The ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title

BANKRUPTCY CODE                                                11 USC § 106

shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28. This subsection shall not be interpreted to exclude bankruptcy judges and other officers or employees appointed pursuant to chapter 6 of title 28 [28 USC §§ 151 et seq.] from its operation.

(d) The court, on its own motion or on the request of a party in interest, may—

   (1) hold a status conference regarding any case or proceeding under this title after notice to the parties in interest; and

   (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that—

      (A) sets the date by which the trustee must assume or reject an executory contract or unexpired lease; or

      (B) in a case under chapter 11 of this title—

         (i) sets a date by which the debtor, or trustee if one has been appointed, shall file a disclosure statement and plan;

         (ii) sets a date by which the debtor, or trustee if one has been appointed, shall solicit acceptances of a plan;

         (iii) sets the date by which a party in interest other than a debtor may file a plan;

         (iv) sets a date by which a proponent of a plan, other than the debtor, shall solicit acceptances of such plan;

         (v) fixes the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement; or

         (vi) provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

## SUBCHAPTER I—COMMENCEMENT OF A CASE

### 11 USC § 301.   Voluntary cases

A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

**11 USC § 362.   Automatic stay**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

    (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

BANKRUPTCY CODE                                                                          11 USC § 362

(3) any act to obtain possession of property of the estate or of property from the estate
or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the
extent that such lien secures a claim that arose before the commencement of the case
under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the
commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of
the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax
Court concerning the debtor.

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application
under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as
a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a
criminal action or proceeding against the debtor;

(2) under subsection (a) of this section—

(A) of the commencement or continuation of an action or proceeding for—

(i) the establishment of paternity; or

(ii) the establishment or modification of an order for alimony, maintenance, or
support; or

(B) of the collection of alimony, maintenance, or support from property that is not
property of the estate;

(3) under subsection (a) of this section, of any act to perfect, or to maintain or continue
the perfection of, an interest in property to the extent that the trustee's rights and pow-
ers are subject to such perfection under section 546(b) of this title or to the extent that
such act is accomplished within the period provided under section 547(e)(2)(A) of this
title;

(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the com-
mencement or continuation of an action or proceeding by a governmental unit or any
organization exercising authority under the Convention on the Prohibition of the
Development, Production, Stockpiling and Use of Chemical Weapons and on Their
Destruction, opened for signature on January 13, 1993, to enforce such governmental
unit's or organization's police and regulatory power, including the enforcement of a
judgment other than a money judgment, obtained in an action or proceeding by the
governmental unit to enforce such governmental unit's or organization's police or
regulatory power;

(5) [Deleted by Act Oct. 21, 1998]

(6) under subsection (a) of this section, of the setoff by a commodity broker, forward
contract merchant, stockbroker, financial institutions, or securities clearing agency of
any mutual debt and claim under or in connection with commodity contracts, as defined
in section 761 of this title, forward contracts, or securities contracts, as defined in sec-
tion 741 of this title, that constitutes the setoff of a claim against the debtor for a margin
payment, as defined in section 101, 741, or 761 of this title, or settlement payment, as
defined in section 101 or 741 of this title, arising out of commodity contracts, forward
contracts, or securities contracts against cash, securities, or other property held by or
due from such commodity broker, forward contract merchant, stockbroker, financial
institutions, or securities clearing agency to margin, guarantee, secure, or settle com-
modity contracts, forward contracts, or securities contracts;

(7) under subsection (a) of this section, of the setoff by a repo participant, of any mutual
debt and claim under or in connection with repurchase agreements that constitutes the
setoff of a claim against the debtor for a margin payment, as defined in section 741 or

761 of this title, or settlement payment, as defined in section 741 of this title, arising out of repurchase agreements against cash, securities, or other property held by or due from such repo participant to margin, guarantee, secure or settle repurchase agreements;

(8) under subsection (a) of this section, of the commencement of any action by the Secretary of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units;

(9) under subsection (a), of—

(A) an audit by a governmental unit to determine tax liability;

(B) the issuance to the debtor by a governmental unit of a notice of tax deficiency;

(C) a demand for tax returns; or

(D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor) [;]

(10) under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property;

(11) under subsection (a) of this section, of the presentment of a negotiable instrument and the giving of notice of and protesting dishonor of such an instrument;

