**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

April 26, 2007

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style: Jimmy D. Saylor v. Select Portfolio Servicing, Inc.**
**Case Number: 3:07-cv-229-WKW**

**Pleading : #5 - Appellant's Brief**

**Notice of Correction is being  filed this  date to advise that  the pdf document for the referenced  pleading has been exchanged pursuant to a request by appellant's counsel. This request was made to replace the original document which changed format at the initial conversion to a pdf document.**

**The pdf document in its proper format is attached to this notice .**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JIMMY D. SAYLOR, & | ) | BANKRUPTCY CASE NUMBER: |
| TAMMY M. SAYLOR, | ) | 02-80576 |
| DEBTORS | ) | CHAPTER 13 CASE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JIMMY D. SAYLOR, | ) | |
| | ) | |
| APPELLANT, | ) | CASE NUMBER: 3:07-CV-00229-WKW |
| | ) | |
| vs. | ) | A.P. #: 06-08035 |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| APPELLEE. | ) | |

---

**ON APPEAL FROM THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

**BRIEF OF APPELLANT JIMMY D. SAYLOR**

---

David G. Poston, Esq.
Attorney for Jimmy D. Saylor

OF COUNSEL:
Brock & Stout, LLC.
Post Office Drawer 311167
Enterprise, Alabama 36331
Telephone: (334) 671-5555
Facsimile:  (334) 671-2689

**CASE NO.: 3:07-CV-00229-WKW**
**JIMMY D. SAYLOR V. SELECT PORTFOLIO SERVICING, INC.**

<u>**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**</u>

Pursuant to FRAP 26.1 and 11th Cir. R. 26-1, counsel for Appellant, Jimmy D. Saylor, hereby discloses any publicly held corporate affiliation of Appellant and certifies that the following judges, attorneys, persons, association of persons, firms, partnerships, and corporations have an interest in the outcome of the above-styled cause:

      **A.**      **Corporate Disclosure Statement**

      None.

      **B.**      **Certificate of Interested Persons**

      Jimmy D. Saylor, Appellant

      David G. Poston, Esq., Attorney for Appellant

      Brock & Stout, LLC., Attorneys for Appellant

      William R. Sawyer, United States Bankruptcy Judge

      Select Portfolio Servicing, Inc., Appellee

      Michael Bybee, Esq., Attorney for Appellee

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant submits that this case does not involve a novel legal question.  Appellant does not request oral argument.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C-1 of 1

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    Course of Proceedings Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    III.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT AND CITATIONS TO AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Summary of The Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    Preliminary Statement regarding Applicable Law . . . . . . . . . . . . . . . . . . . . 7

    C.    Argument and Analysis
        The Bankruptcy Court Erred In Dismissing Saylor's Complaint Pursuant To Rule
        7012(b)(6) of the Federal Rules of Bankruptcy Procedure . . . . . . . . . . . . . . . 7

        1.    Standard of Review Regarding 7012(b)(6) Motion To Dismiss . . . . . . . . 7

        2.    Plaintiff's complaint states a cause of action pursuant to
            11 U.S.C. § 362(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    D.    Plaintiff's complaint states a cause of action pursuant to 11 U.S.C. § 105(a) . . 11

    E.    Plaintiff's complaint states a cause of action for Defendant's contemptuous conduct
        in violating the bankruptcy process by failing to disclose the total arrears in its proof
        of claims thereby bypassing the claim allowance and objection statutes contained in
        Title 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

## **TABLE OF CITATIONS**

### **Cases**

Burke v. Georgia Dept. of Revenue, 258 B.R. 310, 314 (Bankr. D. Ga. 2001) . . . . . . . . . . .  16

Guerra v. Fernandez-Rocha 451 F.3d 813, 815 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . .  1

Hardy v. United States, 97 F.3d 1384 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984) . . . . .  12

Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002) . . . . . . . . . . . . . . . . .  8, 12

Jove Eng'g v. IRS, 92 F. 3d 1539, 1554 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . .  12

Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . .  8

Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004). . . 8-9, 12

Mann v. Chase Manhattan Mortg. Corp., 316 F.3d 1 (1st Cir. 2003) . . . . . . . . . . . . . . . . .  9-10

Perez v. Perez, 2007 Bankr. LEXIS 861 (Bankr. D. Fla. 2007) . . . . . . . . . . . . . . . . . . . . . .  7

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514  122 S. Ct. 992, 999, 152 L. Ed. 2d 1, 11,
(U.S. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Thigpen v. Matrix Fin. Servs. Corp. 2004 Bankr. LEXIS 1134 (Bankr. D. Ala. 2004) . . . . . . .  12

Travelers Cas. & Sur. Co. of Am. v. PG&E, 2007 U.S. LEXIS 3566 (U.S. 2007) . . . . . . . . . .  15

