IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JIMMY D. SAYLOR & | ) | BANKRUPTCY CASE NUMBER: |
| TAMMY M. SAYLOR, | ) | 02-80576 |
| | ) | Chapter 13 CASE |
| DEBTORS, | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JIMMY D. SAYLOR, | ) | |
| | ) | |
| APPELLANT, | ) | CASE NUMBER: 3:07-CV-00229-WKW |
| | ) | |
| vs. | ) | |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| APPELLEE. | ) | |

---

**ON APPEAL FROM THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA**

**ADVERSARY PROCEEDING NO.: 06-08035**

**REPLY BRIEF OF APPELLANT JIMMY D. SAYLOR**

---

David G. Poston, Esq.
Attorney for Jimmy D. Saylor

OF COUNSEL:
Brock & Stout, LLC.
Post Office Drawer 311167
Enterprise, Alabama 36331
Telephone: (334) 671-5555
Facsimile:  (334) 671-2689

1

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT AND CITATIONS OF AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     I.     The Bankruptcy Court Opinion regarding the Order dismissing Saylor's Complaint was not an Interpretation of the October 14, 2004, Order Conditionally Denying Motion for Relief from Stay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     II.    Property of the estate does not govern Bankruptcy Court jurisdiction . . . . . . . . . . 7

     III.   Saylor disputes portions of the Plaintiff's Statement of Facts . . . . . . . . . . . . . . . 8

     IV.   All allegations in Saylor's Complaint are presumed true . . . . . . . . . . . . . . . . . . . 9

     V.    The plain language of 11 U.S.C. § 105 permits an independent cause of action for violation of a Bankruptcy Court Order . . . . . . . . . . . . . . . . . . . . . . . 11

     VI.   The Bankruptcy Court has statutory contempt powers to carry out the provisions of Title 11 as it relates to other code sections . . . . . . . . . . . . . . . . . 13

     VII.  The acts complained of by Saylor, fit squarely within the Eleventh Circuit Decision of Telfair v. First Union Mortgage. 216 F.3d 1333, (11th Cir. 2000) . . 16

     VIII. Even if the alleged transaction history is not an attempt to collect a debt, the Defendant took an affirmative step to collect the fees when it submitted the payoff statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## **TABLE OF CITATIONS**

**Cases**

*Black's Law Dictionary*, 106 (5th ed., West 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Franklin v. Gwinnett County Pub. Schs.*, 911 F.2d 617, 619 (11th Cir. 1990) . . . . . . . . . . . . . 9

*Hardy v. United States* by & Through IRS (In re Hardy), 97 F.3d 1384, 1389 (11th Cir. 1996) . 13

*Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . . 8, 9

*Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jove Eng'g v. IRS*, 92 F.3d 1539, 1554 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Slick v. Norwest Mortg. Inc.*, 2002 Bankr. LEXIS 772 (Bankr. D. Ala. 2002) . . . . . . . . . . . 14, 16

*In re Sullivan*, 2007 Bankr. LEXIS 1137, 21-22 (Bankr. D.N.Y. 2007) . . . . . . . . . . . . . . . . . . 8

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514  122 S. Ct. 992, 999, 152 L. Ed. 2d 1, 11, (U.S. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 14

*Telfair v. First Union Mortgage*, 216 F.3d 1333, (11th Cir. 2000) . . . . . . . . . . . . . 16, 17, 18, 19

*Whiting-Turner Contracting Co. v. Elec. Mach. Enters.*, 479 F.3d 791,797 (11th Cir. 2007) . . . . 7

**Statutes**

11 U.S.C. §§ 105 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 11, 12, 13, 15
11 U.S.C. §§ 105(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 14, 20
11 U.S.C. §§ 362 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11
11 U.S.C. § 362(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
11 U.S.C. § 501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 15
11 U.S.C. § 501(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
11 U.S.C. § 502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 15
11 U.S.C. § 506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
11 U.S.C. § 1322 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18
11 U.S.C. § 1322(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1322(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1322(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11 U.S.C. § 1322(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15, 18
11 U.S.C. § 1327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
11 U.S.C. § 1329(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11, 12, 15
28 U.S.C. § 157(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
28 U.S.C. § 157(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
28 U.S.C. § 1334(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Fed. R. Civ. Proc. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 10

## SUMMARY OF THE ARGUMENT

From a pure legal perspective, the Bankruptcy Court committed reversible error by failing to assume as true the facts asserted in Saylor's complaint. In short order, Saylor asserts violations of the automatic stay, violation of other Bankruptcy Code provisions and violation of a prior court Order. All of these allegations, if true, which they must be assumed so, are sufficient to permit Saylor to go forward with his complaint. If Saylor is allowed to proceed, the Bankruptcy Court must be reversed.