(12) under subsection (a) of this section, after the date which is 90 days after the filing of such petition, of the commencement or continuation, and conclusion to the entry of final judgment, of an action which involves a debtor subject to reorganization pursuant to chapter 11 of this title and which was brought by the Secretary of Transportation under section 31325 of title 46 (including distribution of any proceeds of sale) to foreclose a preferred ship or fleet mortgage, or a security interest in or relating to a vessel under construction, held by the Secretary of Transportation under section 207 or title XI of the Merchant Marine Act, 1936, or under applicable State law;

(13) under subsection (a) of this section, after the date which is 90 days after the filing of such petition, of the commencement or continuation, and conclusion to the entry of final judgment, of an action which involves a debtor subject to reorganization pursuant to chapter 11 of this title and which was brought by the Secretary of Commerce under section 31325 of title 46 (including distribution of any proceeds of sale) to foreclose a preferred ship or fleet mortgage in a vessel or a mortgage, deed of trust, or other security interest in a fishing facility held by the Secretary of Commerce under section 207 or title XI of the Merchant Marine Act, 1936; section 31325 of title 46;

(14) under subsection (a) of this section, of any action by an accrediting agency regarding the accreditation status of the debtor as an educational institution;

(15) under subsection (a) of this section, of any action by a State licensing body regarding the licensure of the debtor as an educational institution;

(16) under subsection (a) of this section, of any action by a guaranty agency, as defined in section 435(j) of the Higher Education Act of 1965 or the Secretary of Education regarding the eligibility of the debtor to participate in programs authorized under such Act;

(17) under subsection (a) of this section, of the setoff by a swap participant, of any mutual debt and claim under or in connection with any swap agreement that constitutes the setoff of a claim against the debtor for any payment due from the debtor under or in connection with any swap agreement against any payment due to the debtor from the swap participant under or in connection with any swap agreement or against cash, secu-

BANKRUPTCY CODE

11 USC § 362

rities, or other property of the debtor held by or due from such swap participant to guarantee, secure or settle any swap agreement; or

(18) under subsection (a) of the creation or perfection of a statutory lien for an ad valorem property tax imposed by the District of Columbia, or a political subdivision of a State, if such tax comes due after the filing of the petition.

(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization; or

(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period)—

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien), which payments are in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate.

(e) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

(f) Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

11 USC § 362                                    BANKRUPTCY CODE

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
  (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
  (2) the party opposing such relief has the burden of proof on all other issues

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

## SUBCHAPTER I—CREDITORS AND CLAIMS

### 11 USC § 501.    Filing of proofs of claims or interests

(a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

11 USC § 501                                          BANKRUPTCY CODE

(b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

(d) A claim of a kind specified in section 502(e)(2), 502(f), 502(g), 502(h) or 502(i) of this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition.

Treatise References: Norton Bankruptcy Law and Practice 2d, Chapter 41

Rule References: 1019, 2002(a)(4), 2002(f)(3), 2002(k), 3001, 3002, 3003, 3004, 3005, 3006

West Key No. Digests References: Bankruptcy ⊕ 2895 1-2896

## 11 USC § 502.   Allowance of claims or interests

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in lawful currency of the United States in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

(2) such claim is for unmatured interest;

(3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;

(4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;

(5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(i) the date of the filing of the petition; and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

(7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—

(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—

(i) the date of the filing of the petition; or

(ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus

(B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;

56

(8) such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on wages, salaries, or commissions earned from the debtor; or

(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

(c) There shall be estimated for purpose of allowance under this section—

(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or

(2) any right to payment arising from a right to an equitable remedy for breach of performance.

(d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

(e)(1) Notwithstanding subsections (a), (b) and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—

(A) such creditor's claim against the estate is disallowed;

(B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution; or

(C) such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title.

(2) A claim for reimbursement or contribution of such an entity that becomes fixed after the commencement of the case shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) of this section, the same as if such claim had become fixed before the date of the filing of the petition.

(f) In an involuntary case, a claim arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee and the order for relief shall be determined as of the date such claim arises, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

(g) A claim arising from the rejection, under section 365 of this title or under a plan under chapter 9, 11, 12, or 13 of this title, of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

(h) A claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

(i) A claim that does not arise until after the commencement of the case for a tax entitled to priority under section 507(a)(8) of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

11 USC § 502                                    BANKRUPTCY CODE

(j) A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. This subsection does not alter or modify the trustee's right to recover from a creditor any excess payment or transfer made to such creditor.