Universal Am. Mort. Co. v. Bateman, 331 F.3d 821, 828 (11th Cir. 2003) (citing 11 U.S.C. §
502(a); and Fed. R. Bankr. P. 3001(f)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

### **Statutes**

Title 11, United States Code
11 U.S.C. § 105(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5-7, 11-14, 16
11 U.S.C. § 301 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
11 U.S.C. § 362 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8, 12-13
11 U.S.C. § 362(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
11 U.S.C. § 362(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 7-8
11 U.S.C. § 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6,15-16
11 U.S.C. § 502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 15-16
11 U.S.C. § 502(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15-16
11 U.S.C. § 506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 15-16
11 U.S.C. § 507(a)(8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14
11 U.S.C. § 522(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

11 U.S.C. § 541 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
11 U.S.C. § 1306 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
11 U.S.C. § 1322(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1322(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1322(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1322(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15
11 U.S.C. § 1327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1327(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
11 U.S.C. § 1329 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15
Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAP-CPA), Pub. L. No.
109-8, 119 Stat. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
12 U.S.C. § 2605(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Fed. R. Bankr. P. 3001(a) & (f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Fed. R. Bankr. P. 3002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Fed. R. Bankr. P. 3007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Fed. R. Bankr. P. 7012(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2,4-5, 7-9
Fed. R. Bankr. P. 9023 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Fed. R. Civ. P. 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I.  <u>STATEMENT OF JURISDICTION</u>

This Court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158(a).

## II.  STATEMENT OF THE ISSUE

Whether the United States Bankruptcy Court erred in dismissing Appellant's Complaint

pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure?

### III.  APPLICABLE STANDARD OF APPELLATE  REVIEW

The District Court reviews "*de novo*" a dismissal for failure to state a claim. Guerra v.

Fernandez-Rocha 451 F.3d 813, 815 (11th Cir. 2006).

## IV.  <u>STATEMENT OF THE CASE</u>

**A.      Course of Proceedings Below**

Jimmy D. Saylor, the Debtor in the bankruptcy case of In Re: Saylor, pending in the United

States Bankruptcy Court for the Middle District of Alabama bearing case number 02-80576-WRS,

commenced adversary proceeding number 06-8035 seeking damages for the Defendant's willful

violation of the automatic stay, willful violation of a prior bankruptcy court order, and willful violation

of other bankruptcy court statutes. Before allowing discovery, the bankruptcy court dismissed the

adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6). The Plaintiff

filed a timely motion to alter or amend. The motion to alter or amend was denied, and the Plaintiff

timely commenced this appeal.

**B.      Statement of the Facts**

1.      Jimmy D. Saylor (hereinafter, "Saylor"), as Debtor, filed a chapter 13 bankruptcy

case on April 29, 2002. The bankruptcy was filed in the Middle District of Alabama, and bears case

number 02-80576. _Saylor Ex. A_ (All references to Appellant's exhibits will be as "_Saylor Ex._").

2.      Prior to confirmation of his chapter 13 plan, Saylor filed an amended chapter 13

plan which proposed to cure certain pre-petition mortgage arrears to the Defendant through the

Chapter 13 Trustee. _Saylor Ex. B_.

3.      The bankruptcy court confirmed Saylor's amended chapter 13 plan on September

20, 2002. _Saylor Ex.C_.

4.      In order to receive distribution from the Chapter 13 Trustee, the Defendant filed a

sworn proof of claim, identified on the records of the bankruptcy court Clerk of Court as claim

number 3, on August 2, 2002. _Saylor Ex. F_.

5.      The itemized claim stated a total pre-petition arrearage in the amount of

$3,225.32. _Id_.

6.    The Defendant's proof of claim number 3-1 itemized the total pre-petition arrearage as follows:

(a)    $2,325.32 past due mortgage payments including late charges;

(b)    $500.00 pre-petition collection fees / costs; and,

(c)    $400.00 proof of claim costs.

*Saylor Ex. G.*

7.    During the pendency of Saylor's chapter 13 bankruptcy case, Saylor fell behind on his post-petition mortgage payments and the Defendant filed a Motion From Relief From Stay. *Saylor Ex. D.*

8.    Saylor and the Defendant resolved the motion for relief from stay by reaching an agreement to include the post-petition mortgage arrears in Saylor's chapter 13 plan. The bankruptcy court ratified the agreement by court order on October 14, 2004. *Saylor Ex. E.*

9.    The court order allowed Saylor to include his post-petition arrears in the chapter 13 Plan, and also allowed the Defendant to tax Six hundred dollars ($600.00) in attorney fees and court costs against Saylor which were included in the chapter 13 plan. *Saylor Ex. E.*

10.    To receive disbursements from the Chapter 13 Trustee, the Defendant filed a post-petition arrearage proof of claim. *Saylor Ex. G.*

11.    In conformity with the bankruptcy court order conditionally denying motion for relief from stay as to the Defendant, *Saylor Ex. E.*, the Defendant itemized its post-petition arrearage as two thousand eight hundred eighteen dollars and forty-four cent ($2,818.44) for past due post-petition mortgage payments and six hundred dollars ($600.00) for post-petition attorney fees and costs associated with filing the motion for relief from stay. *Saylor Ex. G.* The total post-petition arrearage claim was three thousand four hundred eighteen dollars and forty-four cent ($3,418.44).