In a rather confusing and illogical argument, the Defendant first agrees that the District Court reviews "de novo" a dismissal for failure to state a claim. In an apparent retreat from the "standard of review" the Defendant states that the District Court must give deference to the Bankruptcy Court's interpretation of its own order. Nowhere in the complaint does Saylor ask the Bankruptcy Court to interpret its Order. Instead, Saylor alleges that the Defendant violated the order. The standard for determining a 12(b)(6) motion to dismiss is to assume all the facts as true in the complaint. The Bankruptcy Court was not asked, nor was it permitted at that point in time, to interpret its Order. Fed. R. Civ. Pro. 12(b)(6).

Next on the agenda, the Defendant in an apparent take off from the dicta outlined in the Bankruptcy Court Memorandum Decision alleges that this Court has no subject matter jurisdiction. The jurisdictional argument is not supported by the United States Code. All counts in Saylor's complaint are "Core" and fully subject to United States District Court and United States Bankruptcy Court jurisdiction.

In reaching the heart of the matter, Saylor states causes of action under 11 U.S.C. §§ 362 and 105. Because all facts in the complaint are presumed true, Saylor's complaint must survive. That is, Saylor only asserts violations of various Bankruptcy Code provisions. Simply put, the Defendant violated the automatic stay, violated various Bankruptcy Court "provisions" and violated

4

a Bankruptcy Court order. The "Bankruptcy Code" provides statutory relief in every instance. As such, the Bankruptcy Court must be reversed.

## ARGUMENT AND CITATIONS TO AUTHORITY

I.    **The Bankruptcy Court Opinion regarding the Order Dismissing Saylor's Complaint
was not an Interpretation of the October 14, 2004, Order Conditionally Denying
Motion for Relief from Stay.**

On September 10, 2004, the Defendant filed a Motion for Relief from the Automatic Stay.

Bankruptcy Dkt. Entry 31, Appellant Ex. D.  On October 14, 2004, the Bankruptcy Court entered an

Order Conditionally Denying the Motion for Relief (hereinafter "the Order).  The Order not only set

forth allowed attorney fees owed to the Defendant but also operated as an Order Modifying Saylor's

Chapter 13 Plan pursuant to 11 U.S.C. § 1329(b).  Bankruptcy Dkt. Entry 33, Appellant Ex. E.  The

Order allowed the Defendant attorney fees and costs in the amount of $600.00.  In his complaint,

Saylor succinctly pled that the Defendant charged him more than the $600.00 allowed by the

October 14, 2004, Bankruptcy Court Order.  The Defendant attempts to paint the Memorandum

Opinion as an interpretation of the October 14, 2004, Order as finding that the additional charges

were not related to the Order.

Neither the Complaint nor the appeal concerns the interpretation of the Order.  The

complaint asserts that the Defendant violated the "Order."  As filed, the complaint states that the

Defendant violated the Order.  This assertion alone states a cause of action pursuant to 11 U.S.C.

§ 105.  The Court must assume these facts as true.  In accordance with rule 12(b)(6) standards,

the bankruptcy erred when it held that the Defendant did not violate the Order.  There was no

opportunity to conduct discovery and there was no evidence to the contrary.  Because all facts

must be assumed true, the correct inquiry should have been whether Saylor stated a cause of

action under section 105.  It was not an issue of interpretation.  That issue should have been

decided another day after Saylor was permitted to conduct discovery.

In reality, the Bankruptcy Court correctly interpreted its Order when it stated that "To be

sure, the Order fixes the amount of the fee for the actions taken in conjunction with

6

the September 10, 2004 motion." The factual allegation in the complaint, which must be assumed true, is that the Defendant violated the September 10, 2004, Order.

The Complaint asserts that the Defendant charged more than the allowed fee for actions taken in conjunction with the September 10, 2004 motion.

## II.    Property of the estate does not govern Bankruptcy Court jurisdiction.

The Defendant misstates that law regarding Bankruptcy Court Jurisdiction. 28 U.S.C. § 1334(b) grants the District Court "original . . . jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." "Property of the estate" is not the relevant inquiry.