## 11 USC § 506.   Determination of secured status

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

(c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title

## 11 USC § 507.   Priorities

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28 [28 USC §§ 1911 et seq.].

(2) Second, unsecured claims allowed under section 502(f) of this title

(3) Third, allowed unsecured claims, but only to the extent of $4,300 *$4,650* for each individual or corporation, as the case may be, earned within 90 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—

    (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or

    (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor;[.]

(4) Fourth, allowed unsecured claims for contributions to an employee benefit plan—

    (A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

    (B) for each such plan, to the extent of—

        (i) the number of employees covered by each such plan multiplied by $4,300 *$4,650*; less

        (ii) the aggregate amount paid to such employees under paragraph (3) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

(5) Fifth, allowed unsecured claims of persons—

    (A) engaged in the production or raising of grain, as defined in section 557(b) of this title, against a debtor who owns or operates a grain storage facility, as defined in section 557(b) of this title, for grain or the proceeds of grain, or

    (B) engaged as a United States fisherman against a debtor who has acquired fish or fish produce from a fisherman through a sale or conversion, and who is engaged in operating a fish produce storage or processing facility—

but only to the extent of $4,300 *$4,650* for each such individual.

(6) Sixth, allowed unsecured claims of individuals, to the extent of $1,950 *$2,100* for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

(7) Seventh, allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt—

    (A) is assigned to another entity, voluntarily, by operation of law, or otherwise; or

    (B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

    (A) a tax on or measured by income or gross receipts—

61

11 USC § 507                                                  BANKRUPTCY CODE

  (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

  (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

  (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

 (B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition;

 (C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

 (D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;

 (E) an excise tax on—

  (i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or

  (ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition;

 (F) a customs duty arising out of the importation of merchandise—

  (i) entered for consumption within one year before the date of the filing of the petition;

  (ii) covered by an entry liquidated or reliquidated within one year before the date of the filing of the petition; or

  (iii) entered for consumption within four years before the date of the filing of the petition but unliquidated on such date, if the Secretary of the Treasury certifies that failure to liquidate such entry was due to an investigation pending on such date into assessment of antidumping or countervailing duties or fraud, or if information needed for the proper appraisement or classification of such merchandise was not available to the appropriate customs officer before such date; or

 (G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

 (9) Ninth, allowed unsecured claims based upon any commitment by the debtor to a Federal depository institutions regulatory agency (or predecessor to such agency), to maintain the capital of an insured depository institution.

(b) If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection.

(c) For the purpose of subsection (a) of this section, a claim of a governmental unit arising from an erroneous refund or credit of a tax has the same priority as a claim for the tax to which such refund or credit relates.

(d) An entity that is subrogated to the rights of a holder of a claim of a kind specified in

## 11 USC § 522.    Exemptions

(a) In this section—

(1) "dependent" includes spouse, whether or not actually dependent; and

(2) "value" means fair market value as of the date of the filing of the petition or, with respect to property that becomes property of the estate after such date, as of the date such property becomes property of the estate.

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed. Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title;

(2) a debt secured by a lien that is—

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and

(ii) not void under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed; or

(3) a debt of a kind specified in section 523(a)(4) or 523(a)(6) of this title owed by an institution-affiliated party of an insured depository institution to a Federal depository institutions regulatory agency acting in its capacity as conservator, receiver, or liquidating agent for such institution.

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $16,150 $17,425 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

(2) The debtor's interest, not to exceed $2,575 $2,775 in value, in one motor vehicle.

(3) The debtor's interest, not to exceed $425 $450 in value in any particular item or $8,625 $9,300 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held pri-

## SUBCHAPTER III—THE ESTATE

### 11 USC § 541.    Property of the estate

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

    (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

    (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

        (A) under the sole, equal, or joint management and control of the debtor; or

        (B) liable for an allowable claim against the debtor, or for both an allowable claim

77

against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable;

(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title;

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case;

(7) Any interest in property that the estate acquires after the commencement of the case.