12.    For the purpose of reviewing certain charges to his real estate mortgage, Saylor submitted a Qualified Written Request in accordance with the Real Estate Settlement and Procedures Act. 12 U.S.C. § 2605(e).

13.     After reviewing the Defendant's response to the Qualified Written Request, Saylor discovered a number of undisclosed and hidden charges added to his mortgage loan during the pendency of the chapter 13 bankruptcy case.

14.     Based on the information received from the Defendant, and in response to the Qualified Written Request, Saylor commenced an adversary proceeding against the Defendant on July 10, 2006. _Saylor Ex. H_.

15.     The Defendant filed its motion to dismiss pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6) on August 10, 2006. _Saylor Ex. I_.

16.     Prior to the bankruptcy court issuing an Opinion regarding the Defendant's motion to dismiss, the Plaintiff filed his first amended complaint on November 13, 2006. _Saylor Ex. P_.

17.     In response to the Defendant's motion to dismiss, the bankruptcy court dismissed Saylor's adversary proceeding with prejudice on January 12, 2007. _Saylor Ex. Q_.

18.     The bankruptcy court also issued a Memorandum Decision regarding the Defendant's motion to dismiss. _Saylor Ex. R_.

19.     In response to the order dismissing adversary proceeding, Saylor filed a motion to alter or amend judgment. _Saylor Ex. S_.

20.     On February 15, 2007, the bankruptcy court denied Saylor's motion to alter or amend judgment. _Saylor Ex. T_.

21.     On February 22, 2007, Saylor filed his Notice of Appeal.

<u>**V. ARGUMENT**</u>

**A.**     <u>**Summary of the Argument**</u>

In the Eleventh Circuit, the Plaintiff must survive a motion to dismiss, pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6), if the Plaintiff's complaint alleges facts that would entitle him to relief. In the instant case, Saylor uncovered what he believed to be certain illegal, unapproved, and unauthorized charges to his mortgage loan that occurred after he filed for chapter 13 bankruptcy relief. Furthermore, Saylor believes that the Defendant was the principal author of the unapproved and illegal fees and charges. Saylor commenced a lawsuit against the Defendant alleging willful violation of the automatic stay, willful violation of a bankruptcy court order, and willful violation of other bankruptcy statutes regarding the Defendant's failure to disclose the full purported balances owed on Saylor's mortgage arrearage in the two proof of claims it filed in the chapter 13 bankruptcy case. By maintaining that the Defendant violated a court order and violated the proof of claims process, Saylor's amended complaint sought redress by requesting the bankruptcy court invoke its inherent and statutory contempt powers pursuant to 11 U.S.C. § 105. In fact, the relief Saylor seeks is almost entirely governed by Title 11, United States Code. The Court need look no further than 11 U.S.C. § 362(h) (pre 2005 bankruptcy reform) and 11 U.S.C. § 105(a) (pre 2005 bankruptcy reform).

In Count I of his amended complaint, Saylor maintains that the Defendant charged unknown, unapproved, and illegal fees which represent an act to obtain possession of estate property, an act to obtain possession from estate property, or an act to exercise control over estate property. By exerting this act, the Defendant violated the automatic stay and caused injury to Saylor.

Count IV of Saylor's complaint is likewise straightforward in its request. That is, Saylor avers that the Defendant violated an October 14, 2004, court order by charging unapproved, unknown, and illegal fees almost double the amount allowed by the bankruptcy court.

Unfortunately, Saylor was never afforded the opportunity to conduct discovery regarding the transactions at issue. Instead, the bankruptcy court accepted the Defendant's argument that the purported illegal and unauthorized charges were mere bookkeeping entries and would not be charged to Saylor. The bankruptcy court further held that the additional legal fees were not related to the October 14, 2004, court order. In this instance, the bankruptcy court's legal conclusions were in error. Saylor's complaint states that the Defendant charged unknown, unapproved, and illegal attorney fees in excess of the amount approved by the October 14, 2004, court order. The bankruptcy court's error centered around its failure to assume as true that the Defendant did charge fees in excess of the court order, and thereby running afoul of 11 U.S.C. § 105(a).