By Court Order dated April 25, 1985, the United States District Court for the Middle District of Alabama, entered a standing order referring all cases to the United States Bankruptcy Court for the Middle District of Alabama. Gen. Ord. of Ref.(Apr. 25,1985). The General Order is attached hereto as Exhibit 1. See also 28 U.S.C. § 157(a).

"Bankruptcy judges may hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgment . . . ." 28 U.S.C. § 157(b)(1).

A proceeding is core "if the proceeding is one that would arise only in bankruptcy". Whiting-Turner Contracting Co. v. Elec. Mach. Enters., 479 F.3d 791, 797 (11th Cir. 2007).

The complaint asserts only core matters. Saylor could not assert violation of the automatic stay, violation of Bankruptcy Court order or violations of other Bankruptcy Code provisions in any other court. As such, the complaint states causes of action that would arise only in Bankruptcy Court.

## III.    Saylor disputes portions of the Plaintiff's Statement of Facts.

With great liberty, the Defendant's "Statement of Facts" misstates and mischaracterizes

facts not in evidence.  To the contrary, the Plaintiff must prevail "unless the Plaintiff can prove no set of facts which would entitle him to relief."  (citations omitted) Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002)

The Defendant first admits that it forwarded a "loan payoff statement indicating that inspection fees, broker price opinions, legal fees and costs had been assessed to Debtor's mortgage loan."  Appellee brief at 2.  In a giant leap of faith, the Defendant alleges that it is "undisputed that SPS did not attempt to collect any of theses fees/charges from the Debtor."  Id.

In one breath, SPS states that certain fees "had been assessed" and then somehow finds that it did not attempt to collect these fees?  Black's Law Dictionary defines "assesses" to "impose", to "ascertain" to "fix the value of something."  Black's Law Dictionary, 106 (5th ed., West 1979).

A New York Bankruptcy Court went even further and held that a payoff statement was an attempt to collect a debt.  In re Sullivan, 2007 Bankr. LEXIS 1137, 21-22 (Bankr. D.N.Y. 2007) ("Hence, not only is [the Defendant] not entitled to collect those fees from the Debtor, but its attempt to do so in its Payoff Letter represents a willful violation of the automatic stay.  This Court finds that the inclusion of the "Bankruptcy Attorney Fees" in the Payoff Letter, especially when viewed in light of [the Defendant's] subsequent refusal to allow Debtor's closing to proceed absent payment of those fees, was a willful violation of the automatic stay.)

Here, the Defendant admits that it sent a payoff statement but tries to hide behind a blatantly false statement that "SPS did not attempt to collect" the fees.  Issues pertaining to whether the payoff statement is an attempt to collect a debt and whether the Defendant charged Saylor for the undisclosed fees are precisely the reason the Bankruptcy Court should be reversed. This argument is exactly why the "[t]his liberal and simplified "notice pleading" standard--which was adopted to focus litigation on the merits of a claim and which applies to all civil actions, with limited

8

exceptions--relies on liberal discovery rules and summary judgment motions to define disputed

facts and issues . . . ." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514  122 S. Ct. 992, 999,

152 L. Ed. 2d 1, 11, (U.S. 2002).

In a rather bazar twist, the Defendant complains that Saylor neither contacted SPS to

address the fees nor made any effort to remit the fees. Appellee Brf. at p. 2. Saylor filed a lawsuit

to address the fees. The lawsuit was notice of his dispute and his effort to prevent paying the fees.

And to make this tale even more fantastic, the Defendant complains that Saylor had to "gin up" a

fictitious lawsuit to recover illegal fees. It was Saylor who was charged in excess of $2,000 by the

Defendant for the privilege of filing bankruptcy. This excess $2,000 is in addition to the attorney

fees he has already paid. How dare Saylor complain that he has to pay an additional $2,000 for

some phantom bankruptcy fees.

For the time being, Saylor's claim must survive another day. He must be afforded every

factual inference in his favor and be permitted to go forward to discover the proof necessary to

prosecute his claims. Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992) ("We must read

the allegations of the complaint to include any theory on which the Plaintiffs may recover . . . .").

**IV.    All allegations in Saylor's Complaint are presumed true.**

In determining the viability of Saylor's complaint, the Court begins the process by assuming

as true all facts in Saylor's complaint. Franklin v. Gwinnett County Pub. Schs., 911 F.2d 617, 619

(11th Cir. 1990)("The facts alleged in a complaint are to be treated as true and construed in the

light most favorable to the Plaintiffs."); Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir.