(b) Property of the estate does not include—

(1) any power that the debtor may exercise solely for the benefit of an entity other than the debtor;

(2) any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case;

(3) any eligibility of the debtor to participate in programs authorized under the Higher Education Act of 1965 (20 U.S.C. 1001 et seq.; 42 U.S.C. 2751 et seq.), or any accreditation status or State licensure of the debtor as an educational institution;

(4) any interest of the debtor in liquid or gaseous hydrocarbons to the extent that—

(A)(i) the debtor has transferred or has agreed to transfer such interest pursuant to a farmout agreement or any written agreement directly related to a farmout agreement; and

(ii) but for the operation of this paragraph, the estate could include the interest referred to in clause (i) only by virtue of section 365 or 544(a)(3) of this title; or

(B)(i) the debtor has transferred such interest pursuant to a written conveyance of a production payment to an entity that does not participate in the operation of the property from which such production payment is transferred; and

(ii) but for the operation of this paragraph, the estate could include the interest referred to in clause (i) only by virtue of section 542 of this title; or

(5) any interest in cash or cash equivalents that constitute proceeds of a sale by the debtor of a money order that is made—

(A) on or after the date that is 14 days prior to the date on which the petition is filed; and

(B) under an agreement with a money order issuer that prohibits the commingling of such proceeds with property of the debtor (notwithstanding that, contrary to the agreement, the proceeds may have been commingled with property of the debtor),

unless the money order issuer had not taken action, prior to the filing of the petition, to require compliance with the prohibition

Paragraph (4) shall not be construed to exclude from the estate any consideration the debtor retains, receives, or is entitled to receive for transferring an interest in liquid or gaseous hydrocarbons pursuant to a farmout agreement.

BANKRUPTCY CODE                                                11 USC § 542

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in
property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this
section notwithstanding any provision in an agreement, transfer instrument, or ap-
plicable nonbankruptcy law—

    (A) that restricts or conditions transfer of such interest by the debtor; or

    (B) that is conditioned on the insolvency or financial condition of the debtor, on the
commencement of a case under this title, or on the appointment of or taking posses-
sion by a trustee in a case under this title or a custodian before such commencement,
and that effects or gives an option to effect a forfeiture, modification, or termination
of the debtor's interest in property.

    (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is en-
forceable under applicable nonbankruptcy law is enforceable in a case under this title.

(d) Property in which the debtor holds, as of the commencement of the case, only legal
title and not an equitable interest, such as a mortgage secured by real property, or an inter-
est in such a mortgage, sold by the debtor but as to which the debtor retains legal title to
service or supervise the servicing of such mortgage or interest, becomes property of the
estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal
title to such property, but not to the extent of any equitable interest in such property that
the debtor does not hold.

## 11 USC § 1322.    Contents of plan

(a) The plan shall—

    (1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;

    (2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; and

    (3) if the plan classifies claims, provide the same treatment for each claim within a particular class.

(b) Subject to subsections (a) and (c) of this section, the plan may—

    (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims,

    (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

    (3) provide for the curing or waiving of any default;

    (4) provide for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim;

    (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

    (6) provide for the payment of all or any part of any claim allowed under section 1305 of this title;

(7) subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section;

(8) provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor;

(9) provide for the vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or in any other entity; and

(10) include any other appropriate provision not inconsistent with this title

(c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law —

(1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law; and

(2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

(d) The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

(e) Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.

**Treatise References:** Norton Bankruptcy Law and Practice 2d, Chapter 121

**Rule Reference:** 3013

**West Key No. Digests References:** Bankruptcy ⟺ 3704 1-3714

## 11 USC § 1323.  Modification of plan before confirmation

(a) The debtor may modify the plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirement of section 1322 of this title.

(b) After the debtor files a modification under this section, the plan as modified becomes the plan.

(c) Any holder of a secured claim that has accepted or rejected the plan is deemed to have accepted or rejected, as the case may be, the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and such holder changes such holder's previous acceptance or rejection.

**11 USC § 1327.     Effect of confirmation**

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

**11 USC § 1329.    Modification of plan after confirmation**

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

(c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

**Rule 3001.   Proof of Claim**

**(a) FORM AND CONTENT.** A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.

**(b) WHO MAY EXECUTE.** A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005

**(c) CLAIM BASED ON A WRITING.** When a claim, or an interest in property of the

RULE 3001                                                        BANKRUPTCY RULES

debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

**(d) EVIDENCE OF PERFECTION OF SECURITY INTEREST.** If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.

**(e) TRANSFERRED CLAIM.**

   (1) Transfer of Claim Other Than for Security Before Proof Filed. If a claim has been transferred other than for security before proof of the claim has been filed, the proof of claim may be filed only by the transferee or the transferee or an indenture trustee.