As to Count I, the bankruptcy court must assume that the Defendant exercised control over estate property thereby violating the automatic stay. As to Count IV, the bankruptcy court must assume that the Defendant charged illegal fees in excess of that amount authorized by the prior bankruptcy court order thereby subjecting itself to contempt powers contained in 11 U.S.C. § 105.

As to Counts III and IV of Saylor's complaint, Saylor once again sought redress from the bankruptcy court requesting the bankruptcy court exercise its contempt powers. 11 U.S.C. § 105(a). Count II and Count III of Saylor's amended complaint allege that the Defendant completely circumvented the proof of claims process as delineated by 11 U.S.C. §§ 501, 502, & 506. The Defendant chose to participate in the chapter 13 bankruptcy process. It did so by filing a proof of claim, a post-petition proof cf claim, and a motion for relief from stay. The Defendant's acts evidence an intent to participate in Saylor's chapter 13 bankruptcy case thereby subjecting itself to the jurisdiction and authority of Title 11, United States Code, and the bankruptcy court's powers. Saylor's complaint specifies that the Defendant, although filing two (2) proof of claims, did not fully disclose the actual charges to Saylor. At a minimum, the Defendant's failure to disclose illegal, unapproved, and unauthorized charges would subject it to the bankruptcy court's statutory contempt powers as contained in 11 U.S.C. § 105(a).

The Plaintiff's complaint contains sufficient facts which, if proved, would entitle Plaintiff to relief under Title 11, United States Code. The bankruptcy court erred in holding that Saylor's complaint did not pass muster in alleging violations of the compensable statutes as contained in Title 11, to wit: 11 U.S.C. §§ 105(a) & 362(h). In his amended complaint, Saylor states that the Defendant's actions constitute an exercise of control over property of the bankruptcy estate. *Saylor Ex.P*. *at ¶ 23.* Likewise, Saylor's complaint requests the bankruptcy court to hold the Defendant in contempt for violation of the bankruptcy code and for violation of a prior bankruptcy court order. *Saylor Ex. M*. *at ¶¶ 36, 48, and 57.* The bankruptcy court summarily rejected this argument by holding that the Defendant did not violate the automatic stay, that such charges were mere bookkeeping entries, and that the Defendant did not violate a prior bankruptcy court order.  Mr. Saylor respectfully submits that the bankruptcy court erred in these factual findings insomuch as the facts were construed against the Plaintiff. Case law of this circuit dictates otherwise. The facts must be construed in the light most favorable to Mr. Saylor.

**B.**    **Preliminary Statement regarding Applicable Law**

This case arose prior to the enactment and effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAP-CPA), Pub. L. No. 109-8, 119 Stat. 23, and BAPCPA's amendments to the bankruptcy code are not relevant to the issues before this Honorable Court.  Accordingly, all references herein are to the pre-BAPCPA Code in effect in 2002 when Saylor filed his chapter 13 bankruptcy case.  See Perez v. Perez, 2007 Bankr. LEXIS 861 (Bankr. D. Fla. 2007).

**C.**    **Argument and Analysis**

**THE BANKRUPTCY COURT ERRED IN  DISMISSING SAYLOR'S  COMPLAINT PURSUANT TO RULE 7012(B)(6) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.**

**1.**    **Standard of Review Regarding 7012(b)(6) Motion to Dismiss**

This Honorable Court "may dismiss a complaint for failure to state a claim only if it

7

is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint." Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)).   All allegations in the complaint must be assumed true and this Honorable Court must construe the complaint liberally in favor of Saylor.  Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004).  The facts stated by Saylor in his complaint **must not** be tested under the Defendant's 7012(b)(6) motion. Instead, this Honorable Court must assume the Plaintiff's facts as true. Looney 330 F. Supp. at 1290.  The only possibility for dismissing Saylor's complaint is if he "can prove no set of facts that would entitle him to relief." Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). More precisely, trial courts "must read the allegations of the complaint to include any theory on which the Plaintiff[s] may recover." Linder v. Portocarrero, 963 F.2d 332, 336 (11th Cir. 1992).

      2.      **Plaintiff's complaint states a cause of action pursuant to 11 U.S.C. § 362(h)**

      When a person seeks bankruptcy protection under 11 U.S.C. § 301, an automatic stay is instituted which is "applicable to all entities." 11 U.S.C. § 362. Congress further set forth acts specifically prohibited by the automatic stay. Specifically, "any act to obtain possession of" estate property; "any act to obtain possession from" estate property; or "any act to exercise control over" estate property is prohibited. 11 U.S.C. § 362(a)(3).  Chapter 13 bankruptcy estate property is defined in 11 U.S.C. §§ 541 & 1306. Congress added teeth to the automatic stay provisions by providing that "[an] individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

      In his complaint, Saylor unequivocally asserts that the Defendant violated the automatic stay. Saylor Ex. P. Specifically, Saylor's amended complaint contains both an "Introduction" and a "Count I" setting forth facts that constitute violation of the automatic stay.