2002)("A complaint should not be dismissed for failure to state a claim unless the Plaintiff can

prove no set of facts that would entitle him to relief.")

By summarily holding that the imposition of a charge on an existing mortgage account is not

an act to obtain possession of property, the Bankruptcy Court erred by misstating the law and

assuming facts not in evidence. To survive the 12(b)(6) Motion to Dismiss, Saylor's complaint must simply allege that the Defendant violated the automatic stay. In his complaint, Saylor pleads that SPS violated the automatic stay and the Bankruptcy Court must assume this fact as true. In a rather inauspicious ruling, however, the Bankruptcy Court finds that the charges are mere bookkeeping entries. The record does not support such conclusion that the entries were merely bookkeeping matters. The purpose of discovery is to allow the Plaintiff an opportunity to root out and set about proving his case. The Bankruptcy Court erred in assuming that the posting to the account was a "mere bookkeeping entry." The law regarding the 12(b)(6) standard demands the opposite result. That is, that the Defendant violated the automatic stay.

In an apparent attempt to confuse the Court, the Defendant introduces the notion of "internal documents." The complaint, however, does not allege that posting of charges to internal documents violated the stay. In fact, nowhere in the complaint does it mention internal documents. In its opening, the Defendant readily admits that it issued a "payoff statement." The payoff statement is then conveniently omitted through out the remainder of the brief.

The genesis of Saylor's complaint states that the Defendant violated the automatic stay by charging improper, unauthorized, and unapproved fees. The complaint does not state that the fees appeared only on internal documents. The notion of internal documents first appeared on the Defendant's brief in support of the motion to dismiss. The Bankruptcy Court incorrectly adopted the notion of internal documents as fact.

Now, the Defendant advances the "internal document" argument as if it were well know to the entire population. In reality, the "internal document" argument is a fiction. There is no evidence that the charges were limited to internal documents. It is the function of discovery to determine whether the charges were posted only to "internal documents." As to the basis of Saylor's complaint, the only analysis is that the Court assume as true that the Defendant exercised

control over estate property.  Even though the Defendant responded to the RESPA request, there were more documents other than "internal documents."  The Defendant's chief complaint is that it may have been caught in illegal activity when it provided a legal response to a United States law.

The word "internal" does not appear in the complaint.  The words transaction history do not appear in the complaint.  To simplify, the complaint states that the Defendant exercised control over estate property.  This fact must be assumed true.  If true, the complaint states a cause of action under 11 U.S.C. § 362.  The Defendant completely misstated both the facts and the violations contained in Saylor's complaint.

## V.    The plain language of 11 U.S.C. § 105 permits an independent  cause of action for violation of a Bankruptcy Court Order.

Section 105(a) states that "[n]o provision of this title . . . shall be construed to preclude the court from . . . taking any action . . . necessary . . . to enforce or implement court orders. . . ."  There is no dispute that the Defendant filed a motion for relief from stay on September 10, 2004.  There is also no dispute that Saylor and the Defendant entered into an agreement to resolve the Motion for Relief from Stay.  The agreement modified Saylor's Chapter 13 plan pursuant to 11 U.S.C. § 1329(b) and provided for payment of fees and costs through the Chapter 13 trustee.  The agreement was ratified by court order.  The fact in dispute, and spelled out plainly in the complaint, is that the Defendant charged fees in excess of that allowed by court order <u>for the filing and prosecution of the Motion for Relief from Stay</u>.

In the memorandum opinion dismissing the adversary proceeding, the Bankruptcy Court correctly interpreted its order by stating "[t]o be sure, the Order fixes the amount of the fee for the actions taken in conjunction with the September 10, 2004 motion."  Memo. Op. at 4.  The Plaintiff's complaint states that the Defendant violated the court order by hiding fees in excess of the fees allowed.

11

The Bankruptcy Court's memorandum opinion erroneously held that the complaint alleged that the Defendant charge fees for something else not associated with the Motion for Relief from Stay. The complaint unequivocally states that the Defendant charged additional undisclosed fees associated with the Motion for Relief from Stay. If true, which the facts must be assumed in Saylor's favor, the Plaintiff asserted contemptuous conduct for which there is redress under 11 U.S.C. § 105(a).

The Defendant strains to state that section 105 by itself does not create an independent cause of action. Saylor is not attempting to create a cause of action unrelated to the "provisions" of the Bankruptcy Court. Indeed, using the notice standard as allowed by the Federal Rules of Civil Procedure, Saylor's complaint clearly ties the violation of the consent order to the violation of the Bankruptcy Code.