   (2) Transfer of Claim Other Than for Security After Proof Filed. If a claim other than one based on a publicly traded note, bond, or debenture has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 20 days of the mailing of the notice or within any additional time allowed by the court. If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor. If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor

   (3) Transfer of Claim for Security Before Proof Filed. If a claim other than one based on a publicly traded note, bond, or debenture has been transferred for security before proof of the claim has been filed, the transferor or transferee or both may file a proof of claim for the full amount. The proof shall be supported by a statement setting forth the terms of the transfer. If either the transferor or the transferee files a proof of claim, the clerk shall immediately notify the other by mail of the right to join in the filed claim. If both transferor and transferee file proofs of the same claim, the proofs shall be consolidated. If the transferor or transferee does not file an agreement regarding its relative rights respecting voting of the claim, payment of dividends thereon, or participation in the administration of the estate, on motion by a party in interest and after notice and a hearing, the court shall enter such orders respecting these matters as may be appropriate.

   (4) Transfer of Claim for Security After Proof Filed. If a claim other than one based on a publicly traded note, bond, or debenture has been transferred for security after the proof of claim has been filed, evidence of the terms of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 20 days of the mailing of the notice or within any additional time allowed by the court. If a timely objection is filed by the alleged transferor, the court, after notice and a hearing, shall determine whether the claim has been transferred for security. If the transferor or transferee does not file an agreement regarding its relative rights respecting voting of the claim, payment of dividends thereon, or participation in the administration of the estate, on motion by a party in interest and after notice and a hearing, the court shall enter such orders respecting these matters as may be appropriate

   (5) Service of Objection or Motion; Notice of Hearing. A copy of an objection filed pursuant to paragraph (2) or (4) or a motion filed pursuant to paragraph (3) or (4) of this subdivision together with a notice of a hearing shall be mailed or otherwise delivered to the transferor or transferee, whichever is appropriate, at least 30 days prior to the hearing.

**(f) EVIDENTIARY EFFECT.** A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

**(g)** To the extent not inconsistent with the United States Warehouse Act or applicable

BANKRUPTCY RULES

RULE 3003

State law, a warehouse receipt, scale ticket, or similar document of the type routinely issued as evidence of title by a grain storage facility, as defined in section 557 of title 11, shall constitute prima facie evidence of the validity and amount of a claim of ownership of a quantity of grain.

**Code Reference:** § 501

**West Key No. Digests References: Bankruptcy ⟳ 2821-2972**

## Rule 3002. Filing Proof of Claim or Interest

**(a) NECESSITY FOR FILING.** An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.

**(b) PLACE OF FILING.** A proof of claim or interest shall be filed in accordance with Rule 5005.

**(c) TIME FOR FILING.** In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:

(1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the governmental unit.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

## Rule 3007.  Objections to Claims

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

## Rule 7012.    Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on the Pleadings

(a) WHEN PRESENTED. If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court. The court shall prescribe the time for service of the answer when service of a complaint is made by publication or upon a party in a foreign country. A party served with a pleading stating a cross-claim shall serve an answer thereto within 20 days after service. The plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs. The United States or an officer or agency thereof shall serve an answer to a complaint within 35 days after the issuance of the summons, and shall serve an answer to a cross-claim, or a reply to a counterclaim, within 35 days after service upon the United States attorney of the pleading in which the claim is asserted. The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; (2) if the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of a more definite statement.

(b) APPLICABILITY OF RULE 12(b)-(h) F. R. Civ. P. Rule 12(b)-(h) F. R. Civ. P. applies in adversary proceedings. A responsive pleading shall admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, it shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge. In non-core proceedings final orders and judgments shall not be entered on the bankruptcy judge's order except with the express consent of the parties.

**Rule 12.   Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on Pleadings**

**(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**(c) Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**(d) Preliminary Hearings.** The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

**(e) Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

**(f) Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

**(g) Consolidation of Defenses in Motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

**(h) Waiver or Preservation of Certain Defenses.**

   (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency

**Rule 59.    New Trials; Amendment of Judgments**

**(a) Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

**(b) Time for Motion.** Any motion for a new trial must be filed no later than 10 days after entry of the judgment.

**(c) Time for Serving Affidavits.** When a motion for new trial is based on affidavits, they shall be filed with the motion. The opposing party has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.

BANKRUPTCY RULES                                                    RULE 9024

**(d) On Court's Initiative; Notice; Specifying Grounds.** No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court must specify the grounds in its order.

**(e) Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment.

Rule Reference: 9006(b)(2)