*Saylor Ex.P, Introduction and Count I.* Saylor's complaint goes on to specify facts dealing with unauthorized exertion over estate property, illegal charges against estate property, and imposition of unapproved legal fees of estate property. All of the allegations must be assumed true. Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004). The facts or events giving rise to the charges must not be tested under the Defendant's 7012(b)(6) motion. Looney 330 F. Supp. at 1290. As is the rule in all federal courts, the bankruptcy court operates under notice pleadings as it pertains to complaints.  Fed. R. Civ. Pro. 8(a)(2).  The complaint does not require to the plaintiff to set forth every shred of evidence in his possession. Id.   See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514  122 S. Ct. 992, 999, 152 L. Ed. 2d 1, 11, (U.S. 2002).

> Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint's statement of a claim must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This liberal and simplified "notice pleading" standard--which was adopted to focus litigation on the merits of a claim and which applies to all civil actions, with limited exceptions--relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.  Id.

In holding that Saylor failed to state a claim upon which relief could be granted, the bankruptcy court erred by holding that "the charges were mere bookkeeping entries." *Saylor Ex. R. at p.3.* The bankruptcy court further erred in making a finding that "the imposition of a charge on an existing mortgage account, in and of itself, is not an act to obtain possession of property." *Saylor Ex. R. at p.3.* As a basis for this legal conclusion, the bankruptcy court cites the First Circuit case of Mann v. Chase Manhattan Mortg. Corp., 316 F.3d 1 (1st Cir. 2003). The bankruptcy court stated only a portion of the First Circuit's holding in Mann. Specifically, the Mann court affirmed the District Court's finding that an act of maintaining an internal record of post-petition attorney fees, without anything else, was not an act in violation of the automatic stay. Mann v. Chase Manhattan Mortg. Corp., 316 F.3d at 4. Although helpful in its analysis, the Mann Decision is distinguishable in the instant case because the Plaintiff in Mann was able to conduct discovery. Mann v. Chase Manhattan Mortg. Corp., 316 F.3d at 3. In the instant case, the Plaintiff has had no opportunity,

whatsoever, to conduct discovery so as to inquire whether the imposition of the undisclosed charges were "mere bookkeeping entries" or something else. Although not in evidence, because of the bankruptcy court's refusal to allow discovery, the Plaintiff has a payoff statement in his possession which would go beyond the "mere bookkeeping" argument. Because of the short duration of these proceedings, the payoff statement was not introduced into evidence and apparently was not considered by the bankruptcy court. Indeed, how is the bankruptcy court to know that the "charge" was merely a bookkeeping entry or internal tracking mechanism?  There is no evidence other than a statement in the Defendant's brief that it was a bookkeeping entry.

Assuming, arguendo, that the asserted charges were merely bookkeeping entries, the payoff statement submitted by the Defendant provides ample proof that it is a demand for payment or an attempt to collect fees from property of the chapter 13 bankruptcy estate. The Defendant's argument misconstrues the basis for an automatic stay violation. Saylor does not assert that submission of the payoff statement, from the Defendant to the Plaintiff's Attorney, is the act of violating the automatic stay. The gravamen of the complaint is Saylor's assertion that charging improper and undisclosed bankruptcy fees is the violation. The payoff statement merely provides evidence of the violation. The production of the payoff statement provides further evidence that the Defendant intends to act thereby obtaining possession over property of the estate, namely the post-petition earnings of the Debtor. The production of the payoff statement defeats the Defendant's argument that it is merely keeping track of the charges or making bookkeeping entries.

Because the facts in the Plaintiff's complaint are assumed true, Saylor did not submit evidence or affidavits in his initial response to the Defendant's motion to dismiss. _Saylor Ex. L_. After the bankruptcy court ordered dismissal of the adversary proceeding with prejudice, the Plaintiff timely filed a Motion To Alter or Amend The Judgment pursuant to Federal Rule of Bankruptcy

10

Procedure 9023. (Fed. R. Bankr. P. 9023 makes Fed. R. Civ. P. 59 applicable in all bankruptcy adversary proceedings). _Saylor Ex. S_. Attached to the Motion To Alter or Amend, the Plaintiff provided an Affidavit of Kevin P. Byers, CPA ("The Byers Affidavit"), who provided evidence that the Defendant was transferring Chapter 13 Trustee payments and applying them to the unknown and undisclosed fees. _Saylor Ex. S, attached Byers Affidavit at ¶ 6-11._ The Byers Affidavit tends to indicate that the Plaintiff has evidence to show that the Defendant was not merely tracking fees as claimed in the Defendant's brief. Rather, they Byers Affidavit suggests proof that the Defendant was exercising control over estate property.