The complaint states at paragraph 52 that "[t]he Plaintiff seeks to invoke the Courts inherent and statutory contempt powers pursuant to 11 U.S.C. § 105 to enforce the provisions of Title 11, to wit: the Consent Order modifying the Plaintiff's Chapter 13 plan dated October 14, 2004. The consent order modifying Saylor's Chapter 13 plan is specifically provide by statute. 11 U.S.C. §§ 1322(e), 1327, 1329(b).

The complaint asserts that an agreement was ratified by court order and that the Defendant violated the court order. These facts must be assumed true. The Bankruptcy Court's ratification of the agreement is clearly provided by statute. Id. Indeed, the Defendant concedes, at page 11 of the Appellee Brief, that the Bankruptcy Court has discretion to determine "whether a violation of [its] order has occurred. By dismissing the complaint, Saylor was not afforded the opportunity to prove that a violation occurred. The complaint alleges that the Defendant violated a court order, in contravention of 11 U.S.C. § 105, and the Bankruptcy Court summarily dismissed the complaint by finding facts that should be construed in favor of Saylor.

**VI.    The Bankruptcy Court has statutory contempt powers to carry out the provisions of Title 11 as it relates to other code sections.**

The Defendant further expands its theory by arguing that Saylor should have objected to the Defendant's claim rather than commence this adversary proceeding.  The Defendant's argument borders on the absurd.  The entire theme of the complaint is that the Defendant charged undisclosed and hidden fees.  How could Saylor object if he did not know about the fees?  In fact, the Defendant had two opportunities to disclose the fees, but did not do so in its proof of claims.  The Defendant makes Saylor's case.  By hiding the fees, the Defendant circumvents the bankruptcy process by prohibiting a debtor from objecting.

In a misstatement of law, the Defendant states that "[t]here is no remedy available to the Debtor under §§ 105 and 501 of the Bankruptcy Code.  In reality, nothing could be further from truth.  The cause of action arises under 11 U.S.C. § 105.  The plain meaning of section 105 allows the court to enter any order or judgement that is necessary or appropriate to carry out the provisions of Title 11.

> Section 105 includes "any type of order, whether injunctive, compensative or punitive, as long as it is 'necessary or appropriate to carry out the provisions of' the Bankruptcy Code." Hardy v. United States by & Through IRS (In re Hardy), 97 F.3d 1384, 1389 (11th Cir. 1996) citing  Jove Eng'g v. IRS, 92 F.3d 1539, 1554 (11th Cir. 1996)

The Defendant spends a great deal of time arguing that Saylor should have objected to the Defendant's claim.  In actuality, Saylor could not object to the fees because, by definition, the fees were hidden and undisclosed.  Section 501 deals with the filing of proofs of claim and section 502 specifies the Bankruptcy Court's authority for allowing proofs of claims.  If the Defendant discloses some fees and hides others, the Defendant violates the specifics and the spirit of the bankruptcy law by preventing Saylor from objecting to the proof of claims.  In a very thorough analysis of the issue pertaining to undisclosed fees, Judge Margret Mahoney held that

13

Creditors should not be able to assess fees to the account of a person in bankruptcy without the person's knowledge. A bankruptcy case's purpose is to allow a debtor to get out of financial trouble. At discharge, a debtor ought to be able to expect he or she has brought his or her secured debts current and wiped out all unsecured debts not paid through a plan. Undisclosed fees prevent a debtor from paying the fees in his or her plan-an option that should not be lost simply because a creditor chooses to not list the fee and expects to collect it later. Also, secured creditors should not be able to add unapproved attorneys fees to a debtor's account during a bankruptcy when no other creditor can receive fees without approval.

Slick v. Norwest Mortg. Inc., 2002 Bankr. LEXIS 772 (Bankr. D. Ala. 2002).