**D.    Plaintiff's Complaint States A Cause Of Action Pursuant To 11 U.S.C. § 105(a)**

On October 14, 2004, the bankruptcy court entered an order setting forth reasonable attorney fees and costs in the amount of six hundred dollars ($600.00) associated with the Defendant's motion for relief from stay. Thereafter, Saylor obtained information indicating that the Defendant charged almost double the allowed attorney fees and costs at or near the date of entry of the order allowing the six hundred dollar ($600.00) attorney fees and costs. In Count IV of his complaint, Saylor asserts that the Defendant charged the excess and hidden attorney fees to the mortgage balance and further asserted that the excess charges were in violation of the October 14, 2004 Order. _Saylor Ex. E_. Because the agreement was memorialized in writing, and ratified by court order dated October 14, 2004, the order effectively modified Saylor's chapter 13 plan. 11 U.S.C. § 1329. Because Saylor's complaint insists that the Defendant charged an attorney fee in excess of the allowed amount of the court order, the additional charge was in complete derivation of the October 14, 2004 order.

In a close parallel to a violation of the automatic stay, the bankruptcy court is empowered to issue any orders or judgments necessary to effectuate compliance with the provisions of Title 11. 11 U.S.C. § 105(a). Indeed, the Eleventh Circuit recognized such right. Hardy v. United States, 97 F.3d 1384 (11th Cir. 1996). "The language of § 105 encompasses 'any type of order, whether

11

injunctive, compensatory or punitive, as long as it is necessary or appropriate to carry out the provisions of the Bankruptcy Code.'" Hardy v. United States by & Through IRS (In re Hardy), 97 F.3d 1384, 1389 (11th Cir. 1996) (citing Jove Eng'g v. IRS, 92 F.3d 1539, 1554 (11th Cir. 1996)). An Alabama bankruptcy court held that section 105 "clearly recognizes a right in Bankruptcy court to punish violations of court orders or Bankruptcy Code directives." Thigpen v. Matrix Fin. Servs. Corp. 2004 Bankr. LEXIS 1134 (Bankr. D. Ala. 2004). Because Section 105 is plain on its face, Bankruptcy courts are given very specific powers to carry out and implement the provisions of Title 11. 11 U.S.C. § 105(a). Saylor's complaint clearly and specifically maintains that the Defendant charged fees in excess of the allowed amount contained in the court order, and sought a remedy pursuant to the bankruptcy court's statutory contempt powers as delineated in Section 105. Again, Saylor is entitled to a presumption that the facts contained in his complaint are true. Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004). As the facts are assumed to be true, Saylor stated a cause of action pursuant to 11 U.S.C. § 105. Although most case law pertaining to 11 U.S.C. § 105 is tied to a specific code section, section 105 plainly grants the bankruptcy court authority to carry out the provisions of prior court orders. Hardy v. United States, 97 F.3d 1384 (11th Cir. 1996); Thigpen v. Matrix Fin. Servs. Corp. 2004 Bankr. LEXIS 1134 (Bankr. D. Ala. 2004). By charging the excess attorney fees, the Defendant has either violated 11 U.S.C. §§ 105 or 362. Possibly, the Defendant violated both. Under either scenario, Saylor's complaint must stand as the facts must be assumed true in light of the majority holding in this circuit regarding the standard for a motion to dismiss. Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002); Looney v. Hyundai Motor Mfg. Ala., LLC, 330 F. Supp. 2d 1289, 1290 (D. Ala. 2004).

The bankruptcy court erred by summarily finding and concluding that the excess fees were not related to the October 14, 2004 court order. Saylor's Ex. R. at p.4. In a bit of irony, however,

the bankruptcy court noted that the amount of fees was fixed at six hundred dollars ($600.00) for the actions associated with the motion for relief from stay. *Id.* Without an opportunity to conduct discovery and present evidence, how is the bankruptcy court to know whether the excess fees were not associated with the motion for relief from stay and the subsequent court order? Again, Saylor is entitled to a presumption that the allegations in his complaint are true. Not only has the Defendant violated 11 U.S.C. §§ 105 & 362, the possibility exists that the Defendant, by charging hidden and unapproved fees, has also violated 11 U.S.C. § 1327(a). That is, the provisions of a confirmed plan bound the creditor to the provisions of the October 14, 2004 court order. If the Defendant is allowed to charge fees in excess of an amount specified by court order, 11 U.S.C. § 105 is eviscerated and rendered worthless.