The Defendant makes much over the undersigned's misquote of section 501 and 502 in the Amended Complaint. The undersigned concedes that the complaint contains an incorrect statutory citation. ¶ 28, p. 4, Appellant's ex. P, Bankruptcy Docket Entry 17. The Defendant correctly points out that Count II of the Amended Complaint did not specify section 502. However, under the Federal Notice Pleadings, 11 U.S.C. § 502 is quoted verbatim in paragraph 28, at page 4 of the Amended Complaint. As such, the Defendant has notice of Saylor's assertions. The Defendant even points out how the undersigned in artfully drafted the complaint when it states that "the quoted language . . . is actually from § 502(a). . . ." Appellee brief at p. 12. The Supreme Court addressed this issue in holding that "[t]his liberal and simplified 'notice pleading' standard--which was adopted to focus litigation on the merits of a claim and which applies to all civil actions, with limited exceptions--relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514  122 S. Ct. 992, 999, 152 L. Ed. 2d 1, 11, (U.S. 2002) . The undersigned readily admits that the complaint should have been more artfully drafted. The fact remains, however, that the Defendant violated Bankruptcy Code "provisions" whether it be sections 501, 502 or both. 11 U.S.C. § 105(a) provides the remedy for violations of Bankruptcy Code "provisions."

11 U.S.C. § 501 allows a creditor to file a proof of claim. Section 501 is not the only

14

Bankruptcy Code section dealing with a mortgage servicer's mortgage arrearage claim. In fact, several Bankruptcy Code sections are implicated. 11 U.S.C. §§ 501, 502, 1322(b)(3) & (5), 1322(c) & (e), 1329(b). Central to this claim process is the notion that the mortgage servicer creditor will file an arrearage claim for all of the past due amount.

In the instant case, the Defendant mortgage servicer, not only filed a pre-petition claim, but also filed a post-petition claim based on a post-petition default. It stands to reason that a Chapter 13 debtor will assume that he has a clear field as to the actual amount that is due and will enjoy the full benefit of his discharge. Apparently the Defendant believes otherwise.

Saylor discovered that fees, far in excess of those disclosed to him, were charged to his mortgage loan. If the Defendant disclosed all of the fees, Saylor could object. The Defendant, however, believes that Saylor should have objected anyway even though the fees were hidden and undisclosed. Certainly Congress, in enacting section 105, empowered the Bankruptcy Court to sanction a mortgage servicer for shenanigans such as is demonstrated here.

The Defendant seems hung up on the fact that the complaint cites section 105 coupled with section 501. Indeed, there appears to be no reported decision stating that a cause of action exists under section 501. This argument misses the central theme of the complaint. That is, the Defendant, unbeknownst to the Plaintiff, charged hidden attorney fees and other types of charges, far in excess of that disclosed in two proof of claims. Section 501 allows a creditor to file a proof of claim. The Defendant chose to participate in the process. Section 501 and 502 assumes the Defendant will disclose the specific default. The Defendant did not disclose all the fees and thereby subjected itself to the Bankruptcy Court contempt powers.

As admitted by the undersigned, the complaint should have gone into greater detail in citing all relevant code sections. However, basic notice pleading alerts the Defendant to two central themes. First, Saylor asserts that the Defendant charged fees that were not disclosed in two proof

15

of claims. The Defendant could have disclosed the fees and should have disclosed the fee, but chose not to do so. Second, the complaint points to a violation of a court order. Unfortunately, Saylor never had an opportunity to prove the violation because the Bankruptcy Court incorrectly found that there was no violation.

**VII.    The acts complained of by Saylor, fit squarely within the Eleventh Circuit Decision of Telfair v. First Union Mortgage , 216 F.3d 1333, (11th Cir. 2000).**

Although the instant case is in its infant stages, the the Eleventh Circuit Decision of Telfair v. First Union Mortg. Corp., 216 F.3d 1333, (11th Cir. 2000), provides guidance as to the direction with which this case should ultimately travel. The Defendant would have this Honorable Court hold that Telfair is a bar to a stay violation. In reality, several of the charges occurred prior to confirmation where, according to Telfair, all of the property remained property of the bankruptcy estates.

Additionally, as it relates to section 506, the Defendant cannot "cherry pick" the fees it decides to include in the proof of claim and simply omit other fees. Judge Mahoney addressed this argument in Slick where she harmonized her decision with the Telfair decision. Slick v. Norwest Mortg. Inc. 2002 Bankr. LEXIS 772 (Bankr. D. Ala. 2002)(Section 506( b) "clearly includes attorneys fees as part of a creditor's secured claim as made clear in Rake v. Wade, [citations omitted] and Telfair [citations omitted]. If the fee is not listed, the debtor has no way to know it exists. If the debtor does not know it exists, it cannot be a part of the secured claim.") The Slick decision goes on to state that the mortgage servicer "cannot decide for the debtor what arrearage or costs the debtor may pay in his or her plan and what arrearages he may not pay in his plan by picking and choosing which § 506( b) costs to disclose." Id.