**E.**     **Plaintiff's Complaint States A Cause Of Action For Defendant's Contemptuous Conduct In Violating The Bankruptcy Process By Failing To Disclose The Total Arrears In Its Proof Of Claims Thereby Bypassing The Claim Allowance And Objection Statutes Contained In Title 11.**

For purposes of this appeal brief, the argument, and analysis pertaining to counts II and III are set forth concurrently. In Counts II and III of Saylor's complaint, Saylor alleges contemptuous conduct which is remedial pursuant to the bankruptcy court's inherent and statutory contempt powers 11 U.S.C. § 105(a). In its argument regarding the motion to dismiss, the Defendant attempts to paint Saylor's complaint as a state law cause of action "dressed up as a bankruptcy proceeding." *Saylor. Ex. R*. *at p.5.* Apparently, the bankruptcy court agreed with the Defendant's analysis. *Id*. The glaring weakness in the Defendant's argument is that chapter 13 specifically addresses claims and application of state law within the bankruptcy context. 11 U.S.C. § 1322(e) provides a detailed mechanism for curing a mortgage arrearage and "the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable <u>non bankruptcy law</u>. (emphasis added)." *Id*. Implicit in this Congressional mandate is an assumption that the actual amount of the default will be disclosed to the chapter 13 Debtor. Section 1322(e)

13

does not state that a default shall be determined in state court. Rather, the bankruptcy court applies the terms of the contract in accordance <u>with</u> state law. (emphasis added). That is, the mortgage and state law are used by the bankruptcy court to determine the amount of the default. If a mortgage creditor fails to disclose the amount of their arrearage, how is a chapter 13 Debtor ever supposed to cure the default?

In the Saylor chapter 13 bankruptcy case, the Defendant had two (2) opportunities to set forth the amount of default. The first opportunity arose at the onset of the chapter 13 bankruptcy case when the Defendant filed its initial proof of claim. *Saylor Ex. F*. The Defendant filed its initial proof of claim on August 2, 2002. *Id*. The Defendant had a second opportunity to disclose the amount of default when it filed its motion for relief from stay on September 10, 2004. *Saylor Ex. D*. In a supposed arm's length negotiation, the Defendant's Attorney and Saylor's bankruptcy Attorney negotiated a settlement culminating in a court order conditionally denying relief from the automatic stay regarding the Defendant and modifying Saylor's chapter 13 plan. *Saylor Ex. E*. Instead of setting forth the entire amount of default, the Defendant charged Saylor hidden and undisclosed fees the remainder of which was to be collected at some later point and time. It is the Defendant's actions in playing "hide the ball" that constitute a complete and utter disregard for the bankruptcy process and subjects it to the contempt powers as contained in 11 U.S.C. § 105. If a mortgage servicer is allowed to put forth some the default, but not all, how does a bankruptcy Debtor ever receive the full benefit of his chapter 13 discharge?  11 U.S.C. § 105 is the perfect statutory vehicle to hold the Defendant accountable for subverting the bankruptcy claim process.

Although the bankruptcy process is governed by Title 11 and the Federal Rules of Bankruptcy Procedure, in reality, bankruptcy is a complex law that coincides with state law and other federal statutes. E.g. 11 U.S.C. § 522(b)(2) (making state exemptions available in certain states); § 507(a)(8) (federal law determines tax liability ) (the cited statutes are pre bankruptcy reform law). That is, the bankruptcy court often looks to state law to resolve routine issues involved

in the day to day workings of the bankruptcy court. In Counts II and III of Saylor's complaint, the issues involved are intertwined with various bankruptcy statutes. Most notably, mortgage arrearage proof of claims, the filing thereof, the treatment, objections thereto, and evidentiary weight are contained in 11 U.S.C. §§ 501; 502; 506; 1322(b)(2); 1322(b)(5); 1322(c)(1); 1322(e); 1327; and 1329. All of the aforementioned statutes impact the Debtor's ability to cure his mortgage arrears and to make certain that he receives a fresh financial start following his successful completion of the chapter 13. In addition, Rules 3001(a) & (f); 3002; and 3007 set forth a mechanism for filing and determining the amount allowed in proof of claims. Taken together, all of the statutes cited and rules <u>supra</u> must assume that a mortgage servicer who desires to participate in the claim process will put forth the arrears that actually exist on the Debtor's mortgage. Instead of exposing the alleged mortgage arrears to bankruptcy court scrutiny, the Defendant subverted the bankruptcy process by charging hidden, unknown, and illegal fees. Although not in evidence, the mortgage promissory note makes Saylor liable for <u>reasonable</u> attorney fees. (emphasis added). By choosing to participate in the bankruptcy process, it was imperative that the Defendant apprise Saylor of the attorney fees thereby subjecting the arrearage claim to bankruptcy court's review as to reasonableness and in accordance with 11 U.S.C. § 1322(e). In failing to disclose the additional attorney fees, at what point will Saylor be advised of the additional charges?