As stated in his complaint, Saylor took issue with the Defendant charging hidden fees and failing to disclose the fees in two separate proof of claims. Def.'s Compl. ¶¶ 42 - 43. The

Defendant was put on notice of these assertions where Saylor pled the following:

> "The Defendant filed two proofs of claims that purport to contain all arrears the Plaintiff owes the Defendant as of the claim date." Id. at ¶ 42.

> In reality, the Defendant charged hidden and unknown legal fees, costs and other fees, that were never disclosed in the proof of claim and to which it was not entitled pursuant to 11 U.S.C. § 506. Id. at ¶ 43.

Section 501(a) states that an "allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim. . . ." The Defendant, by filing two separate proof of claims, was certifying that the amounts in the proof of claims represented the total amount past due on the mortgage. Saylor filed his complaint asserting otherwise. The Defendant, in violation of various Bankruptcy Code provisions, charged hidden and undisclosed amounts far in excess of the allowed amount.

Unlike Telfair, the Defendant here requested and received an award of pre-petition and post-petition attorney fees. In Telfair, "the attorney's fees that First Union sought were not part of its secured claim; they arose apart from the plan and after confirmation." Telfair v. First Union Mortg. Corp., 216 F.3d 1333, 1339 (11th Cir. 2000).

One of Saylor's main beefs is not the fact of the attorney fees. Rather, the Defendant double dips and does not disclose the existence of additional attorney fees. If it had, Saylor could object to the fees. To dismiss this complaint is to prohibit Saylor from discovering the origination of these additional fees that were not disclosed in the proof of claims.

By implicitly recognizing that a potential for abuse existed in the context of home mortgages, the Eleventh Circuit cited 11 U.S.C. § 1322 as providing "further protection to homeowners" as it pertains to post-petition fees. Telfair 216 F.3d at 1339, note 11. ("Section 1322, which also governs post-confirmation awards of interest or fees, provides further protection to homeowners and homestead lenders.").

17

11 U.S.C. § 1322(e) is especially helpful in that it addresses the situation where a debtor proposes to cure a default on a home mortgage. In finding additional protection in section 1322, certainly the Telfair court was mindful that debtors would file chapter 13 to cure mortgage arrears. 11 U.S.C. § 1322(e) provides that "if it is proposed in a plan to cure a default, the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1322(e).

All along, the Defendant argues that this lawsuit should be strictly a state law cause of action. In reality, Congress set forth a clear mandate that Bankruptcy Courts determine "the amount necessary to cure the default[s] . . . in accordance with the underlying agreement . . . ." Id. If the Defendant hides the fees constituting a default, how is the Bankruptcy Court able to determine "the amount necessary to cure the default"? Id.

The Defendant also evidenced its knowledge of the Bankruptcy Code by disclosing some attorney fees in its pre-petition proof of claim and requesting and receiving attorney fees in its post-petition proof of claim. Appellant's exhibits "F" and "G." This begs the question, if the Defendant knew of a requirement to obtain court approval for attorney fees, why does it believe it may also charge Saylor, outside of Bankruptcy Court supervision, for unknown, undisclosed and unapproved fees? And, why isn't the failure to disclose such fees within the purview of the Bankruptcy Court's contempt powers?

The Defendant also fails to distinguish between post-petition undisclosed and hidden fees versus pre-confirmation undisclosed and hidden fees. By using the Telfair decision to cast doubt on the complaint, the Defendant neglects to mention that property of the estate is all encompassing prior to confirmation. Indeed, there are three undisclosed and hidden charges that were charged to Saylor prior to confirmation. The Court must be mindful that the three charges were in addition to those disclosed in the Defendant's first proof of claim. Again, the Defendant attempts to pick and

choose which fees to disclose.  There is no doubt that the plan was originally confirmed on September 20, 2002.  The complaint, in complete contrast to the Defendant's assertion, pleads that two post-petition pre-confirmation charges were tacked on Saylor's mortgage.  Saylor Amend. Compl., ¶ 18,.  Furthermore, the Defendant charged an additional $456 attorney fee three days after confirmation.  Id.  The complaint asserts that the $456 was a charge in violation of the automatic stay and Saylor is entitled to this presumption until the defense proves otherwise.