Recently, the Supreme Court discussed filing proof of claims in the bankruptcy context. <u>Travelers Cas. & Sur. Co. of Am. v. PG&E</u>, 2007 U.S. LEXIS 3566 (U.S. 2007).

> 'When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim -- i.e., a document providing proof of a 'right to payment,' 11 U.S.C. § 101(5)(A) -- against the debtor's estate. Once a proof of claim has been filed, the court must determine whether the claim is 'allowed' under § 502(a) of the Bankruptcy Code: 'A claim or interest, proof of which is filed under section 501 . . . is deemed allowed, unless a party in interest . . . objects.' <u>Id</u>.

Implicit in the Supreme Court's analysis is the assumption that parties who participate in bankruptcy are bound by the provisions of the bankruptcy code. The Eleventh Circuit, in stating the obvious, held that a filed proof of claim is 'deemed allowed' and is 'prima facia evidence of the

validity and amount' of the mortgage arrearage. <u>Universal Am. Mort. Co. v. Bateman</u>, 331 F.3d

821, 828 (11th Cir. 2003) (citing 11 U.S.C. § 502(a); and Fed. R. Bankr. P. 3001(f)). The Court

went on to hold that:

> We will not lecture on the various roles and responsibilities delegated to and
> required of each party in interest participating in a Chapter 13 plan confirmation;
> however, we deem it necessary to urge all parties to carefully execute their
> responsibilities such that every confirmed plan will result in a synthesis of the
> interests of all participants in a consistent manner. The interest of one party is not
> to the exclusion of all others; rather, every party, most importantly the debtor who is
> seeking the protection of the bankruptcy court, benefits from a confirmed plan that
> includes accurate and thorough treatment of all claims. <u>Id</u>. at n. 6.

By filing its proof of claims for pre-petition and post-petition mortgage arrears, the

Defendant has subjected itself to bankruptcy court jurisdiction to determine the lawful amount of

the claims. <u>Burke v. Georgia Dept. of Revenue</u>, 258 B.R. 310, 314 (Bankr. D. Ga. 2001) ("By

submitting itself to this court's claim adjudication process, Georgia admittedly subjected itself to the

court's authority to determine the amount of the claim.").

11 U.S.C. § 105 grants the bankruptcy court specific powers to issue orders or judgments

to carry out the provisions of Title 11, United States Code. This power includes the authority to

maintain the free flow of information pertaining to proof of claims and specifically to mortgage

arrears. Saylor's complaint clearly seeks a remedy under Section 105 which is tied to specific code

sections 11 U.S.C. §§ 501, 502, and 506.

## VI. CONCLUSION

Jimmy D. Saylor filed his chapter 13 bankruptcy case in 2002. As part of the bankruptcy,

Saylor disclosed and included mortgage arrears owed to the Defendant. Admittedly, Saylor fell

behind on his mortgage payments, but ultimately resolved the post-petition default by reaching an

agreement to cure the post-petition. Unbeknownst to him, the Defendant, for whatever reason,

began accumulating and assessing a multitude of attorney fees, costs, and other unknown fees

against Saylor's mortgage balance. When Saylor discovered the perceived wrongs, he initiated a

complaint seeking redress under the United States Bankruptcy Court. In his complaint, Saylor

asserted that the Defendant violated the automatic stay, violated various court orders, and violated

other statutory provisions of the United States Bankruptcy Code. The bankruptcy code authorizes

damages for any creditor's violation of the automatic stay. Further, in violation of a court order, the

Defendant charged excess attorney fees that were neither disclosed nor approved by the

bankruptcy court. Unfortunately, the bankruptcy court dismissed the complaint without affording

Saylor an opportunity to discover the Defendant's purported justification for charging such fees.

Instead, the bankruptcy court incorrectly construed the facts contained in Saylor's complaint

against the Plaintiff. The law of this circuit plainly holds that all facts must be construed in the light

most favorable to the Plaintiff. The bankruptcy court did not assume all facts in Saylor's favor and

must be reversed.

Respectfully submitted this **30th** day of March, 2007.


BROCK & STOUT


**/s/ David G. Poston**
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon Select Portfolio Servicing, Inc., Appellee, ℅ Michael Bybee, Esq., mbybee1@bellsouth.net, 2107 5th Avenue North, Suite 200, Birmingham, Alabama 35203, by United States Mail, postage prepaid and fully addressed, or by electronic mail this **30th** day of March, 2007.


*/s/ David G. Poston*
David G. Poston