It is not beyond the realm of possibility that the Defendant, well aware of the Telfair decision manipulated the charge to appear three days after confirmation.  It is also possible that the $456 charge occurred prior to confirmation.  The defense falls apart at this point, however, because the Defendant filed a post-petition proof of claim that neglected to mention the $456 charge.

**VIII.    Even if the alleged transaction history is not an attempt to collect a debt, the Defendant took an affirmative step to collect the fees when it submitted the payoff statement.**

Although Saylor is entitled to a presumption of fact in his complaint, the Bankruptcy Court committed reversible error by assuming facts not in evidence.  Furthermore, the Plaintiff was entitled to a presumption in his favor.  The facts to which Saylor was entitled were that the Defendant violated the automatic stay, that the Defendant charged attorney fees in excess of those disclosed to the Bankruptcy Court and that the Defendant violated a Bankruptcy Court order.  If these facts are assumed true, then the Saylor is entitled to go forward with his complaint.

If the Bankruptcy Court looked beyond the pleadings, then Saylor was entitled to a further presumption in his favor in that  the un-objected documents attached to the brief would be "deemed admitted facts" and corroborated by extrinsic evidence.

19

## CONCLUSION

Try as it may, the Defendant cannot move past the overwhelming case law which provides that Saylor is entitled to discover evidence supporting his claims. Saylor's Complaint, clearly and concisely asserts that the Defendant violated the automatic stay, violated other provisions of the Bankruptcy Code and violated a prior court order. The remedy for violating the automatic stay is contained in 11 U.S.C. § 362(h). The remedy for violating Bankruptcy Court orders and violating other provisions of the Bankruptcy Code are contained in 11 U.S.C. § 105(a). By alleging these violations, this Honorable Court must assume the allegations as true. And, if true, the Bankruptcy Court order dismissing the adversary proceeding must be reversed.

Respectfully submitted,

David G. Poston
Attorney for Appellant
Brock & Stout
P.O. Drawer 311167
Enterprise, AL 36331
(334) 671-5555

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because, according to the word-processing system used to generate this brief, this brief contains 5284 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

David G. Poston

20

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon the Appellee, Select Portfolio Servicing, Inc., ℅ John David Collins, Esq., Thomas W. Thagard, III., Esq., Brian R. Walding, Esq., and Michael E. Bybee, Esq., Attorneys for Appellee, via U.S. mail, postage prepaid and fully addressed, or by electronic mail this 26th day of April, 2007.

David G. Poston, Esq.

FILED

APR 25 1985

JAMES M. JONES, CLERK
U.S. BANKRUPTCY COURT
MONTGOMERY, ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

FILED

APR 25 1985

THOMAS C. CAVER, CLERK
BY _____
DEPUTY CLERK

RECEIVED    GENERAL ORDER OF REFERENCE
              BANKRUPTCY MATTERS

'85 APR 25  PM 1 40

    The Bankruptcy Amendments and Federal Judgeship Act of 1984 was enacted by Congress on June 29, 1984, and subsequently signed by the President of the United States on July 10, 1984. Now Mr. William E. Foley, Director of the Administrative Office of the United States Courts, has rescinded that portion of his memorandum dated July 11, 1984, regarding the authorization of salaries for Bankruptcy Judges and their staffs. See his memorandum of July 20, 1984. This rescission was approved by all members of the Executive Committee of the Judicial Conference except the Chief Justice and Judge Markey, who were unavailable.

    In accordance with Mr. Foley's memorandum of July 20, 1984, the persons who on June 27, 1984, were the Bankruptcy Judges of this District and members of their staffs have notified the Personnel Division of the Administrative Office that they have chosen to rely on Section 121 (28 U.S.C. 151) for the exercise of judicial authority.

    Since the Bankruptcy Reform Act of 1978 as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 is presumptively constitutional and no court of competent jurisdiction has declared otherwise, this Court is authorized to implement that Act. Therefore it is

    ORDERED, pursuant to the authority granted to this United States District Court by 28 U.S.C. 157(a), that all cases under title 11, United States Code, and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the Bankruptcy Judges for this District.

    It is further ORDERED that papers in all cases under title 11, United States Code, and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be filed with the the Clerk of the Bankruptcy Court for this District.

    Dated at Montgomery, Alabama this _25th_ day of April, 1985.

ATTEST A True Copy.
Certified To _____ 4-25, 85.
Thomas C. Caver
Clerk, U.S. District Court,
Middle District Of Alabama

BY _____
    Deputy Clerk

Truman M. Hobbs
Truman M. Hobbs
Chief Judge